## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:17-cv-02092-BAH<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendants United States Food and Drug Administration ("FDA") and the United States Department of Health and Human Services ("DHHS") (together, "Defendants") through their undersigned attorneys, hereby submit this answer to Plaintiffs' Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  FDA and DHHS specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants answer as follows:

**FIRST DEFENSE**

Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA or the Privacy Act, 5 U.S.C. §§ 552(b), 552a.

**SECOND DEFENSE**

As to some or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief may be granted under FOIA.

**THIRD DEFENSE**

Plaintiffs are not entitled to attorneys' fees or costs.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under 5 U.S.C. § 552.

**FIFTH DEFENSE**

FDA has exercised due diligence in processing Plaintiffs' FOIA requests, and exceptional circumstances exist that necessitate additional time to complete processing.

**SIXTH DEFENSE**

All proceedings with respect to Plaintiffs' FOIA requests should be stayed pending further order of this Court to be issued after the FOIA requests reach, in the normal course of business, the front of the processing queue to which they are assigned. *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 606 (D.C. Cir. 1976).

**SEVENTH DEFENSE**

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

## DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendants admit, deny, and otherwise aver as follows.  Any allegations not specifically admitted herein are hereby denied.

## INTRODUCTION[1]

1.      Defendants admit that Plaintiffs Judge Rotenberg Educational Center, Inc. ("JRC"), the J.R.C. Parents and Friends Association, Inc. ("Parents Association"), and Paul E. Peterson, Ph.D. ("Dr. Peterson") (collectively, "Plaintiffs") brought this action under the FOIA, 5 U.S.C. § 552, against Defendants FDA and DHHS.  Defendants deny the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

2.      The allegations in Paragraph 2 state a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendants admit that this Court has jurisdiction over proper FOIA actions.

3.      The allegations in Paragraph 3 state a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendants admit that venue is proper in this District.

## PARTIES

4.      Defendants admit that Michael P. Flammia, Esq., submitted a letter dated December 27, 2016, to FDA's Chief Counsel on behalf of JRC and that FDA treated a portion of the letter as a FOIA request.  Defendants further admit that that FOIA request, numbered 2017-1440 by FDA, is one of the FOIA requests at issue in this action.  Defendants lack knowledge

---

[1] Where Defendants have included the headings from the Complaint, we have done so merely for ease of reference.  By including those headings, Defendants do not admit the accuracy of those headings.

and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4; this statement has the effect of a denial.

5.     Defendants admit that Max D. Stern, Esq., submitted a letter dated February 27, 2017, to FDA's Chief Counsel on behalf of the Parents Association.  Defendants further admit that Mr. Stern's letter incorporated by reference Mr. Flammia's December 27, 2016, letter, which was referenced in Paragraph 4 of Plaintiffs' Complaint. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5; this statement has the effect of a denial.

6.     Defendants admit that Paul E. Peterson submitted FOIA requests to FDA, dated July 19, 2017, and August 23, 2017.  Defendants admit that those FOIA requests are the subject of this action.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6; this statement has the effect of a denial.

7.     Defendants admit that FDA is an agency within DHHS and that FDA possesses records responsive to portions of Plaintiffs' FOIA request. Except as so expressly admitted, Defendants otherwise deny the allegations of Paragraph 7.

8.     Defendants admit that DHHS is an executive department within the United States Government and that it is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Defendants admit that FDA is an agency within DHHS and that FDA possesses records responsive to portions of Plaintiffs' FOIA request.  Except as so expressly admitted, Defendants otherwise deny the allegations of Paragraph 8.

## COUNT I: FOIA VIOLATION

### LEGAL STANDARD

9.      The allegations in Paragraph 9 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 9 contains Plaintiffs' characterization about 5 U.S.C. § 552(a)(3)(A) and aver that the statute itself is the best evidence of its contents.  Defendants admit only that the Complaint references the statute. Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 10 contains Plaintiffs' characterization about 5 U.S.C. § 552(a)(6)(A)(i) and aver that the statute itself is the best evidence of its contents.  Defendants admit only that the Complaint references the statute. Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 11 contains Plaintiffs' characterization about 5 U.S.C. § 552(a)(6)(B) and aver that the statute itself is the best evidence of its contents.  Defendants admit only that the Complaint references the statute. Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 12 contains Plaintiffs' characterization about 5 U.S.C. § 552(a)(6)(C)(i) and aver that the statute itself is the best evidence of its contents.  Defendants admit only that the Complaint references the statute. Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 13 contains Plaintiffs' characterization about 21 C.F.R. §§ 20.41(b) and 20.49(c) and aver that the

