**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-02092-BAH |
| U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, | ) ) ) | |
| *Defendants*. | ) ) ) | |

**JOINT STATUS REPORT AND REQUEST TO EXTEND THE SCHEDULING ORDER**

Pursuant to the Court's March 29, 2018 Order in this matter, the parties, through their undersigned counsel, respectfully submit this Joint Status Report updating the Court as to the parties' progress in resolving areas of disagreement and Request to Extend the Scheduling Order by approximately one month to allow the parties to continue their progress in resolving areas of disagreement.

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and was brought by Plaintiffs, The Judge Rotenberg Educational Center, Inc. ("JRC"), the J.R.C. Parents and Friends Association, Inc. ("Parents Association"), and Paul E. Peterson, Ph.D. ("Dr. Peterson") (collectively, "Plaintiffs"), seeking access to certain records held by Defendants, U.S. Food and Drug Administration ("FDA") and U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants"). From July 19, 2016 through December 27, 2016, Plaintiffs submitted several FOIA requests to FDA. Plaintiffs seek from Defendants records concerning FDA's proposed rule, the Proposal To Ban Electrical Stimulation Devices Used To Treat Self-Injurious or Aggressive Behavior ("Proposed Ban"), 81 Fed. Reg. 24386, and records

concerning the Graduated Electronic Decelerator ("GED"), the electrical stimulation device ("ESD") that JRC uses to treat the self-injurious and aggressive behaviors of some of its patients.

As discussed in more detail below, since the parties' most recent filing to the Court on March 27, 2018, the parties have cooperated to make significant progress in resolving their differences, including many issues related to record searches and some issues related to referrals and redactions.  At the request of Plaintiffs, Defendants have agreed to undertake expanded searches for responsive records in several offices within FDA and HHS.  Those searches are currently underway, and record productions resulting from those searches have begun and are expected to continue.  As a result, and for the reasons discussed in more detail below, the parties respectfully request a one-month extension of time to allow Defendants to complete those searches and to allow the parties time to continue to work cooperatively to attempt to narrow the issues in this case.

**<u>Procedural History</u>**

Plaintiffs initiated this lawsuit on October 10, 2017, requesting that this Court enjoin Defendants from withholding the records requested in the FOIA requests pursuant to 5 U.S.C. § 552(a)(4)(B) [ECF No. 1].  Defendants answered on November 20, 2017 [ECF No. 8].  The parties submitted an abbreviated Joint Meet and Confer Report on December 4, 2017 [ECF No. 9], and an abbreviated Amended Joint Meet and Confer Report on December 6, 2017 [ECF No. 10].  On December 7, 2017, this Court ordered the parties to submit an additional meet and confer report and propose a briefing schedule.

On January 12, 2018, the parties submitted an abbreviated Supplemental Joint Meet and Confer Report, which included two different briefing schedules proposed by the parties [ECF No. 16].  In that Report, Defendants stated that all FDA components other than the Center for

Devices and Radiological Health ("CDRH"), including the Division of Freedom of Information ("DFOI"), the Office of the Executive Secretariat ("OES"), the Office of Chief Counsel ("OCC"), and the New England District Office ("NWE-DO"), had released all records responsive to Plaintiffs' FOIA requests [ECF No. 16 at 8].  Following a February 2, 2018 Status Conference, the Court issued a Scheduling Order providing, in part, that Defendants were to file a *Vaughn* index for any records withheld, in full or in part, by any of FDA's non-CDRH components by March 2, 2018, and that the parties were to file any dispositive motions concerning any issues arising from any response of any of FDA's non-CDRH components by April 2, 2018.

Defendants filed a *Vaughn* index on March 2, 2018.  On March 6, 2018, Plaintiffs received from Defendants a supplemental release of records from OCC, a non-CDRH FDA component, and a re-release of the records that Defendants had previously released to Plaintiffs with newly added bates numbers corresponding to Defendants' *Vaughn* index entries.

On March 14, 2018, after conducting a preliminary review of Defendants' *Vaughn* index and bates-numbered records, Plaintiffs sent Defendants a letter identifying several concerns about the responses of FDA's non-CDRH components to Plaintiffs' FOIA requests, including issues related to Defendants' searches for responsive records, redactions of responsive records, and referrals of responsive records to other agencies, and Plaintiffs suggested a conference call to discuss these issues.  Plaintiffs sent Defendants a follow-up email requesting a conference call about these issues on March 20, 2018.  Defendants provided preliminary responses to Plaintiffs' concerns by emails on March 20 and 22, 2018, and indicated their willingness to discuss these issues further by telephone.

