UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:17-cv-02092 (BAH) |

## JOINT STATUS REPORT

Pursuant to the Court's February 2, 2018, February 21, 2019, and April 22, 2019 Orders in this matter, the parties, through their undersigned counsel, respectfully submit this Joint Status Report updating the Court as to: (1) the status of the ongoing production from the Center for Devices and Radiological Health ("CDRH") of Defendant U.S. Food and Drug Administration ("FDA"), and (2) the parties' negotiations to narrow the issues in dispute.

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and was brought by Plaintiffs, The Judge Rotenberg Educational Center, Inc. ("JRC"), the J.R.C. Parents and Friends Association, Inc. ("Parents Association"), and Paul E. Peterson, Ph.D. ("Dr. Peterson") (collectively, "Plaintiffs"), seeking access to records held by FDA and Defendant U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants") concerning FDA's proposed rule, the Proposal To Ban Electrical Stimulation Devices Used To Treat Self-Injurious or Aggressive Behavior, 81 Fed. Reg. 24386, and the Graduated Electronic Decelerator, the electrical stimulation device that JRC uses to treat the self-injurious and aggressive behaviors of some of its patients.

On February 2, 2018, this Court bifurcated the proceedings, separating those involving FDA's CDRH and any HHS components to which a referral has been made from those involving all other components of Defendants. [ECF Minute Order dated 02/02/2018.] By Orders dated February 2, 2018, and February 21, 2019, the Court ordered Defendants to produce records from FDA's CDRH and any HHS components to which a referral has been made every sixty days at a rate of 5,000 pages per month. [ECF Minute Orders dated 02/02/2018 and 02/21/2019.] The Court ordered the parties to submit joint status reports contemporaneously with each CDRH production advising the Court on the status of CDRH's production.

The Court recently entered an Order resolving the parties' cross-motions for partial summary judgment as to the productions by all non-CDRH components; that order has no necessary impact on the timeline of CDRH's productions. [ECF No. 38.] Pursuant to that Order, the parties filed a Joint Status Report on April 18, 2019, setting forth the progress that the parties had made to narrow the issues in dispute and proposing a schedule to govern further proceedings in this matter. [ECF No. 41.] In response, the Court ordered the parties to submit a joint status report advising the Court on the status of CDRH's production and the parties' negotiations to narrow the issues in dispute by May 30, 2019. [ECF Minute Order dated 04/22/2019.] Additional procedural history can be found in the parties' May 11, 2018, Joint Status Report and Request to Extend the Scheduling Order, [ECF No. 21 at 2-4], and in the parties' April 18, 2019, Joint Status Report, [ECF No. 41 at 2-4].

## Status of CDRH's Ongoing Production

The parties submit this Joint Status Report concurrently with CDRH's May 30, 2019, production to Plaintiffs. Defendants represent that CDRH is producing an additional 10,012 pages of responsive records, containing approximately 4,733 redactions. FDA's software shows

that of those redactions, approximately 3,379 are full-page redactions. Defendants represent that, in total, since the Court's February 2, 2018, Order, CDRH has produced to Plaintiffs 75,382 pages of records containing approximately 68,441 redactions. Of those redactions, FDA's software shows that there are approximately 27,455 full-page redactions. The algorithm used to determine whether or not a redaction is a full-page redaction is imprecise, due to natural variations across pages, which vary according to factors such as how much of the "page" the redaction covers (the full page vs. the text only), the size of the page (letter or legal, for instance), and whether the "page" is laid out in portrait or landscape mode. Thus, Defendants believe that they may have been over-inclusive in counting full-page redactions, but Defendants are confident that there are no more than 27,455 full-page redactions.

For the purpose of this Joint Status Report only, Plaintiffs accept Defendants' representations concerning the numbers of total and full-page redactions in CDRH's productions. However, Plaintiffs reserve their right to challenge Defendants' computer-generated numbers as under-inclusive if a manual count so reveals. Plaintiffs also reserve their right to object to CDRH's productions and to file a dispositive motion concerning CDRH's productions after CDRH completes its productions.

In the parties' April 1, 2019 Joint Status Report [ECF No. 40], CDRH estimated that there were approximately 17,000 unique pages left to be reviewed. Following this May 30, 2019 review and production, CDRH reports that there remain approximately 4,125 pages to review. CDRH anticipates making one more production – on or before July 29, 2019. The parties will file a joint status report with each subsequent production advising the Court of the status of CDRH's ongoing production. Pursuant to the Court's April 22, 2019 Order, the parties will file a joint status report with the July 29, 2019 production advising the Court of the status of CDRH's

production, updating the Court on the status of the parties' negotiations to narrow the issues in dispute, and proposing a schedule for any dispositive briefing.

