UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATION CENTER, INC. *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 17-2092 (BAH) |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), Defendants United States Food and Drug Administration ("FDA") and Department of Health and Human Services ("DHHS") submit this statement of material facts as to which there is no genuine issue.

1.      Plaintiffs filed on October 10, 2017, a Complaint for Declaratory and Injunctive Relief under the Freedom of Information Act ("FOIA") ("Complaint" or "Compl.") seeking production of government agency records related to electrical stimulation devices ("ESDs"). ECF No. 1 (Compl. ¶ 1).

2.      On July 19, 2016, Plaintiff Paul E. Peterson, PhD ("Plaintiff Peterson") submitted to FDA six FOIA requests that were substantively identical. Decl. Sarah Kotler (July 11, 2018) ("Kotler Decl.") ¶ 15; Compl. ¶ 22. FOIA Request 2016-7308 sought, among other things, records related to: FDA inspections of JRC; the Neurological Devices Panel of the Medical Devices Advisory Committee; and FDA's proposed ban of ESDs. Kotler Decl. ¶ 29; Compl. Exhibits A-1 through A-6. It further sought communications about JRC or ESDs between agency employees

and (1) other state, federal, or international governmental agencies; (2) representatives of disability advocacy organizations or human rights organizations; and (3) members of the April 24, 2014 Neurological Devices Panel of the Medical Devices Advisory Committee.  Kotler Decl. ¶ 29; Compl. Exhibits A-1 through A-6.

3.     FDA aggregated the six requests submitted by Plaintiff Peterson on July 19, 2016, and assigned them a reference number ("FOIA Number") 2016-7308.  Kotler Decl. ¶ 15; Compl. ¶¶ 22-23, 26, Exhibits A-1 through A-6.  FDA's aggregation did not modify the scope of Plaintiff Peterson's FOIA requests, but instead sought to reduce duplicative document productions.  Kotler Decl. ¶ 15.

4.     On August 23, 2016, Plaintiff Peterson submitted to FDA a FOIA request seeking, among other things, records related to meetings from January 2012 through the present between FDA employees and stakeholders interested in ESDs; communications between HHS and FDA about ESDs between January 2012 and the present; documents obtained, received, or created by FDA analyzing literature about ESDs dating from January 2012 through the present; and communications or records of communications between FDA employees and former patients of JRC dating from January 2012 through the present.  Kotler Decl. ¶ 28; Compl. Exhibit F.  FDA assigned this request FOIA Number 2016-7184.  Kotler Decl. ¶ 16; Compl. ¶ 37.

5.     Plaintiff Peterson submitted an additional request to FDA on August 23, 2016. Kotler Decl. ¶ 17; Compl. ¶ 47; Compl. Ex. H.  Plaintiff Peterson's request sought materials related to expert opinions from three individuals about electrical stimulation devices. Compl. Ex. H. FDA assigned this request FOIA Number 2016-7106.  Kotler Decl. ¶ 17; Compl. ¶ 50.

6.     On December 27, 2016, attorneys submitted on behalf of Plaintiff The Judge Rotenberg Educational Center ("JRC") a FOIA request seeking, among other things, requests for

information related to statements made in FDA's Federal Register notice announcing a proposed ban on electrical stimulation devices.  Kotler Decl. ¶ 18; Decl. David Mednick ("Mednick Decl.") (July 11, 2018) ¶ 27; Compl. ¶ 55, Compl. Ex. J.  FDA assigned this request FOIA Number 2017-1440.  Kotler Decl. ¶ 18; Compl. ¶ 57.

<u>FDA's Process for Responding to FOIA Requests</u>

7.    FDA's Division of Freedom of Information ("DFOI") is the office responsible for FDA compliance with FOIA.  Kotler Decl. ¶ 7; *see* 21 C.F.R. §§ 20.30, 20.40.  DFOI receives FOIA requests by fax, mail, and electronically via the FDA website.  Kotler Decl. ¶ 7.

8.    DFOI can also receive requests for FDA records that have been sent by requestors to other parts of the agency and then forwarded to DFOI.  Kotler Decl. ¶ 8.  Although these records requests do not comply with FDA regulations, if they are re-routed to DFOI, they are treated in the same manner as FOIA requests.  *Id.*; *see* 21 C.F.R. §§ 20.30, 20.40; *see also* 5 U.S.C. § 552(a)(3)(A).

9.    FDA uses an electronic tracking system, the Agency Information Management Systems ("AIMS"), to log, store, and track FOIA requests.  Kotler Decl. ¶ 9.  Under the AIMS system, when DFOI receives a paper or email FOIA request, a DFOI employee converts the request into PDF format, logs and uploads the request into AIMS, and assigns the request a FOIA Number. *Id.*  A FOIA Number begins with four digits reflecting the calendar year in which the request was received, followed by the number of FOIA requests received by DFOI to date in that particular calendar year.  *Id.*

10.    Under the AIMS system, when a FOIA request is logged in, AIMS generates a letter to the requester acknowledging FDA's receipt of the request (the "acknowledgement letter"). Kotler Decl. ¶ 10; *see* Compl. ¶¶ 26, 37, 50, 57; Compl. Exs. C, I, L.  The acknowledgement letter

3

provides the request's assigned FOIA Number, and invites the requester to contact DFOI with any questions related to the request.  Kotler Decl. ¶ 10; *see* Compl. Exs. C, I, L.

11.     FDA's FOIA program is decentralized.  Kotler Decl. ¶ 11.  After a FOIA request is received and logged by DFOI, the request is assigned to the FDA office(s) reasonably likely to possess responsive records (the "action office(s)"), which then process(es) the request.  *Id.*

12.     Sometimes DFOI personnel assign requests to DFOI itself for processing.  Kotler Decl. ¶ 11.  DFOI will be assigned to requests for records previously produced in response to other FOIA requests.  *Id.*

13.     If a request is assigned to the Office of the Executive Secretariat ("OES"), which is DFOI's parent office, DFOI personnel also direct OES's search for responsive materials by assigning the request to OES personnel who are expected to have responsive records.  Kotler Decl. ¶ 12.  If DFOI personnel are uncertain about how a particular request should be assigned within OES, DFOI personnel will consult with OES staff to identify individuals reasonably expected to have responsive records.  *Id.*

14.     For FDA components outside of OES, once an action office is assigned a FOIA request, it searches for potentially responsive records. Kotler Decl. ¶ 13.  The action office then identifies responsive records and determines whether they should be released in full, redacted in part, or withheld in their entirety under any applicable FOIA exemption or other statutory or regulatory provision.  *Id.*  If records can be released in full or in part, the action office responds directly to the requestor.  *Id.*

<u>DFOI's Processing of Plaintiffs' FOIA Requests</u>

15.     DFOI sent letters of receipt that acknowledged all of Plaintiffs' FOIA requests. Kotler Decl. ¶ 19; *see* Compl. ¶¶ 26, 50, 57; Compl. Exs. C, I, L.

4

16.     DFOI assigned requests 2016-7184, 2016-7308, and 2017-1440 to FDA's OCC. Kotler Decl. ¶ 22; Mednick Decl. ¶ 12.  DFOI did not assign request 2016-7106 to OCC because the records sought by that request, which was related to expert opinions used to support a proposed rulemaking, were not considered likely to be in the custody of OCC.  Kotler Decl. ¶ 22.

17.     DFOI initially assigned requests 2016-7184 and 2016-7308 to FDA's New England District Office.  Kotler Decl. ¶ 23; Decl. Barbara Recupero ("Recupero Decl.") (July 11, 2018) ¶ 8.  Request 2017-1440 was also subsequently assigned to the New England District Office after conversations between Plaintiffs' counsel and government counsel in March and April 2018. Kotler Decl. ¶ 23; Recupero Decl. ¶ 14.  Request 2016-7106 was not assigned to the New England District Office.  Kotler Decl. ¶ 23.

