UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:17-cv-02092-BAH |

## JOINT STATUS REPORT

Pursuant to the Court's December 6, 2021 Order in this matter, the parties, through their undersigned counsel, respectfully submit this Joint Status Report.

In late 2020, Plaintiffs, The Judge Rotenberg Educational Center, Inc., The J.R.C. Parents and Friends Association, Inc., and Paul E. Peterson, Ph.D. (collectively, "Plaintiffs"), with the consent of Defendants, the U.S. Food and Drug Administration ("FDA") and the U.S. Department of Health and Human Services (collectively, "Defendants"), moved to stay this action pending the resolution of the consolidated appeals known as *The Judge Rotenberg Educational Center, Inc. v. United States Food and Drug Administration, et al.*, No. 20-1087 (D.C. Cir.), and *Aponte, et al. v. United States Food and Drug Administration, et al.*, No. 20-1088 (D.C. Cir.) (collectively, the "Appeals") [ECF No. 52]. Plaintiffs explained that, in the Appeals, they and others had moved for discovery of certain records, including, but not limited to, unredacted copies of certain of the records at issue in this action (the "Discovery Motions"), and that the resolution of the Discovery Motions in the Appeals might obviate the need for or reduce the scope of further action by this Court under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Court then stayed

1

proceedings in this action [Aug. 24, 2020 Minute Order], until fourteen (14) days after the D.C. Circuit's judgment in the Appeals became final [Sept. 22, 2021 Minute Order].

In the most recent Joint Status Report [ECF No. 57], the parties reported that the D.C. Circuit had denied FDA's petition for *en banc* rehearing of the panel's decision vacating a final rule by FDA and had issued its mandate. However, the parties also explained that FDA had until February 22, 2022 to petition for a writ of *certiorari* to the U.S. Supreme Court, and thus that it remained possible that further proceedings in the Appeals could obviate the need for or reduce the scope of further action by this Court. Therefore, the parties jointly requested that this action remain stayed until fourteen (14) days after the D.C. Circuit's judgment became final and jointly suggested that they submit a further joint status report in this action advising the Court as to the status of the Appeals and any impact on the proceedings in this matter within fourteen (14) days of FDA's February 22, 2022 deadline to file a petition for a writ of *certiorari* to the U.S. Supreme Court. This Court then extended the stay in this action and directed the parties to file a joint status report advising the Court whether further proceedings are necessary and, if so, proposing a schedule for further proceedings in this matter within fourteen (14) days of February 22, 2022 [Dec. 6, 2021 Minute Order].

Since the Court entered its December 6, 2021 Order, FDA's deadline to petition for a writ of *certiorari* to the U.S. Supreme Court expired without FDA having filed any such petition. As a result, the D.C. Circuit's judgment is now final.

**Plaintiffs' Statement**

Though the D.C. Circuit vacated FDA's final rule, it never resolved the Discovery Motions. Moreover, in Plaintiffs' view, the D.C. Circuit's now-final ruling, including its finding that FDA's rulemaking was *ultra vires*, raises new issues concerning the privileges asserted by FDA in this

action, in addition to the unresolved issues presented by FDA's pending summary judgment papers and any potential cross-motion by Plaintiffs. Based on the foregoing, as well as other outstanding issues (including Plaintiffs' potential entitlement to fees in this action), the final resolution of the Appeals did not obviate the need for all further action by this Court.

Nonetheless, after the D.C. Circuit's judgment became final, Plaintiffs and others, through counsel, sent FDA a letter proposing a resolution to various remaining issues between the parties. If the parties are able to reach an agreed-upon global resolution, there will be no need for Plaintiffs to continue seeking in this action the responsive records that Defendants continue to withhold and thus no need for further proceedings in this action.

### Defendants' Statement

Defendants do not share Plaintiffs' view on the unresolved issues in this matter. When the D.C. Circuit vacated FDA's final rule, Plaintiffs' motion for extra-record discovery before the D.C. Circuit (the Discovery Motions) became moot. Until receiving Plaintiffs' statement the day before the parties' deadline to file this status report, Defendants were unaware of Plaintiffs' position that there were issues remaining in this litigation other than legal arguments addressed in Defendants' motion for summary judgment, *see* ECF No. 50, and Plaintiffs' potential entitlement to fees in this action. The letter referenced by Plaintiffs was not sent to the Assistant United States Attorney in this matter and, while FDA acknowledges receipt of the letter and intends to respond in due course, Defendants do not consider it part of this FOIA litigation. Indeed, the letter does not challenge Defendants' withholdings in its release of records to Plaintiffs or otherwise discuss FOIA or any issues before this Court. As such, Defendants agree with Plaintiffs' request for additional time for the parties to discuss an appropriate and efficient path forward with this litigation.

101743562.1

\*       \*       \*

Therefore, the parties jointly request that this matter remain stayed for sixty (60) days so that the parties may work together to develop an efficient path forward in this litigation. The parties further suggest that, within sixty (60) days, the parties submit a further joint status report advising the Court whether the case may be dismissed or whether further proceedings will be necessary and, if so, proposing a schedule for further proceedings.

| | |
|---|---|
| Dated: March 8, 2022 | Respectfully submitted, |
| The Judge Rotenberg Educational Center, Inc. and Paul E. Peterson, Ph.D., | MATTHEW M. GRAVES<br>D.C. Bar #481052<br>United States Attorney |
| /s/ Edward J. Longosz, II<br>Edward J. Longosz, II (D.C. Bar No. 368932)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>1717 Pennsylvania Avenue, Northwest,<br>12th Floor<br>Washington, D.C. 20006<br>T: (202) 659-6619<br>F: (202) 659-6699<br>elongosz@eckertseamans.com | BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By: /s/ Sean M. Tepe<br>SEAN M. TEPE, DC Bar #1001323<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, DC  20530<br>(202) 252-2536<br>sean.tepe@usdoj.gov |
| Michael P. Flammia (*Pro Hac Vice*)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>2 International Place, 16th Floor<br>Boston, MA 02110<br>T: (617) 342-6854<br>F: (617) 342-6899<br>mflammia@eckertseamans.com | *Attorneys for Defendants* |
| The J.R.C. Parents and Friends Association, Inc. and Paul E. Peterson, Ph.D., | |
| /s/ Max D. Stern<br>Max D. Stern (*Pro Hac Vice*)<br>TODD & WELD, LLP<br>1 Federal Street<br>Boston, MA 02110<br>T: (617) 624-4712<br>F: (617) 227-5777<br>mdstern@toddweld.com | |
| *Attorneys for Plaintiffs* | |

101743562.1

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Joint Status Report has been made through the Court's electronic transmission facilities on this 8th day of March 2022.

/s/ Edward J. Longosz, II
Edward J. Longosz, II

101743562.1