regulations themselves are the best evidence of their contents.  Defendants admit only that the Complaint references the regulations.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 14 contains Plaintiffs' characterization about 45 C.F.R. § 5.28 and aver that the regulation itself is the best evidence of its contents.  Defendants admit only that the Complaint references the regulation. Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 15 contains Plaintiffs' characterization about 45 C.F.R. § 5.24(f) and aver that the regulation itself is the best evidence of its contents.  Defendants admit only that the Complaint references the regulation. Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 15.

FACTUAL BACKGROUND

*THE PROPOSED BAN*

16.     Defendants admit that on April 25, 2016, FDA published "Banned Devices; Proposal to Ban Electrical Stimulation Devices Used to Treat Self-Injurious or Aggressive Behavior" ("Proposed Ban") in the Federal Register.  81 Fed. Reg. 24386 (Apr. 25, 2016).  The remainder of Paragraph 16 contains Plaintiffs' characterizations of the Federal Register notice. Defendants aver that the Federal Register notice itself is the best evidence of its contents.  Except as so expressly admitted, Defendants deny the remainder of the allegations in Paragraph 16.

17.     Paragraph 17 contains Plaintiffs' characterization about the Proposed Ban. Defendants aver that the Proposed Ban, as published in the Federal Register, itself is the best

evidence of its contents.  Defendants admit only that the Complaint references the Proposed Ban.

Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 17.

18.     Paragraph 18 contains Plaintiffs' characterization about the Proposed Ban.

Defendants aver that the Proposed Ban, as published in the Federal Register, itself is the best

evidence of its contents.  Defendants admit only that the Complaint references the Proposed Ban.

Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 18.

19.     Paragraph 19 contains Plaintiffs' characterization about the Proposed Ban.

Defendants aver that the Proposed Ban, as published in the Federal Register, itself is the best

evidence of its contents.  Defendants admit only that the Complaint references the Proposed Ban

and that the Disability Law Center submitted a comment that contained an expert affidavit.

Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 19.  By

way of further answer, Defendants aver that Plaintiffs' request for the expert affidavit related to

the Disability Law Center's comment is among the requests at issue in this litigation and is being

processed by FDA.

20.     Defendants admit that FDA has records concerning FDA's Proposed Ban and

JRC's Graduated Electronic Decelerator ("GED") and that some of these records are responsive

to Plaintiffs' FOIA requests.   Except as so expressly admitted, Defendants otherwise deny the

allegations in Paragraph 20.

21.     The allegations in Paragraph 21 state a legal conclusion to which no response is

required.  To the extent that a response is required, Defendants admit that Paragraph 21 contains

Plaintiffs' interpretation of administrative regulations for promulgation of a final rule and aver

that the regulations themselves are the best evidence of their contents.  Except as so expressly

admitted, Defendants otherwise deny the allegations in Paragraph 21.  By way of further answer,

Defendants note that the law requires that, unless good cause is found, publication of a final rule must be made not less than 30 days before its effective date.  5 U.S.C. § 553(d); 21 C.F.R. § 10.40(c)(4).

## THE FIRST FOIA REQUESTS

22.     Defendants admit the allegations in Paragraph 22.  Defendants further admit the authenticity of Exhibits A-1, A-2, A-3, A-4, A-5, and A-6 to Plaintiffs' Complaint.

23.     Paragraph 23 contains Plaintiffs' characterization about the six FOIA requests submitted by Dr. Peterson (the "First FOIA Requests").  Defendants aver that the First FOIA Requests are the best evidence of their contents.  Defendants admit only that the Complaint refers to the First FOIA Requests.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 23.

24.     Paragraph 24 contains Plaintiffs' characterization about the First FOIA Requests.  Defendants aver that the First FOIA Requests are the best evidence of their contents.  Defendants admit only that the Complaint refers to the First FOIA Requests.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 24.