The parties conferred on March 26, 2018.  During the call, the parties discussed Plaintiffs' concerns and Defendants' responses.  The parties also agreed to work together in good faith in an attempt to narrow any areas of disagreement.  On March 27, 2018, the parties filed a Joint Motion to Revise and Extend the Scheduling Order, wherein they requested additional time to resolve, without judicial intervention, some of the issues concerning Defendants' responses to Plaintiffs' FOIA requests [ECF No. 20].

The Court allowed that Motion on March 29, 2018.  The Court also amended its Scheduling Order, requiring the parties to file this Joint Status Report updating the Court as to the parties' progress in resolving any areas of disagreement by May 11, 2018.

**Recent Progress**

During the past month, the parties have consistently and cooperatively worked in good faith to narrow areas of disagreement.  The parties have held weekly conference calls and have engaged in frequent email correspondence.  The parties have made significant progress in resolving multiple issues, as described below.

**I.      Adequacy of Searches.**

In March and April 2018, Plaintiffs' counsel sent Defendants' counsel lists of specific concerns they had about Defendants' searches in this case.  Since that time, the parties have worked cooperatively to resolve their differences, and Defendants have agreed to perform additional searches for responsive records as discussed below.

        A.      FDA NWE-DO.  Plaintiffs expressed concerns about FDA's initial search of NWE-DO.  Defendants acknowledged Plaintiffs' concerns and agreed to conduct a further search of NWE-DO.  The further search is now complete, and Defendants are in the process of reviewing and redacting the responsive records.  FDA made an initial production of responsive

records to Plaintiffs on May 2, 2018.  Defendants expect to release a second production of the remaining responsive records to Plaintiffs by June 15, 2018, at which time Plaintiffs will begin reviewing the released records and evaluating the propriety of any withheld information.

B.       FDA Office of Regulatory Affairs ("ORA").  Plaintiffs were concerned that, other than its NWE-DO component, ORA had not been searched, since Sarah Kotler, Director of DFOI, had previously informed Plaintiffs' counsel that ORA likely held records responsive to Plaintiffs' FOIA requests [ECF No. 1 at 22-23], and since Defendants' *Vaughn* index cover letter identified seven employees of the Office of Enforcement and Import Operations ("OEIO") in ORA who appear in the records released by other components and who Plaintiffs thus contend hold responsive records [ECF No. 19-2 at 3].  Without admitting any deficiencies in its initial search, in an effort to work in good faith with Plaintiffs, Defendants have agreed to conduct a supplemental search for records responsive to Plaintiffs' FOIA requests held by the seven employees of OEIO in ORA who are identified in Defendants' *Vaughn* index cover letter. Although there is some uncertainty about timing because the search is ongoing, Defendants expect to release the responsive records to Plaintiffs by approximately July 2, 2018, at which time Plaintiffs will begin reviewing the released records and evaluating the propriety of any withheld information.

C.       FDA Office of the Commissioner ("OC").  Plaintiffs were concerned that OC, other than its OES and DFOI components, had not been searched, since one of Plaintiffs' FOIA requests specifically requested records held by OC [ECF No. 1-2], and since Defendants' *Vaughn* index cover letter identified twenty OC staff who appear in the records released by other components and who Plaintiffs thus contend hold responsive records [ECF No. 19-2 at 3]. Without admitting any deficiencies in its initial search, in an effort to work in good faith with

Plaintiffs, Defendants have agreed to conduct a supplemental search for records responsive to Plaintiffs' FOIA requests held by the twenty employees of the OC and its components who are identified in FDA's *Vaughn* index cover letter.  Although there is some uncertainty about timing because the search is ongoing, Defendants expect to release the responsive records to Plaintiffs by approximately July 2, 2018, at which time Plaintiffs will begin reviewing the released records and evaluating the propriety of any withheld information.

       D.       HHS Office of the Secretary ("OS").  Plaintiffs were concerned that HHS's OS had not been searched, since FDA immediately forwarded one of Plaintiffs' FOIA requests to OS to search for responsive records held by OS [ECF No. 1-12], and since Defendants' *Vaughn* index cover letter identified eight OS staff who appear in the records released by other components and who Plaintiffs thus contend held responsive records [ECF No. 19-2 at 3]. Without admitting any deficiencies in its initial search, in an effort to work in good faith with Plaintiffs, Defendants have agreed to conduct a supplemental search for records responsive to Plaintiffs' FOIA requests held by the eight employees of the OS who are identified in Defendants' *Vaughn* index cover letter.  Although there is some uncertainty about timing because the search is ongoing, Defendants expect to release the responsive records to Plaintiffs by approximately June 15, 2018, at which time Plaintiffs will begin reviewing the released records and evaluating the propriety of any withheld information.