## Status of the Parties' Negotiations

Since the Court's April 22, 2019 Order, the parties have conferred regularly by phone and email in a good faith effort to narrow the remaining issues concerning the productions by Defendants' components other than CDRH and the issues concerning the past and future productions by FDA's CDRH. Those amicable discussions have resulted in considerable progress toward narrowing the parties' disagreements about Defendants' withholdings in this case, as explained below.

As set forth in the parties' April 18, 2019 Joint Status Report, FDA produced to Plaintiffs, on April 15, 2019, records in which Defendants had previously withheld information only on the ground that it was non-responsive to Plaintiffs' FOIA requests. [ECF No. 41 at 5-6]. On May 3, 2019, counsel for Plaintiffs sent counsel for Defendants an email inquiring about certain records that Plaintiffs believed should have been included but were not included in the April 15, 2019 production. In response to that email, Defendants produced a revised set of records on May 23, 2019. Plaintiffs have not yet had a chance to review this revised production. Plaintiffs will review this revised production, and the parties will work in good faith to resolve any concerns that remain.

In addition, phone conversations between the parties on May 6 and 21, 2019, led to considerable progress related to Defendants' redactions pursuant to Exemption 6 of FOIA, 5 U.S.C. § 552(b)(6). Specifically, the parties have agreed that Plaintiffs will not contest redactions, pursuant to 5 U.S.C. § 552(b)(6), of the following categories of information:

1.) Meeting passcodes, with respect to both CDRH and non-CDRH productions;

2.) Telephone numbers, with respect to both CDRH and non-CDRH productions;

3.) Email addresses, but only if the sender(s) and/or recipient(s) of the emails are otherwise identified, with respect to both CDRH and non-CDRH productions;

4.) Personal information of low-level JRC employees who were JRC employees at the time the record was generated (except for any redactions of any information involving former JRC employee Gregory Miller), with respect to non-CDRH productions;

5.) Personal plans of Defendants' employees, with respect to non-CDRH productions; and

6.) Medical information of current and former JRC patients that was submitted to FDA by JRC, with respect to non-CDRH productions.

Further, the parties anticipate being able to reach an agreement with respect to CDRH productions on: (i) personal information of low-level JRC employees who were JRC employees at the time the record was generated (except for any redactions of any information involving former JRC employee Gregory Miller); (ii) personal plans of Defendants' employees; and (iii) medical information of current and former JRC patients that was submitted to FDA by JRC.

On May 6, 2019, Plaintiffs' counsel also sent an email to Defendants' counsel inquiring about a particular withholding pursuant to Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5). Defendants are reviewing the document and intend to respond to Plaintiffs' request as soon as possible.

The parties intend to continue to communicate by phone and email in an effort to narrow areas of disagreement about the following issues: (1) Defendants' redactions under 5 U.S.C. § 552(b)(5) pursuant to the deliberative process privilege; (2) Defendants' redactions under 5 U.S.C. § 552(b)(6) for personal privacy information that are not addressed by the agreement

discussed above; and (3) to the extent the parties are not able to resolve their disagreements related to redactions, the timing and contents of a revised *Vaughn* index for the non-CDRH productions and the timing and contents of a *Vaughn* index for the CDRH productions and a schedule for any dispositive briefing concerning both the non-CDRH productions and the CDRH productions. Consistent with this Court's April 22, 2019 Order [ECF Minute Order dated 04/22/2019], the parties will provide the Court with a status update on or before July 29, 2019.

Dated: May 30, 2019                    Respectfully submitted,

| | |
|---|---|
| The Judge Rotenberg Educational Center, Inc and Paul E. Peterson, Ph.D., | JESSIE K. LIU, DC Bar #472845<br>United States Attorney |
| /s/<br>Edward J. Longosz, II (DC Bar No. 368932)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>1717 Pennsylvania Avenue, Northwest, 12th Fl<br>Washington, DC 20006<br>T: (202) 659-6619<br>F: (202) 659-6699<br>elongosz@eckertseamans.com | DANIEL F. VAN HORN, DC Bar #924092<br>Chief, Civil Division<br><br>By:                                                     /s/<br>W. MARK NEBEKER, DC Bar #396739<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, DC  20530<br>(202) 252-2536<br>mark.nebeker@usdoj.gov |
| Michael P. Flammia (*Pro Hac Vice*)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>2 International Place, 16th Floor<br>Boston, MA 02110<br>T: (617) 342-6854<br>F: (617) 342-6899<br>mflammia@eckertseamans.com | |

The J.R.C. Parents and Friends Association, I
and Paul E. Peterson, Ph.D.,

Max D. Stern (*Pro Hac Vice*)
TODD & WELD, LLP
1 Federal Street
Boston, MA 02110
T: (617) 624-4712
F: (617) 227-5777
mdstern@toddweld.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Joint Status Report has been made through the Court's electronic transmission facilities on this 30th day of May, 2019.

                                                                    /s/
                                 W. MARK NEBEKER, DC Bar #396739
                                 Assistant United States Attorney
                                 555 4th Street, N.W.
                                 Washington, DC  20530