18.     DFOI assigned all of Plaintiffs' FOIA requests (numbers 2016-7106, 2016-7184, 2016-7308, and 2017-1440) to the Division of Information Disclosure in FDA's Center for Devices and Radiological Health ("CDRH-DID").  Kotler Decl. ¶ 24.

19.     FDA's Office of Regulatory Affairs headquarters office was assigned FOIA requests 2016-7184, 2016-7308, and 2017-1440 after conversations between Plaintiffs' counsel and government counsel in March and April 2018.  Kotler Decl. ¶ 25; Decl. Melissa Pickworth ("Pickworth Decl.") (July 11, 2018) ¶ 8.

20.     DFOI initially also made a partial referral of FOIA Request 2016-7184 to the DHHS FOIA Office, but that office did not produce responsive records at that time.  Kotler Decl. ¶ 26.  Following conversations between Plaintiffs' counsel and government counsel in March and April 2018, two components within DHHS – the Office of the Secretary and the Administration for Community Living – agreed to search for and produce, with appropriate redactions, records responsive to Plaintiffs' FOIA requests 2016-7184, 2016-7308, and 2017-1440.  Kotler Decl. ¶ 26;

Decl. Michael Marquis ("Marquis Decl.") (July 11, 2018) ¶ 9; Decl. Richard Nicholls ("Nicholls Decl.") (July 11, 2018) ¶ 6.

*DFOI Initial Search for and Production of Records*

21.     Shortly after initially receiving Plaintiffs' FOIA Requests, DFOI attempted to locate records that had been released in response to previous FOIA requests that might also be responsive to the Plaintiffs' Requests. Kotler Decl. ¶ 31. DFOI staff searched the subject field in AIMS for "judge Rotenberg." *Id.* DFOI personnel located twenty-three pages of records that had been produced with appropriate redactions in response to previous FOIA requests and were responsive to request 2016-7308. *Id.* DFOI produced those records with appropriate redactions to Plaintiff Peterson by mail on or about September 7, 2016. *Id.* These records are located at NWE-DO&DFOI00002 through 00024; some of these records are identical to records later produced separately by the New England District Office. Kotler Decl. ¶ 31; *see* Recupero Decl. ¶ 11.

22.     DFOI personnel also directed an initial search for responsive records from OES by assigning requests 2016-7184 and 2016-7308 to individual OES staff who were reasonably expected to have responsive records. Kotler Decl. ¶ 32.

23.     DFOI personnel reviewed, redacted, and produced with appropriate redactions records found by OES personnel that were responsive to requests 2016-7184 and 2016-7308. Kotler Decl. ¶ 32. DFOI made an initial production, with appropriate redactions, of OES records that were responsive to requests 2016-7184 and 2016-7308 to Plaintiff Peterson by email on September 28, 2016. Kotler Decl. ¶ 33.

24.     DFOI supplemented its production of OES records by email to Plaintiff Peterson with six pages of responsive materials stamped with Bates numbers OES000055 through OES000060.  Kotler Decl. ¶ 34.

*DFOI Supplemental Search for and Production of Records*

25.     Following conversations between Plaintiffs' counsel and government counsel in March and April 2018, DFOI staff directed an expanded search for records responsive to FOIA requests 2016-7184, 2016-7308, and 2017-1440 held in the custody of OES.  Kotler Decl. ¶ 35. The expanded search included all individuals listed as being employees of "FDA's Office of the Commissioner" in FDA counsel's March 2, 2018, cover letter to Plaintiffs' counsel (ECF No. 19 Ex. 2) (the "Cover Letter").  Kotler Decl. ¶ 35.

26.     To conduct the supplemental search for records in the custody of current employees, DFOI staff sent an email to current FDA employees listed in the Cover Letter, asking them to search their files for any records responsive to Plaintiffs' FOIA requests using the search terms Judge Rotenberg Center (JRC) and electrical stimulation devices (ESDs). Kotler Decl. ¶ 36.

27.     For former OES staff who were listed in the Cover Letter, DFOI staff directed FDA's Office of Information Management and Technology ("OIMT") staff to search former employees' Outlook files for responsive records.  Kotler Decl. ¶ 37.  DFOI staff directed OIMT to search records from the period January 2012 to the time of the search (April 2018) for the following search terms: Judge Rotenberg Center (JRC) and electrical stimulation devices (ESDs).  *Id.*

28.     DFOI made supplemental productions of approximately 9,359 pages of appropriately redacted OES records that were responsive to requests 2016-7184, 2016-7308, and 2017-1440 to Plaintiff Paul Peterson and Plaintiffs' counsel Michael Flammia on July 2 and 11, 2018.  Kotler Decl. ¶ 38.  The first set was sent by letter dated July 2, 2018, and included records

with Bates numbers JRC OES Supplemental 1 000001 through JRC OES Supplemental 1 001190 and JRS OES Supplemental 1 001191 through JRS OES Supplemental 1 001791.  The second set was sent by cover letter dated July 11, 2018, and included records with Bates numbers JRS OES Supplemental 1 001792 through JRS OES Supplemental 1 009712 (excluding Bates numbers JRC OES Supplemental 1 002947 through JRC OES Supplemental 1 003239, which were inadvertently omitted from the Bates numbers applied to the responsive records).  Kotler Decl. ¶ 38.

*Additional DFOI Communications with Plaintiffs*

29.     In April and May 2017, the Director of DFOI had communications with Plaintiffs' representatives about their FOIA Requests.  Kotler Decl. ¶ 20.

30.     On February 13, 2018, the Director of DFOI produced to Plaintiff Peterson OCC records that had been referred to, and redacted by, the Department of State.  Kotler Decl. ¶ 27; *see* Decl. Eric F. Stein ("Stein Decl.") (July 12, 2018) ¶ 6.

*Later Review and Production of Records*

31.     In September 2018, the Director of DFOI began a supplemental review of records that had been produced in response to Plaintiffs' FOIA Requests with material withheld on the basis that it was "non-responsive" to those requests.  Suppl. Decl. Sarah Kotler ("Suppl. Kotler Decl.") (Nov. 9, 2018) ¶ 5.  As a result of that review, DFOI determined that much of the non-responsive material was also protected by Exemptions 5 or 6, some of the non-responsive material should continue to be withheld on the ground that the non-responsive material constituted a record separate and distinct from any responsive record, and some of the material previously redacted as non-responsive could be released.  *Id.* ¶¶ 6-8.  Specifically, DFOI released material found at Bates numbers JRC OES Supplemental 1 000821-38, 000971-72, 000976-78, 001012-13, 001018-34, 001040-59, 001061-84, 001724-34, 001736-48, 001925-37, 001990-91, 001993-97, 002001-11,

002045-46, 002842, 002875, 003626-28, 003684-86, 003739-43, 003863, 004056-57, 004152-64, 004166-76, 004589-92, 005993-94, 006021-22, 006110, 006157-60, 009326, 009683, 009689, and 009705-06.  *Id.* ¶ 7.

32.     On April 15, 2019, and May 23, 2019, DFOI reproduced records previously withholding material on the basis of non-responsiveness with revised redactions, withholding only material qualifying for an exemption under FOIA.  2d Suppl. Decl. Sarah Kotler ("2d Suppl. Kotler Decl.") (May 1, 2020) ¶ 6.  These records can be found at Bates Numbers JRC OES Supplemental 001109-16, 001374, 001757-68, 001770-83, 001793, 001796-1805, 001808, 001946-1959, 002172-85, 002250-2260, 002263-2264, 002270-2271, 002809-13, 002814-23, 002828-31, 002834-41, 002846-74, 002876-904, 003569-76, 003621-25, 003629-42, 003649-83, 003687-98, 003705-38, 003744-54, 003761-94, 003796-003858, 003864-926, 003979-84, 003986-90, 004055, 004072-77, 004120-23, 004128-34, 004444-45, 004489-4490, 004585-88, 005714-33, 005735-41, 005995-98, 006006-20, 006023-27, 006112-29, 006141-47, 006149-56, 006161-67, 007037-40, 009327, 009330-339, 009341, 009692-704, and 009709.  *Id.*

33.     On January 14, 2020, DFOI reproduced records after determining that some previously redacted material could be released.  2d Suppl. Kotler Decl. ¶ 7.  These records can be found at:  JRC OES Supplemental 1 000789 and JRC OES Supplemental 1 000797.  *Id.*

<u>OCC's Processing of and Responses to Plaintiffs' FOIA Requests</u>

34.     After a FOIA request that appears to seek documents in the custody of OCC is received and logged by FDA's Division of Freedom of Information, the request is forwarded through the AIMS system to OCC, which then processes the request.  Mednick Decl. ¶ 6; *see* Kotler Decl. ¶¶ 7-13.