25.     Defendants admit that attorney Max D. Stern submitted a letter dated August 15, 2016 to FDA.  Defendants further admit the authenticity of Exhibit B to Plaintiffs' Complaint.  The remainder of Paragraph 25 contains Plaintiffs' characterization about Mr. Stern's August 15, 2016 letter.  Defendants aver that the August 15, 2016 letter is the best evidence of its contents.  Defendants admit only that the Complaint refers to the August 15, 2016 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 25.

26.     Defendants admit that FDA acknowledged receipt of the First FOIA Requests, docketed as FOIA request number 2016-7308, by letter to Dr. Peterson dated September 2, 2016.

Defendants further admit the authenticity of Exhibit C to Plaintiffs' Complaint.  The remainder of Paragraph 26 contains Plaintiffs' characterization about FDA's September 2, 2016 letter and legal conclusions about the significance of that letter.  Defendants aver that the September 2, 2016 letter is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the September 2, 2016 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 26.

27.     Defendants admit that FDA's Division of Freedom of Information ("DFOI") issued a partial response, consisting of twenty-three pages, to the First FOIA Requests by letter dated September 7, 2016.  Defendants further admit that FDA redacted some information from thirteen pages of the records produced on September 7, 2016 under 5 U.S.C. § 552(b)(4) (confidential commercial information).  Defendants further admit the authenticity of Exhibit D to Plaintiffs' Complaint.  The remainder of Paragraph 27 contains Plaintiffs' characterizations about FDA's September 7, 2016 letter and production and legal conclusions about the significance of that letter and production.  Defendants aver that the September 7, 2016 letter and production are the best evidence of their contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the September 7, 2016 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 27.

28.     Defendants admit that FDA's Office of Executive Secretariat ("OES") issued a partial response to the First FOIA Requests by email dated September 28, 2016.  Defendants further admit the authenticity of the September 28, 2016 email message and attachments from Celeste Smith to Paul Peterson contained in Exhibit E to Plaintiffs' Complaint.  Defendants lack

knowledge and information sufficient to form a belief as to the authenticity of the email sent from Paul Peterson to Devorah Levine on October 6, 2017, which email is also contained in Exhibit E; this statement has the effect of a denial.  The remainder of Paragraph 28 contains Plaintiffs' characterizations about OES's September 28, 2016 production and legal conclusions about the significance of that production.  Defendants aver that the September 28, 2016 production is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the September 28, 2016 email.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 28.

29.     Defendants admit that OES's September 28, 2016 production consisted of fifty-one pages of records.  Defendants admit that OES redacted some information from the records produced on September 28, 2016.  Defendants admit that four pages of OES's production contained information that was redacted pursuant to 5 U.S.C. § 552(b)(6) (personal privacy) and that thirty-eight pages were withheld in full pursuant to 5 U.S.C. § 552(b)(5) (deliberative process).  The remainder of Paragraph 29 contains Plaintiffs' characterizations about OES's September 28, 2016 production and legal conclusions about the significance of that production.  Defendants aver that the September 28, 2016 production is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the September 28, 2016 email.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 29.

30.     Defendants admit that as of the date of the Complaint, approximately 308 working days had elapsed since Dr. Peterson submitted his First FOIA Requests.  Defendants further admit that they had produced approximately seventy-four pages of records to Dr.

Peterson, some of which contained redactions pursuant to 5 U.S.C. § 552(b).  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 33.

*THE SECOND FOIA REQUEST*

34.     Defendants admit the allegations in Paragraph 34.  Defendants further admit the authenticity of Exhibit F to Plaintiffs' Complaint.

35.     Paragraph 35 contains Plaintiffs' characterization about Dr. Peterson's August 23, 2016 FOIA request (the "Second FOIA Request").  Defendants aver that the Second FOIA Request is the best evidence of its contents.  Defendants admit only that the Complaint references the Second FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 35.

36.     Paragraph 36 contains Plaintiffs' characterization about the Second FOIA Request.  Defendants aver that the Second FOIA Request is the best evidence of its contents.

-11-

Defendants admit only that the Complaint references the Second FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 36.

37.     Defendants admit that DHHS acknowledged receipt of the Second FOIA Request, docketed as FOIA request number 2016-7184, by letter to Dr. Peterson dated September 1, 2016. Defendants further admit the authenticity of Exhibit G to Plaintiffs' Complaint.  The remainder of Paragraph 37 contains Plaintiffs' characterization about DHHS's September 1, 2016 letter and aver that the September 1, 2016 letter is the best evidence of its contents.  Defendants admit only that the Complaint quotes language from the September 1, 2016 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 37.