       E.       HHS Administration for Community Living ("ACL").  Plaintiffs were concerned that HHS's ACL had not been searched, since Defendants' *Vaughn* index cover letter identified ACL staff who appear in the records released by other components, [ECF No. 19-2 at 3], and since Plaintiffs contend that those records demonstrate that ACL played a significant role in identifying purported experts and in locating and summarizing purported scientific literature on

the issue of ESDs used to treat self-injurious and aggressive behavior. Without admitting any deficiencies in its initial search, in an effort to work in good faith with Plaintiffs, Defendants have agreed to conduct a supplemental search for records responsive to Plaintiffs' FOIA requests held by employees of ACL who are identified in Defendants' *Vaughn* index cover letter. Although there is some uncertainty about timing because the search is ongoing, Defendants expect to release the responsive records to Plaintiffs by approximately July 2, 2018, at which time Plaintiffs will begin reviewing the released records and evaluating the propriety of any withheld information.

## II.    Records Referred to Other Agencies.

In March 2018, Plaintiffs' counsel sent Defendants' counsel a list of specific concerns they had about Defendants' referrals of responsive records to other agencies for release determinations in this case. Since that time, the parties have worked cooperatively to resolve their differences with respect to the records referred by FDA to HHS for release determinations, as discussed below.

A.    <u>HHS</u>. Plaintiffs were concerned about potential delays in the processing of the records that FDA referred to HHS for release determinations. Defendants previously informed Plaintiffs that HHS expected to release non-exempt referred records to Plaintiffs by March 30, 2018 [ECF No. 20 at 4]. On April 3, 2018, HHS released to Plaintiffs some of these records, but these records did not include bates numbers. Defense counsel then added bates numbers to these records to help Plaintiffs identify where these records fit into Defendants' earlier releases and agreed to provide justifications in the *Vaughn* index for any information withheld by HHS. Defendants expect to release to Plaintiffs the remainder of the records that FDA referred to HHS

for release determinations by May 18, 2018, at which time Plaintiffs will begin reviewing the released records and evaluating the propriety of any withheld information.

## III.   Redacted Records.

In March and April 2018, Plaintiffs' counsel sent Defendants' counsel lists of specific concerns they had about Defendants' redactions of responsive records in this case.  Since that time, the parties have worked cooperatively to resolve their differences with respect to Defendants' redactions of confidential commercial information in the released records, as discussed below.

A.      Confidential Commercial Information.  Plaintiffs were concerned about redactions in the released records intended to protect JRC's confidential commercial information under 5 U.S.C. § 552(b)(4).  On March 26, 2018, Defendants' counsel provided Plaintiffs' counsel with a template for a waiver that Plaintiffs could submit to allow FDA to release JRC's confidential commercial information to Plaintiffs.  Plaintiffs completed and submitted the waiver to FDA on April 5, 2018.  Defendants subsequently provided Plaintiffs with new versions of previously released records that do not include redactions of Plaintiffs' confidential commercial information.

The parties appreciate the Court's willingness to allow them the time to resolve the above issues without the necessity of motion practice.

## Opportunities for Future Cooperation

As discussed above, the parties have made significant progress in reducing the areas of disagreement between them since their last joint filing.  Defendants intend to produce, as expeditiously as possible, records found during the expanded searches discussed above.  The

parties expect it to take approximately an additional month and a half for Defendants to complete their search, review, redaction, and production of those records.

If allowed to continue to work cooperatively during that time, the parties intend to attempt to narrow their differences regarding other aspects of Defendants' productions. Specifically, the parties will discuss and attempt to resolve, or at least narrow, differences about information withheld pursuant to exemptions for the deliberative process privilege, attorney-client privilege, and work product doctrine under 5 U.S.C. § 552(b)(5), as well as for personal privacy protection under 5 U.S.C. § 552(b)(6).

### Request to Extend the Scheduling Order

As a result of the parties' cooperation, there are several searches pending in the government that may produce additional records responsive to Plaintiffs' requests. Productions resulting from those searches will occur as expeditiously as possible, but the parties expect that they will not be complete until approximately early July 2018. Further, the parties would like to continue working cooperatively in an attempt to narrow remaining differences about redactions to the records produced by Defendants. As a result, and for the good cause discussed in this Report, the parties respectfully request that the scheduling order be extended as follows.