35.     Once OCC is assigned a FOIA request related to medical devices, a paralegal specialist consults with the Deputy Chief Counsel for Program Review for Devices and Tobacco to determine which individuals within the Office of the Chief Counsel can be expected to have responsive documents.  Mednick Decl. ¶ 7.  Once those individuals expected to have responsive records are identified, the OCC paralegal specialist circulates the request to them.  *Id.*  In some cases for which individuals likely to have responsive documents cannot be immediately determined, the request is circulated more broadly.  *Id.*

36.     The individuals to whom the request was circulated then search their files, including computer and paper files, for any responsive records.  Mednick Decl. ¶ 8.

37.     An OCC government information specialist reviews the records collected by individuals within OCC and determines whether they are responsive to the request.  Mednick Decl. ¶ 9.  If they are responsive, the government information specialist determines whether the records should be released in full, released in part, or withheld in their entirety under any applicable FOIA exemption.  *Id.*

38.     In some cases involving records in OCC's custody, other FDA components or other federal government agencies may be better able to determine whether the record is exempt from disclosure under the FOIA, have an interest in the record, and/or the record may have originated with them.  Mednick Decl. ¶ 10.  In these situations, OCC will often either consult with the other component or agency in OCC's review of the records, or refer the records to them for processing. *Id.*

39.     If responsive records can be released in full or in part, OCC provides those records to the requestor, except for any records referred to other FDA components or other federal agencies for processing.  Mednick Decl. ¶ 11.

*OCC Search for Records Responsive to FOIA Request 2016-7184*

40.    On November 10, 2016, an OCC paralegal circulated request 2016-7184 to a distribution list that included all OCC attorneys, OCC paralegals, and certain other OCC staff. Mednick Decl. ¶ 14.  Those individuals were asked to search their files for responsive records and to respond by indicating whether they found records they believed were responsive to the request. *Id.*  They were specifically asked to search for documents responsive to the following portion of Plaintiff Peterson's request: "Communications, and any documents relating to communications, between DHHS officials and FDA employees regarding ESDs used to treat SIB/AB, dating from January 2012 to the present."  *Id.*

41.    Potentially responsive records were submitted to an OCC government information specialist who reviewed the records to determine whether they were responsive and, if so, reviewed them for information exempt from disclosure under FOIA.  Mednick Decl. ¶ 15.  Information the OCC government information specialist proposed to redact as exempt underwent a second-level review by an OCC attorney.  *Id.*

42.    Upon reviewing records responsive to Plaintiffs' FOIA Requests, OCC determined that certain records should be referred to other components of DHHS or the Department of Justice ("DOJ") because the records originated with those entities and/or those entities would be better able to determine whether the records are exempt from disclosure under FOIA.  Mednick Decl. ¶ 16.  Pursuant to federal agency guidance, FDA referred those records to DHHS and DOJ.  *Id.*

43.    After reviewing and redacting the records to remove information exempt from disclosure under FOIA, 5 U.S.C. § 552(b), OCC produced appropriately redacted records, temporarily withholding all information that had been referred to other federal agencies pending

review by those other agencies, to Plaintiff Paul Peterson by email on December 4, 2017.  Mednick Decl. ¶ 17.

44.     DOJ reviewed and redacted the portions of the OCC's production of records responsive to FOIA request 2016-7184 referred to it and had those records produced to Plaintiffs with certain redactions on March 19, 2018, June 13, 2018, and June 18, 2018.  Decl. Nelson D. Hermilla ("Hermilla Decl.") (July 11, 2018) ¶ 5; Mednick Decl. ¶ 18.  DHHS reviewed and redacted the portions of the OCC's production of records responsive to FOIA request 2016-7184 referred to it and had the appropriately redacted materials produced to Plaintiff Peterson or Plaintiffs' counsel on or about April 3, 2018 and May 14, 2018.  Marquis Decl. ¶¶ 7-8; Mednick Decl. ¶ 19.

*OCC Search for Records Responsive to FOIA Request 2016-7308*

45.     On January 12, 2017, an OCC paralegal circulated request 2016-7308 to a distribution list that included all OCC attorneys, OCC paralegals, and certain other OCC staff. Mednick Decl. ¶ 21.  Those individuals were asked to search their files for responsive records and to respond by indicating whether they found documents that may be responsive to the request.  *Id.* Specifically, they were asked to search for records responsive to portions 1f (communications and records related to the Office of the Attorney General of Massachusetts), 1p (communications and records related to DOJ), and 2 (communications or records related to affiliates of disability advocacy or human rights organizations) of the request.  *Id.*

46.     Potentially responsive records were provided to an OCC government information specialist who reviewed the records to determine whether they were responsive and, if so, reviewed them for information exempt from disclosure under FOIA.  Mednick Decl. ¶ 22.  Information the

OCC government information specialist proposed to redact as exempt underwent a second-level review by an OCC attorney.  *Id.*

47.     Upon reviewing records responsive to Plaintiffs' FOIA Requests, OCC determined that certain records should be referred to DOJ or the Department of State because the records originated with those entities and/or those entities would be better able to determine whether the records are exempt from disclosure under FOIA.  Mednick Decl. ¶ 23.  Pursuant to federal agency guidance, FDA referred those records to DOJ and the Department of State.  *Id.*

48.     After reviewing and redacting the records to remove information exempt from disclosure under FOIA, 5 U.S.C. § 552(b), OCC produced appropriately redacted records, temporarily withholding all information that had been referred to other federal agencies pending review by those other agencies, to Plaintiff Paul Peterson by email on December 4, 2017.  Mednick Decl. ¶ 23.

49.     DOJ reviewed and redacted the portions of the OCC's production of records responsive to FOIA request 2016-7308 referred to it and had those appropriately redacted records produced to Plaintiffs on March 19, 2018, June 13, 2018, and June 18, 2018.  Hermilla Decl. ¶ 5; Mednick Decl. ¶ 25.

50.     The Department of State reviewed and redacted the portions of the OCC's production of records responsive to FOIA request 2016-7308 referred to it.  *See* Stein Decl. ¶¶ 6, 9-18.  On or about February 13, 2018, FDA's Department of Freedom of Information sent to Plaintiffs the records that OCC had referred to the Department of State, as the Department of State had redacted those records.  *See* Kotler Decl. ¶ 27; Mednick Decl. ¶ 26; Stein Decl. ¶ 6.