38.     Defendants admit that DHHS's September 1, 2016 letter did not include any records.  By way of further answer, DHHS's Immediate Office of the Secretary sent an additional letter to Mr. Peterson dated September 7, 2016, indicating that it conducted a search within the Immediate Office of the Secretary and found "no records responsive to [the Second FOIA Request]."  The remainder of Paragraph 38 contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit only that the Complaint quotes language from the regulation.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 38..

39.     The allegations in Paragraph 39 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 40.

41.     Defendants admit that FDA's OES issued a partial response to the Second FOIA Request by email dated September 28, 2016.  The remainder of Paragraph 41 contains Plaintiffs' characterizations about OES's September 28, 2016 production and legal conclusions about the significance of that production.  Defendants aver that the September 28, 2016 production is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the September 28, 2016 production.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 41.

42.     Defendants admit that OES's September 28, 2016 production consisted of two pages of records. Defendants admit that OES redacted some information from one page of the records produced on September 28, 2016 pursuant to 5 U.S.C. § 552(b)(5) (deliberative process). The remainder of Paragraph 42 contains Plaintiffs' characterizations about OES's September 28, 2016 production and legal conclusions about the significance of that production.  Defendants aver that the September 28, 2016 production is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the September 28, 2016 production.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 42.

43.     Defendants admit that as of the date of the Complaint, approximately 283 working days had elapsed since Dr. Peterson submitted his Second FOIA Request.  Defendants further admit that they had produced approximately two pages of records to Dr. Peterson, one page of which contained redactions pursuant to 5 U.S.C. § 552(b)(5).  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 46.

*THE THIRD FOIA REQUEST*

47.     Defendants admit the allegations in Paragraph 47.  Defendants further admit the authenticity of Exhibit H to Plaintiffs' Complaint.

48.     Paragraph 48 contains Plaintiffs' characterization about Dr. Peterson's August 23, 2016 FOIA request (the "Third FOIA Request").  Defendants aver that the Third FOIA Request is the best evidence of its contents.  Defendants admit only that the Complaint references the Third FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 48.

49.     Paragraph 49 contains Plaintiffs' characterization about the Third FOIA Request. Defendants aver that the Third FOIA Request is the best evidence of its contents.  Defendants admit only that the Complaint references the Third FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 49.

50.     Defendants admit that FDA acknowledged receipt of the Third FOIA Request, docketed as FOIA request number 2016-7106, by letter to Dr. Peterson dated August 29, 2016.

-14-

Defendants further admit the authenticity of Exhibit I to Plaintiffs' Complaint.  The remainder of Paragraph 50 contains Plaintiffs' characterization about FDA's August 29, 2016 letter and legal conclusions about the significance of that letter.  Defendants aver that the August 29, 2016 letter is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint refers to the August 29, 2016 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 50.

51.     Defendants admit that as of the date of the Complaint, approximately 283 working days had elapsed since Dr. Peterson submitted his Third FOIA Request.  Defendants further admit that as of the date of the Complaint, FDA had not produced any records to Dr. Peterson in response to the Third FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 54.

*THE FOURTH FOIA REQUEST*

55.     Defendants admit that Michael P. Flammia, Esq., submitted a letter dated December 27, 2016, to FDA's Chief Counsel on behalf of JRC and that FDA treated a portion of the letter as a FOIA request ("Fourth FOIA Request").  Defendants further admit the authenticity of Exhibit J to Plaintiffs' Complaint.  The remainder of Paragraph 55 contains Plaintiffs' characterization about the letter containing the Fourth FOIA Request and aver that the letter containing the Fourth FOIA Request is the best evidence of its contents.  Defendants admit only that the Complaint references the letter containing the Fourth FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 55.

56.     Defendants admit that on February 3, 2017, Elizabeth Dickinson, then-Chief Counsel of FDA, sent an email to Mr. Flammia acknowledging Mr. Flammia's December 27, 2017 letter.  Defendants further admit that Ms. Dickinson's February 3, 2017 email did not include any records responsive to the Fourth FOIA Request.  Defendants further admit the authenticity of Exhibit K to Plaintiffs' Complaint.  The remainder of Paragraph 56 contains Plaintiffs' characterization about Ms. Dickinson's February 3, 2017 email and legal conclusions about the significance of that letter.  Defendants aver that the email is the best evidence of its contents and that no response to the legal conclusions is required.  To the extent that a response is required, Defendants admit only that the Complaint quotes language from the February 3, 2017 letter.   Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 56.