Pursuant to the Court's March 29, 2018 amendment to the Scheduling Order, Defendants are currently scheduled to file an updated *Vaughn* index for all records produced, in full or in part, or withheld by all of FDA's non-CDRH components, as well as any dispositive motions concerning the responses by all of FDA's non-CDRH components to Plaintiffs' FOIA requests by June 8, 2018. If necessary, after reviewing Defendants' updated *Vaughn* index, Plaintiffs are scheduled to file any dispositive motions, cross-motions, and/or oppositions to Defendants' dispositive motions concerning the responses by all of FDA's non-CDRH components to

Plaintiffs' FOIA requests by July 13, 2018.  To the extent necessary, Defendants are scheduled to file any replies in support of their dispositive motions and/or oppositions to Plaintiffs' dispositive motions by August 17, 2018, and Plaintiffs are scheduled to file any replies in support of their dispositive motions by August 31, 2018.

The parties respectfully request that the schedule for the filing of dispositive motions with respect to the responses by all of FDA's non-CDRH components to Plaintiffs' FOIA requests be extended by approximately one month as follows:

   i.   By June 15, 2018, the parties shall file a Joint Status Report updating the Court on their progress in resolving areas of disagreement.

   ii.   By July 12, 2018, Defendants shall file any dispositive motions concerning the responses by all FDA components other than CDRH to Plaintiffs' FOIA requests.  At the same time, Defendants shall file an updated *Vaughn* index for all documents produced, in full or in part, or withheld by each FDA component other than CDRH.

   iii.   By August 10, 2018, Plaintiffs shall file any dispositive motions or cross-motions and/or any oppositions to Defendants' dispositive motions concerning the responses by all FDA components other than CDRH to Plaintiffs' FOIA requests.

   iv.   By September 7, 2018, Defendants shall file any replies in support of Defendants' dispositive motions and/or any oppositions to Plaintiffs' dispositive motions.

   v.   By September 21, 2018, Plaintiffs shall file any replies in support of Plaintiffs' dispositive motions.

The Court previously extended the parties' deadlines for the filing of dispositive motions in its March 29, 2018, amendment to the Scheduling Order.

Granting this request would directly affect the dispositive motion deadlines discussed in this Report, but it would have no effect on the other deadlines established by this Court in its February 2, 2018 Scheduling Order.  FDA intends to continue to produce records from CDRH every sixty days at a rate of 5,000 pages per month, and the parties intend to submit a Joint Status Report with every CDRH production after September 5, 2018.  CDRH's next (third) production is due to be made on June 29, 2018.

WHEREFORE, the parties respectfully request that this Court grant this request and amend the Scheduling Order in accordance herewith.

[This space is intentionally blank.]

Respectfully submitted,

The Judge Rotenberg Educational Center, Inc.
and Paul E. Peterson, Ph.D.,

  /s/ Edward J. Longosz, II
Edward J. Longosz, II (DC Bar No. 368932)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, Northwest, 12th Floor
Washington, DC 20006
T: (202) 659-6619
F: (202) 659-6699
elongosz@eckertseamans.com

  /s/ Michael P. Flammia
Michael P. Flammia (*Pro Hac Vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2 International Place, 16th Floor
Boston, MA 02110
T: (617) 342-6854
F: (617) 342-6899
mflammia@eckertseamans.com

The J.R.C. Parents and Friends Association, Inc.
and Paul E. Peterson, Ph.D.,

  /s/ Max D. Stern
Max D. Stern (*Pro Hac Vice*)
TODD & WELD, LLP
1 Federal Street
Boston, MA 02110
T: (617) 624-4712
F: (617) 227-5777
mdstern@toddweld.com

*Attorneys for Plaintiffs*

JESSIE K. LIU (DC Bar No. 472845)
United States Attorney

DANIEL F. VAN HORN (DC Bar No. 924092)
Chief, Civil Division

By:    /s/ W. Mark Nebeker
W. MARK NEBEKER (DC Bar No. 396739)
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
T: (202) 252-2536
mark.nebeker@usdoj.gov

Of Counsel:
ROBERT P. CHARROW
General Counsel

REBECCA K. WOOD
Chief Counsel
Food and Drug Division

PERHAM GORJI
Deputy Chief Counsel for Litigation

MICHAEL D. HELBING
Associate Chief Counsel, Litigation
U.S. Department of Health and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 29003
T: (240) 402-6165

*Attorneys for Defendants*

Dated: May 11, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed and served this 11th day of May, 2018 as follows:

W. Mark Nebeker, Esq.
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

/s/ Edward J. Longosz, II
Edward J. Longosz, II