*OCC Search for Records Responsive to FOIA Request 2017-1440*

51.     An OCC paralegal assigned request 2017-1440 to three agency attorneys on May 10, 2017.  Mednick Decl. ¶ 28.  Those individuals, chosen because they were known to have knowledge of the relevant project, were asked to search their files for records responsive to JRC's request for "[a]ll documents or other information pertaining to the 'three individuals formerly on ESDs at JRC' who FDA clinicians interviewed by phone, as referenced in 81 Fed. Reg. 24386 at 24393." *Id.*  The individuals were asked to respond by indicating whether they found records they believed may be responsive to the request, and to notify the OCC paralegal if they believed other individuals within OCC had responsive records.  *Id.*

52.     Potentially responsive records were provided to an OCC government information specialist who reviewed the records to determine whether they were responsive and, if so, reviewed them for information exempt from disclosure under FOIA.  Mednick Decl. ¶ 29.  Information the OCC government information specialist proposed to redact as exempt underwent a second-level review by an OCC attorney.  *Id.*

53.     Upon reviewing records responsive to Plaintiffs' FOIA Requests, OCC determined that certain records should be referred to DOJ because the records originated with DOJ and/or DOJ would be better able to determine whether the records are exempt from disclosure under FOIA.  Mednick Decl. ¶ 30.  Pursuant to federal agency guidance, FDA referred those records to DOJ.  *Id.*

54.     After reviewing and redacting the records to remove information exempt from disclosure under FOIA, 5 U.S.C. § 552(b), OCC produced appropriately redacted records, temporarily withholding all information that had been referred to other federal agencies pending review by those other agencies, to Plaintiff JRC by mail on December 22, 2017.  Mednick Decl. ¶ 31.

55.     DOJ reviewed and redacted the portions of the OCC's production of records responsive to FOIA request 2017-1440 referred to it and had those appropriately redacted records produced to Plaintiffs on March 19, 2018, June 13, 2018, and June 18, 2018.  Hermilla Decl. ¶ 5; Mednick Decl. ¶ 32.

*OCC Supplemental Production*

56.     As it prepared to submit its initial *Vaughn* index, OCC determined that it had inadvertently omitted records from its previous productions it had made to Plaintiffs.  Mednick Decl. ¶ 33.  Those omissions included records that had previously been referred to DOJ and/or the Department of State.  *Id*.  Those omissions also included records subsequently referred to DHHS. *Id.*; Marquis Decl. ¶ 8.  OCC produced those appropriately redacted files, temporarily withholding all information that had been referred to other federal agencies pending review by those other agencies, to Plaintiffs by mail on March 5, 2018.  Mednick Decl. ¶ 33.

57.     The Department of State reviewed and redacted the portions of the OCC Supplemental production referred to it and had them produced with appropriate redactions to Plaintiffs on or about February 13, 2018.  Kotler Decl. ¶ 27; Mednick Decl. ¶ 34; Stein Decl. ¶ 6.

58.     DOJ reviewed and redacted the portions of the OCC Supplemental production referred to it and had them produced with appropriate redactions to Plaintiffs on March 19, 2018, June 13, 2018, and June 18, 2018.  Hermilla Decl. ¶ 5; Mednick Decl. ¶ 35.

59.     DHHS reviewed and redacted the portions of the OCC Supplemental production referred to it and had them produced with appropriate redactions to Max Stern, counsel for Plaintiff Peterson, on May 15, 2018.  Marquis Decl. ¶ 8; Mednick Decl. ¶ 36.

*Bates Numbers*

60.     To assist with indexing and review of agency redactions in litigation, OCC personnel also added Bates numbers to all documents that had been produced by the agency to that point.  Mednick Decl. ¶ 37.  By cover letter dated March 5, 2018, OCC re-produced with Bates numbers (and appropriate redactions) all of the documents that it had previously produced to Plaintiffs.  *Id.*

61.     In productions made to one or more Plaintiffs on December 4, 2017, December 22, 2017, and March 5, 2018, OCC released, with appropriate redactions, a total of over 2,800 pages of OCC records.  Mednick Decl. ¶ 38.

*Later Review and Production*

62.     On November 27, 2019, OCC reproduced a four-page record found at Bates numbers 2016-7184OCC00153 through 2016-7184OCC00156 after determining that some previously redacted material could be released.  Suppl. Decl. David Mednick ("Suppl. Mednick Decl.") (May 4, 2020) ¶ 5.

63.     On January 14, 2020, OCC reproduced records after determining that some previously redacted material could be released.  Suppl. Mednick Decl. ¶ 6.  These records can be found at: 2016-7184OCC00129-32; 2017-1440OCC00138-39; and 2017-1440OCC00019.  *Id.*

64.     On May 1, 2020, OCC reproduced records after determining that some previously redacted material could be released.  Suppl. Mednick Decl. ¶ 6.  These records can be found at: 2016-7308OCCpart100059-61, 2016-7308OCCpart100294-96, 2016-7184OCC00126, and 2017-1440OCC00035.

New England District Office's Processing of and Responses to Plaintiffs' FOIA Requests

65.     When the New England District Office is assigned a FOIA request from DFOI, a search is conducted, as appropriate, of the New England District Office file rooms; FDA computer databases, including Documentum, Compliance Management Services, and Online Search and Retrieval; and, as necessary, the personal paper and computer files of individual New England District Office personnel.  Recupero Decl. ¶ 7.  In the event that records of former FDA employees need to be searched, the New England District Office directs FDA's Office of Information Management and Technology to perform an appropriate search.  *Id.*

*New England District Office Initial Search for and Production of Records*

66.     After initially being assigned Plaintiffs' requests 2016-7184 and 2016-7308 in 2016, a New England District Office government information specialist searched for responsive records and located 16 pages of records that were responsive to both requests.  Recupero Decl. ¶ 11.  Those records included a May 23, 2011, untitled letter from FDA to the Judge Rotenberg Center; October 17, 2012 Form FDA-483 List of Inspectional Observations from an FDA inspection of the Judge Rotenberg Center; and the Judge Rotenberg Center's December 22, 2012, response to FDA's December 7, 2012, warning letter.  *Id.*  They are located in FDA's production at NWE-DO&DFOI00002 through 00006, NWE-DO&DFOI00011 through 00013, and NWE-DO&DFOI00017 through 00024.  *Id.*

67.     The government information specialist redacted the records to remove information that was exempt from production under FOIA and produced the appropriately redacted records to Plaintiff Paul Peterson on September 26, 2016.   Recupero Decl. ¶ 12.

*New England District Office Supplemental Search for and Production of Records*

68.     Following conversations between Plaintiffs' counsel and FDA counsel, the New England District Office agreed to conduct a supplemental search for records responsive to Plaintiffs' FOIA requests 2016-7184, 2016-7308, and 2017-1440.  Recupero Decl. ¶ 14.  The supplemental search included all New England District Office staff listed in the Cover Letter.  *Id.*

69.     As part of the supplemental search, the government information specialist sent an email with FOIA requests 2016-7184, 2016-7308, and 2017-1440 attached to New England District Office staff, including the New England District Director, all New England District Office compliance officers, and all New England District Office inspections branch device supervisors. Recupero Decl. ¶ 16.  The email asked these staff to search their files for responsive records and also asked them to direct any of their employees likely to have responsive records to search their files for responsive records.  *Id.*

70.     For former New England District Office staff listed in the Cover Letter, the government information specialist directed FDA's Office of Information Management and Technology staff to search former employees' files for responsive records.  Recupero Decl. ¶ 17. The government information specialist directed them to search records from the period January 2000 to the time of the search (March 2018) for the following search terms: JRC, Judge Rotenberg, ESD, ban proposal, electric stimulations devices, CMS Case 151253, Rotenberg.  *Id.*

71.     The New England District Office Government Affairs specialist and New England District Office staff working under her supervision gathered the responsive records and reviewed them for information that was exempt from production under FOIA.  Recupero Decl. ¶ 18.  They made appropriate redactions to protect exempt information and produced responsive records to Plaintiffs, specifically producing 562 appropriately redacted pages with Bates numbers NWE-

DO&DFOI000025 through NWE-DO&DFOI000586 to Plaintiffs' counsel Max Stern on May 2, 2018. *Id.* The government information specialist subsequently produced an additional 10,205 appropriately redacted pages with Bates numbers NWE-DO&DFOI000587 through NWE-DO&DFOI010792 to Plaintiffs' counsel Max Stern, Edward Longosz, and Michael Flammia on June 15, 2018, and June 20, 2018. *Id.*

72.    During its review of responsive materials, the New England District Office found records that originated with FDA's Center for Devices and Radiological Health ("CRDH"). Recupero Decl. ¶ 19. The New England District Office referred those records to CDRH, which produced them as appropriate with its subsequent productions. *Id.*