57.     Defendants admit that FDA acknowledged receipt of the Fourth FOIA Request, docketed as FOIA request number 2017-1440, by letter to Mr. Flammia, et al., dated February 15, 2017.  Defendants further admit that FDA's February 15, 2017 letter did not include any records responsive to the Fourth FOIA Request.  Defendants further admit the authenticity of

Exhibit L to Plaintiffs' Complaint.  The remainder of Paragraph 57 contains Plaintiffs'

characterization about FDA's February 15, 2017 letter and legal conclusions about the

significance of that letter.  Defendants aver that the February 15, 2017 letter is the best evidence

of its contents and that no response to the legal conclusions is required.  To the extent that a

response is required, Defendants admit only that the Complaint quotes language from the

February 15, 2017 letter.  Except as so expressly admitted, Defendants otherwise deny the

allegations in Paragraph 57.

58.     Defendants admit that Mr. Stern sent a letter dated February 27, 2017 on behalf of

the Parent Association to Elizabeth Dickinson, then-Chief Counsel of FDA.  Defendants further

admit that Mr. Stern's February 27, 2017 letter purports to incorporate by reference JRC's

December 27, 2016 letter to Ms. Dickinson.  Defendants further admit the authenticity of Exhibit

M to Plaintiffs' Complaint.  The remainder of Paragraph 58 contains Plaintiffs' characterization

about Mr. Stern's February 27, 2017 letter and legal conclusions about the significance of that

letter.  Defendants aver that the letter is the best evidence of its contents and that no response to

the legal conclusions is required.  To the extent that a response is required, Defendants admit

only that the Complaint references the February 27, 2017 letter.  Except as so expressly admitted,

Defendants otherwise deny the allegations in Paragraph 58.

59.     Defendants admit that Mr. Flammia sent a letter dated March 6, 2017, on behalf

of JRC to FDA's DFOI.  Defendants further admit the authenticity of Exhibit N to Plaintiffs'

Complaint.  The remainder of Paragraph 59 contains Plaintiffs' characterizations about Mr.

Flammia's March 6, 2017 letter.  Defendants aver that the March 6, 2017 letter is the best

evidence of its contents.  To the extent that a response is required, Defendants admit only that the

Complaint quotes language from the March 6, 2017 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 59.

60.     Defendants admit that Mr. Flammia sent a letter dated March 24, 2017, on behalf of JRC to Elizabeth Dickinson, then-Chief Counsel of FDA.  Defendants further admit the authenticity of Exhibit O to Plaintiffs' Complaint.  The remainder of Paragraph 60 contains Plaintiffs' characterizations about Mr. Flammia's March 24, 2017 letter.  Defendants aver that the March 24, 2017 letter is the best evidence of its contents.  To the extent that a response is required, Defendants admit only that the Complaint references the March 24, 2017 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 60.

61.     Defendants admit that as of the date of the Complaint, approximately 198 working days had elapsed since Mr. Flammia submitted the Fourth FOIA Request.  Defendants further admit that as of the date of the Complaint, FDA had not produced any records to JRC or the Parents Association in response to the Third FOIA Request.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 64.

*COMMUNICATIONS BETWEEN PLAINTIFFS AND FDA ABOUT THE FOIA REQUESTS*

65.     Defendants admit the allegations in Paragraph 65.  By way of further answer, Ms. Kotler is Director of FDA's DFOI, and the conversation referenced in Paragraph 65 took place in the context of discussions about Plaintiffs' FOIA requests and their requests for expedited processing thereof.

66.     Defendants admit that Mr. Flammia sent a letter dated April 13, 2017, to Sarah Kotler, Director of FDA's DFOI.  Defendants further admit the authenticity of Exhibit P to Plaintiffs' Complaint.  The remainder of Paragraph 66 contains Plaintiffs' characterizations about Mr. Flammia's April 13, 2017 letter.  Defendants aver that the April 13, 2017 letter is the best evidence of its contents.  To the extent that a response is required, Defendants admit only that the Complaint references the April 13, 2017 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 66.