*Later Review and Production*

73.    In September 2018, the New England District Office began a supplemental review of the New England District Office's production of records responsive to Plaintiffs' FOIA Requests in order to create an index of email attachments to help Plaintiffs locate attachments to emails in New England District Office's document productions. Suppl. Decl. Barbara A. Recupero ("Suppl. Recupero Decl.") (Nov. 7, 2018) ¶ 5. The index was attached as an exhibit to the Supplemental Recupero Declaration. *Id.*

74.    On November 9, 2018, the New England District Office provided new versions of certain previously-produced PDF files. Suppl. Recupero Decl. ¶¶ 6-9. As originally produced, the files inadvertently contained live links that, if clicked, would have inadvertently allowed Plaintiffs to access documents (primarily email attachments) that contained privileged information. *Id.* ¶ 6. In the new versions, the New England District Office removed those live links. *Id.* ¶ 7. The New England District Office also requested that Plaintiffs return the disks containing the original affected productions and destroying any copies. *Id.* The New England

District Office provided Plaintiffs with certain appropriately redacted files that would have been accessible to Plaintiffs only via live links in the earlier productions. *Id.* ¶ 9.

75.     Also on November 9, 2018, the New England District office reproduced the records at Bates numbers NWE-DO&DFOI010288-91 without redactions. Suppl. Recupero Decl. ¶ 11. The New England District Office also determined that some material previously withheld as non-responsive was not covered by any applicable FOIA exemption and could be released. *Id.* ¶ 14. Those records are found at Bates numbers NWE-DO&DFOI00309, 316, 566, 585, and 586. *Id.*

76.     On November 27, 2019, FDA's New England District Office reproduced records after determining that some previously redacted material could be released. 2d Suppl. Decl. Barbara A. Recupero ("2d Suppl. Recupero Decl.") (May 1, 2020) ¶ 6. These records can be found at: NWE-DO&DFOI009422; NWE-DO&DFOI009980; NWE-DO&DFOI009984; NWE-DO&DFOI009992; NWE-DO&DFOI01005; NWE-DO&DFOI010012; and NWE-DO&DFOI010016. *Id.* On May 1, 2020, the record found at NWE-DO&DFOI010012 was reproduced with all redactions removed. *Id.*

<u>ORA Headquarters' Processing of and Responses to Plaintiffs' FOIA Requests</u>

77.     Following conversations between Plaintiffs' counsel and FDA counsel, ORA headquarters agreed to conduct a search for records responsive to Plaintiffs' FOIA requests 2016-7184, 2016-7308, and 2017-1440. Pickworth Decl. ¶ 8. ORA's search included all ORA staff who had never worked in the New England District Office and who were listed in the Cover Letter. *Id.* Specifically, ORA searched for records from current FDA employee Janice Sheehy and former FDA employees Sharon McCoy, Robert Wesley, and Eugene Leger. *Id.*

78.     To initiate ORA's search, a FOIA officer sent an email to Janice Sheehy. Pickworth Decl. ¶ 12. The email asked Ms. Sheehy to search her files for records for the search time frame

of 2000 to present for any of the following search terms — "JRC", "Judge Rotenberg", "ESD", "ban proposal", "electric simulations devices", "CMS Case 151253", or "Rotenberg." *Id.* ORA staff asked Ms. Sheehy to identify any other individuals that had worked in Office of Enforcement at the time that would have any responsive records. *Id.*

79.     For former ORA staff who were listed in the Cover Letter (Sharon McCoy, Robert Wesley, and Eugene Leger), ORA staff directed FDA's Office of Information Management and Technology staff to search certain former employees' files for responsive records. Pickworth Decl. ¶ 13. ORA staff then directed Office of Information Management and Technology staff to search records from the period January 2000 to the time of the search (April 2018) for the following search terms: JRC, Judge Rotenberg, ESD, ban proposal, electric stimulations devices, CMS Case 151253, Rotenberg. *Id.* The Office of Information Management and Technology staff expanded the search to include JRC OR "Judge Rotenberg" OR ESD OR "ban proposal" OR "Electrical Stimulation Devices" OR "CMS Case 151253" OR Rotenberg OR "Judge Rotenburg" OR Rotenburg with date range from 2000 to present. *Id.*

80.     ORA staff gathered the records collected and reviewed them for responsiveness to the FOIA requests and for information that was exempt from production under FOIA. Pickworth Decl. ¶ 14. ORA staff made appropriate redactions to protect exempt information and produced responsive records with appropriate redactions to Plaintiffs. *Id.*

81.     ORA produced 10 appropriately redacted pages with Bates numbers ORA000001 through ORA000010 to Plaintiff Peterson and Plaintiffs' counsel Michael Flammia on June 4, 2018. Pickworth Decl. ¶ 14. ORA subsequently produced an additional 372 appropriately redacted pages with Bates numbers ORA000011 through ORA000382 to Plaintiff Peterson and Plaintiffs' counsel Michael Flammia on June 29, 2018. *Id.*

<u>DHHS's Office of the Secretary's Processing of and Responses to Plaintiffs' FOIA Requests</u>

82.     The Office of the Secretary of DHHS produced two sets of appropriately redacted records in response to Plaintiffs' FOIA Requests.  Marquis Decl. ¶ 6.  The Office of the Secretary redacted and produced FDA records that were referred to it by FDA.  *Id.*  The Office of the Secretary also searched its own files for records responsive to Plaintiffs' FOIA requests and produced those records, appropriately redacted, to Plaintiffs.  *Id.*

*Office of the Secretary Production of Records Referred from FDA*

83.     FDA referred 26 pages of records to the Office of the Secretary on December 15, 2017.  Marquis Decl. ¶ 7.  These records included information that originated with DHHS.  *Id.* Personnel from the Freedom of Information/Privacy Acts Division of the Office of the Secretary reviewed the records referred from FDA, redacted them to remove information exempt from disclosure under FOIA, and produced the appropriately redacted records to Plaintiff Peterson on April 3, 2018.  *Id.*

84.     The records reviewed by personnel from the Freedom of Information/Privacy Acts Division of the Office of the Secretary for information exempt from disclosure contained in records that originated with DHHS are located at the following locations within FDA's productions to the Plaintiffs:

- 2016-7184OCC000049 through 2016-7184OCC000050

- 2016-7184OCC000060 through 2016-7184OCC000061

- 2016-7184OCC000076 thorough 2016-7184OCC000078

- 2016-7184OCC000090 through 2016-7184OCC000092

- 2016-7184OCC000100 through 2016-7184OCC000102

- 2016-7184OCC000114 through 2016-7184OCC000115

- 2016-7184OCC000121 through 2016-7184OCC000123

- 2016-7184OCC000150 through 2016-7184OCC000156

- 2016-7184OCC000174.

Marquis Decl. ¶ 7.

85.     FDA referred an additional 58 pages of records to the Office of the Secretary on April 6, 2018.  Marquis Decl. ¶ 8.  Personnel from the Freedom of Information/Privacy Acts Division of the Office of the Secretary again reviewed those records and redacted them to remove information exempt from disclosure under FOIA.  *Id.*  FDA produced those records as redacted by the Office of the Secretary to Max Stern, counsel for Plaintiff Peterson, by cover letter dated May 14, 2018.  *Id.*; Mednick Decl. ¶¶ 19, 36.  Those records are located within the productions to the Plaintiffs at OCCSupp000004 through OCCSupp000061.  Marquis Decl. ¶ 8.