67.     Defendants admit that Mr. Stern sent a letter dated April 21, 2017, to Ms. Kotler. Defendants further admit the authenticity of Exhibit Q to Plaintiffs' Complaint.  The remainder of Paragraph 67 contains Plaintiffs' characterizations about Mr. Stern's April 21, 2017 letter and aver that the April 21, 2017 letter is the best evidence of its contents.  To the extent that a response is required, Defendants admit only that the Complaint references the April 21, 2017 letter.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 67.

68.     Defendants admit the allegations in Paragraph 68.  By way of further answer, Ms. Kotler is Director of FDA's DFOI, and the conversation referenced in Paragraph 68 took place in the context of discussions about Plaintiffs' FOIA requests and their requests for expedited processing thereof.

69.     Defendants admit that as of May 1, 2017, approximately 196 working days had elapsed since Dr. Peterson submitted the First FOIA Requests.  Defendants further admit that Ms. Kotler sent Mr. Flammia and Mr. Stern an email on May 1, 2017.  Defendants further admit the authenticity of Exhibit R to Plaintiffs' Complaint.

70.     Defendants admit that Ms. Kotler did not include any responsive records with her May 1, 2017 email to Mr. Flammia and Mr. Stern.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 70.

71.     Defendants admit that Ms. Kotler represented that FDA's DFOI and OES had already responded to the FOIA Requests.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 71.

72.     Defendants admit that Ms. Kotler did not include contact information for FDA's Office of the Chief Counsel ("OCC"), Center for Devices and Radiological Health, or Office of Regulatory Affairs ("ORA") with her May 1, 2017 email to Mr. Flammia and Mr. Stern.  By way of further answer, contact information for freedom of information points of contact within different FDA components is publicly available through FDA's website, https://www.fda.gov/RegulatoryInformation/FOI/WhotoContactAboutFOIA/default.htm.

73.     Defendants admit that Ms. Kotler did not include information about the status of ORA's processing of Plaintiff's FOIA requests with her May 1, 2017 email to Mr. Flammia and Mr. Stern.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 73.

74.     Defendants admit that as of the date of the Complaint, FDA's OCC had not produced any records in response to Plaintiffs' FOIA requests.  The remainder of Paragraph 74 contains Plaintiffs' characterizations about Ms. Kotler's May 1, 2017 email.  Defendants aver

that the May 1, 2017 email is the best evidence of its contents.  To the extent that a response is required, Defendants admit only that the Complaint references the May 1, 2017 email.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 74.

75.     Paragraph 75 contains Plaintiffs' characterizations about Ms. Kotler's May 1, 2017 email.  Defendants aver that the May 1, 2017 email is the best evidence of its contents.  To the extent that a response is required, Defendants admit only that the Complaint references the May 1, 2017 email.  Except as so expressly admitted, Defendants otherwise deny the allegations in Paragraph 75.

76.     Defendants admit the allegations in Paragraph 76.

77.     Defendants admit that as of the date of the Complaint, Plaintiffs had not received records responsive to their FOIA requests since September 28, 2016.

78.     The allegations in Paragraph 78 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 78.

Five paragraphs are contained in the section titled "Prayer for Relief," to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatever.

WHEREFORE, having fully answered the Complaint, Defendants submit that, upon

completion of the production and processing of Plaintiffs' requests, this action should be dismissed.

Dated:  November 20, 2017

                                          Respectfully submitted,


                                          JESSIE K. LIU, DC Bar #472845
                                          United States Attorney


                                          DANIEL F. VAN HORN, DC Bar #924092
                                          Chief, Civil Division


                                          By:_____/s/
                                            W. MARK NEBEKER, DC Bar #396739
                                          Assistant United States Attorney
                                          555 4th Street, N.W.
                                          Washington, DC  20530
                                          (202) 252-2536
                                          mark.nebeker@usdoj.gov

Of Counsel:

HEATHER FLICK
Acting General Counsel

REBECCA K. WOOD
Chief Counsel
Food and Drug Division

ANNAMARIE KEMPIC
Deputy Chief Counsel for Litigation

MICHAEL D. HELBING
Associate Chief Counsel, Litigation
U.S. Department of Health and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 29003
Tel.: (240) 402-6165