*Production of Office of the Secretary Records*

86.     Following conversations between Plaintiffs' counsel and FDA counsel, DHHS's Office of the Secretary agreed to conduct a search for records responsive to Plaintiffs' FOIA requests 2016-7184, 2016-7308, and 2017-1440.  Marquis Decl. ¶ 9.  The Office of the Secretary's search included all staff from the Office of the Secretary who were listed in FDA counsel's March 2, 2018, Cover Letter.  *Id.*

87.     Personnel from the Office of the Secretary's Freedom of Information/Privacy Acts Division sent an e-mail and file records search form to the HHS Office of the Chief Information Officer (OCIO) on May 10, 2018.  Marquis Decl. ¶ 13.  OCIO was directed to conduct an automated search of the e-mail accounts of the following custodians: Sylvia Burwell, Jocelyn Samuels, Robinsue Frohboese, Andrea Palm, Averi Pakulis, Robert Clark, Douglas Steiger, and David Horowitz.  *Id.*  OCIO searched for responsive e-mails using the following search terms:

"JRC", "Judge Rotenberg", "ESD", "Ban Proposal", "Electric Stimulation Devices", "CMS Case 151253", and  "Rotenberg".  *Id.*  OCIO searched for e-mails within the following timeframe: January 1, 2012, through May 10, 2018.  *Id.*

88.    Personnel from the Freedom of Information/Privacy Acts Division of the Office of the Secretary gathered the responsive records and reviewed them for information that was exempt from production under FOIA.  Marquis Decl. ¶ 14.  They made appropriate redactions to protect exempt information and produced responsive records to Plaintiffs.  *Id.*  The Office of the Secretary produced 756 appropriately redacted pages with Bates numbers HHS-ESD Page 000001 through HHS-ESD Page 000756 to Plaintiff Peterson and Plaintiffs' counsel Michael Flammia on June 15, 2018.  *Id.*

*Later Review and Production*

89.    On November 9, 2018, the Office of the Secretary released some material at HHS-ESD Page 000157-58 previously withheld as non-responsive and under Exemption 5.  Suppl. Decl. Michael S. Marquis (Nov. 9, 2018) ¶ 6.

<u>Department of Health and Human Services' Administration for Community Living's
Processing of and Responses to Plaintiffs' FOIA Requests</u>

90.    Following conversations between Plaintiffs' counsel and FDA counsel, the Administration for Community Living agreed to conduct a search for records responsive to Plaintiffs' FOIA requests 2016-7184, 2016-7308, and 2017-1440.  Nicholls Decl. ¶ 6.  The Administration for Community Living searched for files in the custody of Kathy Greenlee, Sharon Lewis, and James Toews, who were the only staff from the Administration for Community Living who were listed in FDA counsel's March 2, 2018, Cover Letter.  *Id.*

91.    The Chief of Staff for the Administration for Community Living searched through the electronic files retained per the agency's records schedules for Kathy Greenlee, Sharon Lewis,

24

and James Toews, opening each folder and file individually utilizing Windows Explorer, Microsoft Excel, PowerPoint and Word, and Adobe Acrobat Pro to search for key terms and content. Nicholls Decl. ¶ 10.

92.    The Administration for Community Living's Chief of Staff also searched the email archive files available for Kathy Greenlee, Sharon Lewis, and James Toews for key terms and content. Nicholls Decl. ¶ 10. The search terms used were JRC, Judge Rotenberg Center, ESD, ban proposal, electric stimulations devices, shock, and abuse. *Id.* The Administration for Community Living searched for records created between January 2012 and the date of the search (June 2018). *Id.*

93.    The Administration for Community Living produced 485 pages with appropriate redactions with Bates numbers HHS ACL ESD 000001 through HHS ACL ESD 000485 to Plaintiff Peterson and Plaintiffs' counsel Michael Flammia on July 6, 2018. Nicholls Decl. ¶ 11.

<u>Center for Devices and Radiological Health's</u>
<u>Processing of and Responses to Plaintiffs' FOIA Requests</u>

94.    When DFOI receives a FOIA request seeking CDRH records, DFOI sends the request to CDRH's Division of Information Disclosure ("CDRH-DID"), which conducts a search for responsive records, determines whether to withhold material under applicable FOIA exemptions, and generally responds directly to the requester with any records that can be fully or partially released. Decl. Candace Boston ("Boston Decl.") (May 4, 2020) ¶¶ 5-8.

95.    CDRH-DID received Plaintiffs FOIA Requests on August 29, 2016, August 30, 2016, September 2, 2016, and February 15, 2017. Boston Decl. ¶ 9.

96.    CDRH-DID searched for records responsive to these requests within CDRH's Office of Compliance, Office of Surveillance and Biometrics, Office of Device Evaluation, and Office of the Center Director. Boston Decl. ¶ 11. For each office, CDRH-DID communicated

with a designated FOIA contact to determine subject-matter experts who are qualified through their experience and training to identify custodians within their office that were likely to be in possession of records responsive to Plaintiffs' Requests. *Id.* Each custodian currently employed at FDA identified by a subject-matter expert, was directed to search for potentially responsive records. *Id.* Each potentially responsive record was then provided to CDRH-DID for review. *Id.* Subject matter experts identified twenty-nine (29) current FDA employees as custodians likely to have responsive records. *Id.* For those custodians identified by subject-matter experts that were no longer employed at FDA, CDRH-DID directed FDA's Office of Information Management and Technology ("OIMT") to search their stored Outlook electronic mail boxes. CDRH-DID requested an email search of three (3) former FDA employees who were likely to have been in possession of records responsive to Plaintiffs' Requests: Peter Como, Steven Silverman, and Lawrence Park. *Id.*

97.    For staff-directed searches within the four CDRH Offices mentioned above, all twenty-nine (29) current FDA employee custodians identified as likely to have responsive records were instructed to search their paper files, all of their Microsoft Outlook email files, and all of their personal computer records. Boston Decl. ¶ 12. These custodians were given copies of the FOIA requests, as well as a matrix that listed all subject-matters requested in the requests. *Id.* Each custodian then provided any potentially responsive records to CDRH-DID staff for review and production. *Id.* These searches conducted by twenty-nine (29) current FDA employee custodians identified as likely to have responsive records resulted in provision of approximately 117,000 pages of potentially responsive records for CDRH-DID's review. *Id.* For searches of former FDA employees that were identified as likely to have been in possession of records responsive to Plaintiffs' Requests, CDRH-DID directed OIMT to search each former employee's Outlook email

records using the search terms: "JRC," "Judge Rotenberg Center," "aversive," "ban," "Tristam Smith," Gary LaVigna," "Fredda Brown," and "James Eason." *Id.*  ¶ 13. OIMT identified and provided approximately 14,500 pages of potentially responsive records for CDRH-DID's review. *Id.*

98.     CDRH-DID reviewed the over 130,000 pages of potentially responsive records and identified over 80,000 pages of responsive records to release.  Boston Decl. ¶ 14.  CDRH-DID released these records, with appropriate redactions pursuant to FOIA and FDA's regulations.  *Id.*

99.     On February 28, 2018, CDRH-DID produced 5,114 pages of responsive records from the Office of the Center Director to Plaintiffs, with portions of the records withheld pursuant to exemptions 4, 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6)).  Boston Decl. ¶ 15.

100.     On April 30, 2018, CDRH-DID released 10,001 total pages of responsive records from the Office of Compliance, the Office of Surveillance and Biometrics, the Office of the Center Director, and the Office of Device Evaluation, with portions of the records withheld pursuant to exemptions 4, 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6)).  Boston Decl. ¶ 16.  On August 6, 2019, CDRH reproduced a four-page record from its April 30, 2018 production after CDRH determined that previously redacted material could be released.  *Id.* ¶ 26.  This record can be found at Bates number CDRH_Production 2-003375-3378.  *Id.*  On November 27, 2019, CDRH reproduced certain pages from its April 30, 2018 production that originally contained imaging errors.  *Id.* ¶ 28.  On January 14, 2020, CDRH provided Plaintiffs with an index showing changes to pagination caused by the re-imaging of certain pages.  *Id.* After Plaintiffs pointed out discrepancies between the pages originally produced and the pages reproduced, CDRH reproduced re-imaged pages again on May 4, 2020.  *Id.*

101.    On June 28, 2018, CDRH-DID released 10,016 total pages of responsive records from the Office of Compliance and the Office of Device Evaluation, with portions of the records withheld pursuant to Exemptions 5 and 6 of the FOIA (5 U.S.C. § (b)(5), (b)(6)).  Boston Decl. ¶ 17.

102.    On August 27, 2018, CDRH-DID released 10,024 total pages of responsive records from the Office of Compliance, the Office of Device Evaluation, the Office of Center Director, custodian Lawrence Park, and consultation records from the New England District Office within FDA's Office of Regulatory Affairs.  Boston Decl. ¶ 18.  Portions of the records were withheld pursuant to Exemptions 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(5), (b)(6)).  *Id.*

103.    On October 26, 2018, CDRH-DID released a 10,097 total pages of responsive records from the Office of Device Evaluation and custodians Steven Silverman and Peter Como, with portions of the records withheld pursuant to Exemptions 4, 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6)).  Boston Decl. ¶ 19.

104.    On December 21, 2018, CDRH-DID-released 10,091 total pages of responsive records from custodian Peter Como, with portions of the records withheld pursuant to exemptions 4, 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6)).  Boston Decl. ¶ 20.

105.    On April 1, 2019, CDRH-DID released 10,027 total pages of responsive records from custodian Peter Como and the Office of the Center Director, with portions of the records withheld pursuant to exemptions 4, 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6)).  Boston Decl. ¶ 21.  On June 11, 2019, CDRH reproduced a seven-page record from the April 1, 2019 production after CDRH determined that previously redacted material could be released.  *Id.* ¶ 25.  This record can be found at Bates number CDRH_Production 7-001982-1988.  *Id.*  On November 27, 2019, CDRH reproduced certain pages from its April 1, 2019 production that

originally contained imaging errors. *Id.* ¶ 28. On January 14, 2020, CDRH provided Plaintiffs with an index showing changes to pagination caused by the re-imaging of certain pages. *Id.*

106.    On May 30, 2019, CDRH-DID released 10,012 total pages of responsive consultation records from the New England District Office within the Office of Regulatory Affairs of FDA, and responsive records from the Office of the Center Director and custodian Peter Como, with portions of the records withheld pursuant to exemptions 4, 5 and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6)). Boston Decl. ¶ 22. On November 27, 2019, CDRH reproduced certain pages from its May 30, 2019 production that originally contained imaging errors. *Id.* ¶ 28. On January 14, 2020, CDRH provided Plaintiffs with an index showing changes to pagination caused by the re-imaging of certain pages. *Id.*

107.    On July 29, 2019, CDRH-DID released 9,261 total pages of responsive records, which included 9,095 pages from the Office of the Center Director, and consultation records from the New England District Office within FDA's Office of Regulatory Affairs, as well as 166 pages of previously produced CDRH records that had been referred to the Department of Health and Human Services, National Institutes of Health, Department of Justice and the Department of Education for review. Boston Decl. ¶ 23. Portions of those records were withheld pursuant to exemptions 4, 5, and 6 of the FOIA (5 U.S.C. § 552 (b)(4), (b)(5), (b)(6). *Id.* On November 27, 2019, CDRH reproduced certain pages from its July 29, 2019 production that originally contained imaging errors. *Id.* ¶ 28. On January 14, 2020, CDRH provided Plaintiffs with an index showing changes to pagination caused by the re-imaging of certain pages. *Id.*

108.    On August 16, 2019, CDRH-DID made a sixty-three (63) page production of responsive consultation records that had been sent to the Department of State. Boston Decl. ¶ 27.

109.     On December 16, 2019, in response to concerns raised by Plaintiffs that they could not easily match records that had been referred to other agencies or components to versions of those records containing those agencies' or components' redactions, CDRH-DID provided Plaintiffs with an index intended to assist Plaintiffs in performing that function.  Boston Decl. ¶ 29. During the course of compiling that index, CDRH-DID noted that certain documents intended to have been referred to other agencies or components had not been so referred.  *Id.*  Therefore, CDRH-DID produced 32 pages of additional records that had been previously referred to other offices or agencies.  *Id.*

110.     On February 12, 2020, Plaintiffs informed FDA that certain records intended to be referred to other agencies or components were not included on the index of referred records that CDRH-DID provided on December 16, 2019.  Boston Decl. ¶ 30.  Plaintiffs provided FDA with a list of such records.  *Id.*  On March 16, 2020, CDRH-DID made a supplemental production of 132 pages of records Plaintiffs had identified that had not previously been referred to the appropriate other agency or component, but that now contained appropriate redactions from those other agencies or components.  *Id.*  CDRH-DID also provided an index matching records Plaintiffs had identified in the list they provided on February 12, 2020, to records in the March 16, 2020 production.  *Id.* ¶ 14.

111.     On March 20, 2020, CDRH-DID reproduced with fewer redactions 1,154 pages of records previously produced with additional material withheld under exemptions 4, and 6 of the FOIA (5 U.S.C. § 552 (b)(4), and (b)(6)) in earlier productions.  Boston Decl. ¶ 31.

112.     On May 4, 2020, CDRH-DID made a supplemental production consisting records referred to CDRH from the New England District Office.  Boston Decl. ¶ 32.  In addition, CDRH

provided an index to assist Plaintiffs in matching records referred from the New England District Office to the document families to which they belong.  *Id.*

<u>DOJ's Law Enforcement Records</u>

113.    DOJ's Civil Rights Division is responsible for the enforcement of numerous criminal civil rights statutes as well as civil enforcement statutes and regulations.  Hermilla Decl. ¶ 4.

114.    The Civil Rights Division opened an investigation of the Judge Rotenberg Center (JRC) for the alleged violation of Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12181-12189, and DOJ's implementing regulation, 28 C.F.R. Part 36.  Hermilla Decl. ¶ 4.  Title III of the ADA prohibits discrimination against individuals with disabilities by public accommodations, including residential non-profit schools, 42 U.S.C. § 12181(7).  Hermilla Decl. ¶ 4 DOJ is authorized to investigate alleged violations of Title III. 42 U.S.C. § 12188(b)(1)(A)(i); Hermilla Decl. ¶ 4.

115.    The Attorney General may commence a civil action in an appropriate United States District Court where he determines that (i) any person or group of persons is engaged in a pattern or practice of discrimination under Title III; or (ii) any person or group of persons has been discriminated against under Title III and such discrimination raises an issue of general public importance.  42 U.S.C. §§ 12188(b)(1)(B); Hermilla Decl. ¶ 4.

<u>Redactions and Withholdings from Documents Produced to Plaintiffs</u>

116.    Records produced to Plaintiffs were reviewed for information exempt from disclosure under FOIA, 5 U.S.C. § 552(b).  Kotler Decl. ¶¶ 40, 42; Recupero Decl. ¶¶ 12, 18; Mednick Decl. ¶¶ 15, 22, 29, 39, 41; Hermilla Decl. ¶ 5; Stein Decl. ¶¶ 6-8; Pickworth Decl. ¶ 14; Marquis Decl. ¶¶ 7-8, 14; Nicholls Decl. ¶ 11; Boston Decl. ¶ 37; Decl. Kilian Kagle ("Kagle

Decl.") (May 1, 2020) ¶ 5; Decl. Gregory Smith ("Smith Decl.") (May 1, 2020) ¶ 9; Suppl. Decl. Eric F. Stein ("Suppl. Stein Decl.") (May 1, 2020) ¶ 8; Decl. Gorka Garcia-Malene ("Garcia-Malene Decl.") (May 4, 2020) ¶ 7.

117.    Review for exempt information was done carefully on a page-by-page, line-by-line basis, and no further information from withheld or partially withheld responsive documents could be made without revealing the information protected by 5 U.S.C. § 552(b).  Kotler Decl. ¶ 40; Recupero Decl. ¶ 20; Mednick Decl. ¶ 39; Hermilla Decl. ¶ 7; Stein Decl. ¶ 11; Pickworth Decl. ¶ 15; Marquis Decl. ¶ 15; Nicholls Decl. ¶ 15; Boston Decl. ¶ 34; Kagle Decl. ¶ 5; Smith Decl. ¶ 9; Suppl. Stein Decl. ¶ 8; Garcia-Malene Decl. ¶ 7.

118.    All redactions and withholdings from records produced to Plaintiffs from components other than CDRH are documented in the Post-Summary Judgment *Vaughn* Index For Non-CDRH Records (the "Non-CDRH Index") filed by the government on May 4, 2020.  2d Suppl. Kotler Decl. ¶¶ 8-9; 2d Suppl. Recupero Decl. ¶¶ 7-8; Suppl. Mednick Decl. ¶¶ 7-8; Gaylord Decl. ¶¶ 6-7; Suppl. Pickworth Decl. ¶¶ 5-6; Hermilla Decl. ¶ 8; 2d Suppl. Nicholls Decl. ¶¶ 6-7.  The Non-CDRH Index provides, if applicable, a detailed description of each document withheld in part or in full, the date of the document, the author and intended recipient of the document, the start and end pages of the document, a claim of relevant exemptions for each redaction, and a particularized explanation of the redacted information.  *Id*.

119.    The Non-CDRH Index documents that information redacted by the government in its productions was exempt from disclosure under exemptions 5 (intra-agency or inter-agency communications not available by law) and 6 (personal privacy information in personnel, medical, and similar files) of FOIA, 5 U.S.C. §§ 552(b)(5), (6).[1]  2d Suppl. Kotler Decl. ¶¶ 8-9; 2d Suppl.

---

[1]    The Non-CDRH Index does not reflect any of Defendants withholdings under Exemption 7(C) (personal privacy information in records compiled for law enforcement purposes) because

Recupero Decl. ¶¶ 7-8; Suppl. Mednick Decl. ¶¶ 7-8; Gaylord Decl. ¶¶ 6-7; Suppl. Pickworth

Decl. ¶¶ 5-6; Hermilla Decl. ¶ 8; 2d Suppl. Nicholls Decl. ¶¶ 6-7; Non-CDRH Index; *see also*

Kotler Decl. ¶ 42; Recupero Decl. ¶ 22; Mednick Decl. ¶ 41; Hermilla Decl. ¶ 9; Pickworth Decl.

¶ 17; Marquis Decl. ¶ 17; Nicholls Decl. ¶ 17.

120.    Information withheld pursuant to Exemption 5 of FOIA included information

protected by the deliberative process privilege and the attorney-client privilege.  2d Suppl. Kotler

Decl. ¶¶ 8-9; 2d Suppl. Recupero Decl. ¶¶ 7-8; Suppl. Mednick Decl. ¶¶ 7-8; Gaylord Decl. ¶¶ 6-

7; Suppl. Pickworth Decl. ¶¶ 5-6; Hermilla Decl. ¶ 8; Second Suppl. Nicholls Decl. ¶¶ 6-7; Non-

CDRH Index; *see also* Kotler Decl. ¶¶ 44-47; Recupero Decl. ¶¶ 24-26; Mednick Decl. ¶¶ 43-44;

Hermilla Decl. ¶ 11; Stein Decl. ¶¶ 7-18; Pickworth Decl. ¶¶ 19-21; Marquis Decl. ¶¶  19-21;

Nicholls Decl. ¶¶ 18-19.

121.    Information withheld pursuant to Exemption 6 of FOIA included, among other

things, medical information and contact information that would constitute a clearly unwarranted

invasion of personal privacy.  2d Suppl. Kotler Decl. ¶¶ 8-9; 2d Suppl. Recupero Decl. ¶¶ 7-8;

Suppl. Mednick Decl. ¶¶ 7-8; Gaylord Decl. ¶¶ 6-7; Suppl. Pickworth Decl. ¶¶ 5-6; Hermilla Decl.

¶ 8; 2d Suppl. Nicholls Decl. ¶¶ 6-7; Non-CDRH Index; *see also* Kotler Decl. ¶¶ 48-49; Recupero

Decl. ¶¶ 27-28; Mednick Decl. ¶¶ 45-46; Hermilla Decl. ¶¶ 12-13; Pickworth Decl. ¶ 22; Marquis

Decl. ¶¶ 22-23; Nicholls Decl. ¶ 20.

122.    The Sample *Vaughn* Index of CDRH Records (the "CDRH Index") filed by the

government on May 4, 2020, documents redactions and withholdings from records produced from

CDRH and required by the parties' agreement to be indexed.  *See* Boston Decl. ¶ 35.  Pursuant to

---

Defendants were granted summary judgment on those claimed exemptions and they are no longer
disputed.  *See Judge Rotenberg Ctr., Inc. v. U.S. Food & Drug Admin.*, 376 F. Supp. 3d 47, 74
n.11 (D.D.C. 2019).

that agreement, FDA selected any record with redactions under Exemption 5 corresponding to every 32nd page of the CDRH productions, then every 26th page in reverse sequential order of the CDRH productions, and then every 20th page of the CDRH production. *Id.* In addition, FDA indexed (1) all records produced after July 29, 2019, (2) all disputed withholdings under Exemption 6, and (3) 200 additional records designated by Plaintiffs. *Id.* FDA also indexed disputed withholdings under Exemption 4. *Id.* After providing Plaintiffs with an initial draft of the CDRH Index, CDRH deleted all entries for records that Plaintiffs informed CDRH were not disputed. *Id.*

123.   The CDRH Index provides, if applicable, a detailed description of each document withheld in part or in full, the date of the document, the author and intended recipient of the document, the start and end pages of the document, a claim of relevant exemptions for each redaction, and a particularized explanation of the redacted information. *See* CDRH Index; Boston Decl. ¶ 36; Kagle Decl. ¶ 6; Smith Decl. ¶¶ 10-12; Suppl. Stein Decl. ¶¶ 7-9; Garcia-Malene Decl. ¶¶ 8-10.

124.   The CDRH Index documents that information redacted by the government in its productions was exempt from disclosure under Exemptions 4 (confidential commercial information), 5 (intra-agency or inter-agency communications not available by law), and 6 (personal privacy information in personnel, medical, and similar files) of FOIA, 5 U.S.C. §§ 552(b)(4), (5), and (6). *See* CDRH Index; Boston Decl. ¶ 37; Kagle Decl. ¶ 6; Smith Decl. ¶¶ 10-12; Supp. Stein Decl. ¶¶ 7-9; Garcia-Malene Decl. ¶¶ 8-10.

125.   Information withheld pursuant to Exemption 4 of FOIA included material relating to the amount a contract witness billed FDA for her work, as well as citations to and copies of unpublished article manuscripts. *See* CDRH Index; Boston Decl. ¶ 39.

34

126.    Information withheld pursuant to Exemption 5 of FOIA included information protected by the deliberative process privilege and the attorney-client privilege.  *See* CDRH Index; Boston Decl. ¶¶ 40-42; Kagle Decl. ¶ 6; Smith Decl. ¶¶ 11-12; Suppl. Stein Decl. ¶¶ 7-9; Garcia-Malene Decl. ¶¶ 9-10.

127.    Information withheld pursuant to Exemption 6 of FOIA included, among other things, names, addresses, and telephone numbers of patients and others.  *See* CDRH Index; Boston Decl. ¶ 44.

Dated: May 4, 2020

Respectfully submitted,

TIMOTHY J. SHEA, DC Bar #437437
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By:   /s/ Robert A. Caplen
ROBERT A. CAPLEN, DC Bar #501480
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 252-2523
robert.caplen@usdoj.gov

Of Counsel:
ROBERT P. CHARROW
General Counsel
Department of Health and Human Services

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel for Litigation

NOAH T. KATZEN
Associate Chief Counsel

SETH I. HELLER
Associate Chief Counsel
U.S. Department of Health and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 29003

*Attorneys for Defendants*