UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 17-2092 (BAH)

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 3

STANDARD OF REVIEW ................................................................................................. 4

ARGUMENT ...................................................................................................................... 6

    I.     Plaintiffs Unduly Delayed Seeking to Supplement Their Complaint ..................... 7

    II.    Defendants Are Prejudiced by Plaintiffs' Untimely Request for
        Supplementation ..................................................................................................... 9

        A.     Permitting Supplementation at This Advanced Stage of Litigation
              Would be Unjust, Improper, and Would Derail the Litigation ................. 10

        B.     The Interest of Judicial Economy Weighs Against
              Supplementation ..................................................................................... 13

        C.     Plaintiffs Are Not Prejudiced by Filing a Separate Lawsuit ..................... 15

        D.     Multiple Forms of Prejudice Exist and Warrant Denial of
              Supplementation ..................................................................................... 17

        E.     The Relief Plaintiffs Seek is Inappropriate ............................................. 19

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Adair v. Johnson*, 216 F.R.D. 183 (D.D.C. 2003) ............................................................ 18

*Aftergood v. CIA*, 225 F. Supp. 2d 27 (D.D.C. 2002)....................................................... 11

*Am. Oversight v. Dep't of Health & Human Servs.*,
    Civ. A. No. 20-0947 (TNM), 2020 WL 3469687 (D.D.C. June 25, 2020) ...................... 16

*Am. Soc'y for Prevention of Cruelty to Animals v.*
    *Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39 (D.D.C. 2007) .................... 14

*Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) .................................... 5

*Bloche v. Dep't of Def.*, Civ. A. No. 07-2050 (HHK/JMF),
    2009 WL 1330388 (D.D.C. May 13, 2009)......................................................... 13, 14, 15

*Cause of Action Inst. v. Dep't of Just.*, 282 F. Supp. 3d 66 (D.D.C. 2017) ................................ 15

*Childers v. Mineta*, 205 F.R.D. 29 (D.D.C. 2001)............................................................ 18

*Clemente v. FBI*, 71 F. Supp. 3d 262 (D.D.C. 2014).................................................... 19

*Djourabchi v. Self*, 240 F.R.D. 5 (D.D.C. 2006) ............................................................ 9

*Elkins v. District of Columbia*, 690 F.3d 554 (D.C. Cir. 2012) ....................................... 7

*Equity Group, Ltd. v. Painewebber, Inc.*, 839 F. Supp. 930 (D.D.C. 1993)................................ 14

*Estate of Gaither ex rel. Gaither v. District of Columbia*, 272 F.R.D. 248 (D.D.C. 2011).......... 18

*Foman v. Davis*, 371 U.S. 178 (1962) ................................................................... 5

*Food & Water Watch v. Dep't of Ag.*, Civ. A. No. 17-1714 (BAH),
    2019 WL 2423833 (D.D.C. June 10, 2019).................................................................. 17

*Gomez v. Wilson*, 477 F.2d 411 (D.C. Cir. 1973)............................................................ 5

*Hall v. CIA*, 437 F.3d 94 (D.C. Cir. 2006).................................................................. 5

*Harrington v. FDA*, Civ. A. No. 20-1895 (JEB), 2022 WL 179330 (D.D.C. Jan. 20, 2022)....... 19

*Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*,
    213 F.R.D. 63 (D.D.C. 2003)............................................................................. 14, 15

*James Madison Project v. Dep't of Just.*, 208 F. Supp. 3d 265 (D.D.C. 2016)...................... 10, 12

*Jo v. District of Columbia*, 582 F. Supp. 2d 51 (D.D.C. 2008) .................................................. 10

*Lover v. District of Columbia*, 248 F.R.D. 319 (D.D.C. 2008) ...................................................... 6

*Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101 (D.D.C. 2013)........................................ 6, 14

*Nat'l Sec'y Counselors v. CIA*, 322 F.R.D. 41 (D.D.C. 2017) .................................................. 16

*Parish v. Frazier*, 195 F.3d 761 (5th Cir. 1999).............................................................. 6

*Petrucelli v. Dep't of Just.*, No. 18-cv-0729, 2020 WL 1323136 (D.D.C. Mar. 20, 2020).......... 10

Powell v. IRS, Civ. A. No. 18-2675 (JEB), 2019 WL 4750317 (D.D.C. Sept. 30, 2019)............ 11

*Price v. Unite Here Local 25*, 883 F. Supp. 2d 146 (D.D.C. 2012)................................................ 14

*Sai v. Transp. Sec. Admin.*, 326 F.R.D. 31 (D.D.C. 2018) ...................................................... 13, 14

*Singh v. Carter*, 185 F. Supp. 3d 11 (D.D.C. 2016) ........................................................ 16

*Thorp v. District of Columbia*, 325 F.R.D. 510 (D.D.C. 2018)........................................ 10, 14, 15

*Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18 (D.D.C. 2008) ..................................... 5

*WP Co. LLC v. Dep't of Homeland Sec.*, Civ. A. No. 20-1487 (TNM),
    2021 WL 7184166 (D.D.C. Feb. 22, 2021) ........................................................ 10, 12, 18

*Xingru Lin v. District of Columbia*, 319 F.R.D. 1 (D.D.C. 2016) .................................................. 5

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)........................................... 9

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................... 5, 13

Fed. R. Civ. P. 15(a) ............................................................................................................ 4

Fed. R. Civ. P. 15(a)(2)......................................................................................................... 5

Fed. R. Civ. P. 15(d) ................................................................................................... 4, 5, 10

Fed. R. Civ. P. 42(a) ........................................................................................................... 16

**INTRODUCTION**

Defendants U.S. Food and Drug Administration ("FDA") and U.S. Department of Health and Human Services respectfully oppose Plaintiffs' motion for leave to amend their complaint ("Motion"), ECF No. 62. In October 2017, Plaintiffs filed this Freedom of Information Act ("FOIA") action "to compel the production of agency records . . . concerning FDA's Proposal To Ban Electrical Stimulation Devices Used To Treat Self-Injurious or Aggressive Behavior" and "the electrical stimulation device that [Plaintiff The Judge Rotenberg Educational Center, Inc.] uses to treat the self-injurious and aggressive behavior of some of its patients." Compl. ¶ 1. In response, FDA searched for, reviewed, and produced all non-privileged records responsive to Plaintiffs' nine FOIA requests, totaling approximately 104,000 pages. *See* ECF No. 25 at 5 (Defendants have released 24,000 pages of records); ECF No. 50 at 11 (Center for Devices and Radiological Health ("CDRH") ultimately produced over 80,000 pages). Defendants filed a partial motion for summary judgment as to some of the records in 2018 and filed a motion for summary judgment as to the remaining records on May 4, 2020. *See* ECF No. 50.

Plaintiffs still have not responded to Defendants' May 4, 2020, summary judgment motion. Instead, after staying this case while Plaintiffs litigated before the D.C. Circuit and successfully challenged FDA's ban of Electrical Stimulation Devices ("ESDs") used to treat self-injurious or aggressive behavior (the "Ban"), Plaintiffs now ask this Court to add a new massive, fifty-one part FOIA request (with over ninety sub-parts) to this case. *See* ECF No. 61-2 at 1-9 (March 28, 2022 Request seeking records from July 20, 2016 through March 28, 2022) ("2022 Request"). By requesting that the 2022 Request be added to the case, Plaintiffs seek to delay indefinitely their response to FDA's pending motion for summary judgment, while FDA spends months, if not years,

responding to the 2022 Request.  Despite successfully vacating the Ban, which was Plaintiffs' primary justification for this lawsuit, Plaintiffs do not want this case to end.

Instead, Plaintiffs now contend that the 2022 Request should be added to this case because FDA "had been lobbying Congress to legislatively circumvent" the D.C. Circuit's decision vacating the Ban, ECF No. 62-2 at 10-11, and Plaintiffs need to "learn about FDA's recent efforts to prohibit" their use of ESDs, ECF No. 62-2 at 2.  Plaintiffs' shifting justifications for perpetuating this lawsuit, coupled with Plaintiffs' allegations of FDA's "bad faith regulation" of its ESDs and their refusal to respond to FDA's summary judgment motion filed on May 4, 2020, show Plaintiffs intend to use this FOIA case as a vehicle to unduly burden and disparage FDA, and indefinitely delay resolution of this case.  *See* ECF No. 62-2 at 10-11.

None of the grounds Plaintiffs articulate in their Motion support amendment of the 2017 complaint at this late stage of litigation.  Plaintiffs' 2022 Request is a separate FOIA request from the requests at issue here.  If Plaintiffs wish to sue FDA on the 2022 Request, they may do so in a separate action.  The parties can then negotiate in that proceeding an appropriate schedule for processing and production of responsive records.  Permitting Plaintiffs to amend their pleading at this late juncture to add the 2022 Request, circumvent the parties' negotiations to determine an appropriate processing and production schedule addressing the 2022 Request, and delay resolution of the long-pending summary judgment motion in this case is inappropriate and highly prejudicial to Defendants.

For the reasons set forth below, the Court should deny Plaintiffs' Motion and order Plaintiffs to file their long overdue response to Defendants' summary judgment motion by no later than November 30, 2022.  *See* ECF No. 61 at 7-8, 13.

**BACKGROUND**

Plaintiffs initiated this FOIA action in October 2017 to obtain records related to FDA's proposed, and eventual final, rule to ban ESDs used to treat self-injurious or aggressive behavior under FDA's authority to ban devices pursuant to 21 U.S.C. § 360f.   *See* Compl. ¶ 1.   The parties briefed partial cross-motions for summary judgment in 2018 addressing records produced by FDA components other than the CDRH.   *See* Min. Order (Feb. 2, 2018); ECF Nos. 24-25, 28-30, 33-35.   In granting in part and denying in part each cross-motion, the Court observed that this case is "onerous," adding that Plaintiffs' "massive FOIA requests returned over 24,000 responsive records, to say nothing of the 60,000 records that CDRH is in the process of producing."   ECF No. 39 at 40.   After FDA produced all non-privileged records responsive to Plaintiffs' nine FOIA requests, Defendants again moved for summary judgment in May 2020.   ECF No. 50.   Plaintiffs' opposition and cross-motion were due on June 30, 2020.   *See* Min. Order (July 30, 2019).

On June 19, 2020, Plaintiffs moved to extend their filing deadline to August 31, 2020.   *See* ECF No. 51.   The Court granted this request.   *See* Min. Order (June 19, 2020).   On August 21, 2020, Plaintiffs requested a stay of these proceedings pending the briefing and resolution of their challenge to the Ban filed in the D.C. Circuit.   *See* ECF No. 52.   The Court granted this request, *see* Min. Order (Aug. 24, 2020), and extended the stay multiple times thereafter.

In or about late March 2022, Plaintiffs submitted to FDA their 2022 Request.   *See* ECF Nos. 62-2 at 63-3 at 246.   In the parties' May 5, 2022, joint status report, the first filing docketed after Plaintiffs submitted their 2022 Request, Plaintiffs were silent about their 2022 Request.   *See* ECF No. 59.   Instead, Plaintiffs represented that they agreed to review Defendants' pending summary judgment motion "for potential ways to *narrow the remaining issues*" and the parties would continue their discussions to determine "what, if any, Court proceedings remain necessary

and assist in *narrowing the scope* of any future Court review." *Id.* at 2 (emphasis added). Upon consideration of the parties' submission, the Court extended the stay and directed the parties to file another joint status report. *See* Min. Order (May 10, 2022).

In the parties' next joint status report dated July 14, 2022, Plaintiffs disclosed to the Court for the first time that, four months earlier, they submitted to FDA their 2022 Request. ECF No. 61 at 4. Rather than pursuing ways to narrow the remaining issues in this case, as they represented in May 2022, Plaintiffs declared their intention to seek amendment of their complaint to include the 2022 Request.[1] *See id.* Plaintiffs asserted that expanding the scope of this case to include the 2022 Request was appropriate because (1) Plaintiffs need information to advance their lobbying efforts, (2) this Court has "the most comprehensive knowledge concerning the parties and the issues involved in Plaintiffs' requests and Defendants' responses" to the original FOIA requests at issue, and (3) Plaintiffs anticipate FDA would withhold records responsive to the 2022 Request under the same FOIA exemptions invoked to "withhold records responsive to Plaintiffs' initial requests." *Id.* at 5. The Court then entered a briefing schedule to address amendment of the pleadings, *see* Min. Order (July 15, 2022), and Plaintiffs' Motion followed.

## STANDARD OF REVIEW

Courts typically resolve motions to amend under Federal Rule of Civil Procedure ("Rule") 15(a) and motions to supplement under Rule 15(d) via the same standard. *See Wildearth*

---

[1] In a joint status report dated March 25, 2020, Plaintiffs indicated an intention to seek a motion to compel and other immediate relief. *See* ECF No. 48 at 2-3. In response, Defendants noted that the "Complaint—which [Plaintiffs] have not sought to amend—does not seek relief with respect to these requests." *Id.* at 4. Defendants represented at the time that, "[s]hould Plaintiffs move to file an amended complaint, Defendants reserve the right to oppose that motion" and to request that summary judgment briefing, which had not yet at that time commenced, be held in abeyance while the parties litigated any motion to amend. *Id.* To the extent Plaintiffs suggest that Defendants' agreed to stay summary judgment briefing if Plaintiffs were permitted to amend the complaint, Plaintiffs mischaracterize Defendants' position.

4

*Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).   The key difference between the two Rules is that amendments "relate[d] to matters that occurred prior to the filing" of the pleading to be amended, whereas supplements "set[] forth transactions or occurrences or events which have happened since" that pleading.   *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006).

Rule 15(a) provides that leave to amend a pleading shall be "freely give[n] [] when justice so requires."   Fed. R. Civ. P. 15(a)(2).   But leave may be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."   *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 15(d) provides that a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."   Fed. R. Civ. P. 15(d).   The intent of Rule 15(d) is to make pleadings "a means to achieve an orderly and fair administration of justice."   *Gomez v. Wilson*, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973).   Although the decision to grant a motion for leave to file a supplemental pleading falls within the Court's discretion, *Xingru Lin v. District of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016), a Rule 15(d) motion should be granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.   *See Hall*, 437 F.3d at 101; *see also* Fed. R. Civ. P. 1 (providing that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").   Permitting a plaintiff to amend a complaint "may unduly prejudice a defendant if amendment would delay the litigation or 'expand[]

5

the allegations beyond the scope of the initial complaint.'"  *Lover v. District of Columbia*, 248 F.R.D. 319, 322 (D.D.C. 2008) (citing *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999)). Courts will also deny motions to amend "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal."  *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133 (D.D.C. 2013) (Howell, J.).

## ARGUMENT

Defendants responded fully to the nine FOIA requests at issue in the 2017 Complaint, and, in May 2020, filed a second lengthy summary judgment motion to which Plaintiffs have not yet responded.   Plaintiffs now ask the Court to pause these proceedings indefinitely so that Plaintiffs can add a new, voluminous FOIA request to this lawsuit and demand that FDA, beginning on October 31, 2022, and every 60 days thereafter, produce at least 5,000 pages of responsive records. Given this case's current procedural posture, Plaintiffs' requests to add a new FOIA request at this late stage in these proceedings and engage in "consolidated summary judgment briefing" only after processing of the 2022 Request is complete, ECF No. 62 at 2, are inefficient, unduly delay resolution of this litigation, expand the scope of the original Complaint, and are highly prejudicial to Defendants.

Plaintiffs should not be permitted to use Rule 15's supplementation rules to expand this litigation because doing so would set a precedent by allowing litigious and well-resourced plaintiffs to "jump the line" and have their requests continuously processed before other requesters. Further, allowing Plaintiffs to add the 2022 Request at this late stage would permit FOIA requestors to extend litigations indefinitely by serially filing updated requests for records post-dating those requests currently in dispute between the parties.   The Court should deny Plaintiffs'

6

Motion and direct the parties to complete briefing summary judgment in accordance with the schedule proposed in the July 2022 joint status report.   *See* ECF No. 61 at 7-8.

## I.        **Plaintiffs Unduly Delayed Seeking to Supplement Their Complaint**

Undue delay "is a valid reason to reject a party's attempt to add a new theory of liability to a complaint."   *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012).   As explained below, Plaintiffs unduly delayed seeking to supplement their complaint.

First, Plaintiffs have not "diligently pursued the requested amendment."   ECF No. 62-2 at 14.   This case has been pending since 2017, and this belated motion to supplement the complaint with an entirely new FOIA request is meant to cause delay and inconvenience and not the speedy disposition of this litigation.   Plaintiffs' delay in requesting addition of the 2022 Request to this case is telling.   Although Plaintiffs had ample opportunity to apprise the Court of the 2022 Request upon its submission in March 2022, they remained silent in the parties' May 9 Joint Status Report about the (1) existence of the 2022 Request, (2) status of FDA's response to the 2022 Request, and (3) impact, if any, Plaintiffs believed the 2022 Request might have upon these proceedings.   Plaintiffs simply represented in the May 9 Joint Status Report that "the parties have consulted about an efficient path forward in this action," identified specific steps the parties were undertaking to "work together to narrow the remaining issues," and indicated the parties would continue those efforts "in the event further proceedings remain necessary."   ECF No. 59 at 2-3.   Thus, it is apparent that Plaintiffs decided there was no need to add the 2022 Request to this case back in March 2022 when they submitted the 2022 Request, in late April 2022 when they believed FDA violated the FOIA by not responding to the 2022 Request, or as of May 9 when the parties filed their joint submission.   The same is true for the parties' joint motion for extension of time filed on June 23, 2022, wherein Plaintiffs again were silent about the (1) existence of the 2022

Request, (2) status of FDA's response to the 2022 Request, and (3) impact, if any, Plaintiffs believed the 2022 Request might have upon these proceedings. *See* ECF No. 60 at 1. Plaintiffs merely represented in the June 23 joint motion that the parties "require additional time to discuss the next steps in this litigation." *Id.*

If Plaintiffs had determined that these proceedings should be supplemented with the 2022 Request, Plaintiffs had a duty of candor and responsibility to apprise the Court promptly and had ample opportunities to do so. Nothing precluded Plaintiffs from filing a notice with the Court at the time of their submission in March 2022, filing a notice with the Court in late April 2022 (20 working days after the FOIA request was submitted), or referencing the 2022 Request in the May 9 or June 23 joint filings. Plaintiffs, however, waited until July 14, 2022, to reveal to the Court the existence of the 2022 Request and make a plea for "assistance of this Court in compelling FDA to release records responsive to the 2022 Request in a timely manner." ECF No. 61 at 5. The duration of Plaintiffs' delay attempts to shift the burden of this litigation to FDA, particularly where Defendants' summary judgment motion has been pending since May 2020, to which Plaintiffs have not yet responded. For these reasons, Plaintiffs cannot plausibly contend that they "have proceeded with all possible haste to bring their claim concerning the 2022 FOIA Request before this Court." ECF No. 62-2 at 15.

Second, the Court should accord no weight to Plaintiffs' accusation that Defendants are responsible for this protracted litigation. Plaintiffs' assertion that their Motion "may well have been avoided[] if CDRH had not taken three years, from July of 2016 to July of 2019, to produce . . . records responsive to Plaintiffs' 2016 FOIA Requests," ECF No. 62-2 at 14, is irrelevant and, more importantly, ignores that CDRH was tasked with what the Court acknowledged were "massive FOIA requests," ECF No. 39 at 40, that required the review and

production of an inordinate number of records and required sufficient time for processing.   FDA's CDRH complied with the Court's order to make rolling productions of no fewer than 5,000 pages per month, *see* Min. Order (Feb. 2, 2018).

In sum, the record demonstrates that Plaintiffs did not diligently pursue their requested supplementation despite ample opportunities to inform the Court of their pending 2022 Request and opine about its impact upon this litigation and the parties' efforts to resolve outstanding issues in these proceedings.   Plaintiffs' conduct and prior representations both to Defendants and the Court are inconsistent with a party that diligently pursued seeking supplementation.   Instead, the record shows that Plaintiffs used the 2022 Request as a last resort to avoid responding to FDA's summary judgment motion under the pretext that FDA should respond to the 2022 Request— which could take years—and only then update Defendants' summary judgment motion before Plaintiffs should devote any resources to file an opposition brief or cross-motion for summary judgement.[2]   The Court should deny Plaintiff's Motion accordingly.

II.      **Defendants Are Prejudiced by Plaintiffs' Untimely Request for Supplementation**

Plaintiffs' request to supplement a 5-year-old Complaint in the middle of summary judgment briefing with a new, massive FOIA request significantly prejudices Defendants.   When considering a request for supplementation, courts are required to take into account any prejudice that the opposing party would suffer as a result.   *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330-31 (1971).   The "possibility of prejudice" is the "most important factor" the Court must consider.   *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006).

---

[2]      FDA's continued efforts to narrow the issues in this case contrasts with Plaintiffs' request to supplement.   Indeed, at Plaintiffs' request, FDA is in the process of reviewing 125 redacted documents and intends to provide a response to Plaintiffs by October 3, 2022.   *See* ECF No. 61 at 13 ("FDA is willing to review Plaintiffs' list of 125 redacted records as part of a good-faith effort to narrow the remining issues in this case.").

**A.     Permitting Supplementation at This Advanced Stage of Litigation Would be Unjust, Improper, and Would Derail the Litigation**

Rule 15(d) allows the Court to permit, "on just terms," a party to supplement a pleading. Fed. R. Civ. P. 15(d).   The supplementation Plaintiffs request here, however, does not constitute "just terms" under Rule 15(d).   To the contrary, Plaintiffs' Motion arrives at a "critical juncture" in this case, *Thorp v. District of Columbia*, 325 F.R.D. 510, 514 (D.D.C. 2018), following the Court's 2019 ruling on the parties' first round of summary judgment briefing that narrowed the issues in this case, *see* ECF No. 38-39, and during pendency of a second round of summary judgment briefing that began in 2020, *see* ECF No. 50.   It is not proper for Plaintiffs to supplement their Complaint with a new, massive FOIA request because the parties have been litigating this matter for over five years and a second round of summary judgment briefing is in progress. Because a party may not amend a complaint in response to a summary judgment motion, *see Petrucelli v. Dep't of Just.*, No. 18-cv-0729, 2020 WL 1323136, at *5 (D.D.C. Mar. 20, 2020) (quoting *Jo v. District of Columbia*, 582 F. Supp. 2d 51, 64 (D.D.C. 2008)), the pendency of Defendants' summary judgment motion, standing alone, warrants denial of Plaintiffs' Motion. *See James Madison Project v. Dep't of Just.*, 208 F. Supp. 3d 265, 280 (D.D.C. 2016) (denying leave to supplement where the plaintiff "failed . . . to amend the Complaint until after summary judgment briefing had begun and its opposition was due").

None of the cases upon which Plaintiffs rely permit amendment or supplementation of a complaint mid-summary judgment.   The Court in *WP Company LLC v. Department of Homeland Security*, Civ. A. No. 20-1487 (TNM), 2021 WL 7184166, at *1 (D.D.C. Feb. 22, 2021), allowed supplementation because that litigation was "not at such an 'advanced stage,'" not all productions had been completed, and, critically, "no summary judgment briefing schedule has been set*." Id*. Similarly, the *Powell v. IRS,* Civ. A. No. 18-2675 (JEB), 2019 WL 4750317, at *3 (D.D.C. Sept.

10

30, 2019), court determined that the defendant was not prejudiced by supplementation because the case had "barely gotten off the ground," because the agency had "not yet filed its forthcoming motion for summary judgment on the Amended Complaint claims, so the supplemental material will not derail the litigation." *Id.* *Aftergood v. CIA*, 225 F. Supp. 2d 27 (D.D.C. 2002), is similarly inapposite to Plaintiffs' request for supplementation. In *Aftergood*, the court addressed a "specific procedural question"—"[w]hen the statute of limitations bars the claims set out in a complaint, may the plaintiff file a supplemental complaint that brings new similar claims based on a subsequent similar transaction?"—that is not implicated here. *Id.* at 31. Regardless, the *Aftergood* court permitted supplementation of the complaint to allow the plaintiff to add a "substantively identical" FOIA request when it became apparent that the FOIA request in the original complaint was barred by the statute of limitations and permitting supplementation was more efficient than forcing the Plaintiff to file a new complaint in a new case for an identical FOIA request. *Id.* The court noted that "discovery ha[d] not yet begun . . . Therefore, granting the plaintiff's motion will not surprise or prejudice the defendant that is already familiar with the [time barred request]." *Id.* The facts here starkly differ from those in *Aftergood* in that collection and review of records began long ago, the parties are in the midst of their second round of summary judgment briefing, and the 2022 Request is different in scope and timeframe than those already in the case.

Faced with a lack of precedent supporting supplementation in this litigation, Plaintiffs attempt to explain away the current procedural posture by suggesting that the "parties have repeatedly reported to the Court their agreement that another round of summary judgment briefing will be required." ECF No. 62-2 at 17 (suggesting that "two disputed issues concerning the smaller First Track productions" might require additional summary judgment briefing). That the

parties may require—and, indeed, commenced—additional summary judgment briefing reaffirms that this case has reached an advanced stage of litigation that renders supplementation inappropriate. *Cf. WP Co.*, 2021 WL 7184166, at *1 (permitting amendment where "no summary judgment briefing schedule has been set" and finding the litigation was not "at such an 'advanced stage'"). Unlike the *Powell* case, this action is well "off the ground," and unlike the *Aftergood* and *WP Company* cases, summary judgment has been briefed. The prejudice FDA would suffer by allowing Plaintiffs to add the 2022 Request to this case far exceeds the *de minimis* prejudice noted in the cases Plaintiffs rely upon.

Plaintiffs' explication of how supplementation would impact FDA's pending summary judgment motion far understates the prejudice and burden supplementation would actually cause. Plaintiffs casually contend that "there is no apparent reason why Defendants would not be able to simply re-file [*Vaughn* indices and declarations addressing the original FOIA requests at issue] in connection with a combined summary judgment briefing concerning the 2016 FOIA Requests and the 2022 FOIA Request." ECF No. 62-2 at 17-18. Plaintiffs' argument finds no support in the case law and, more importantly, fails to fairly consider the prejudice FDA would suffer if forced to amend its pending summary judgment motion—which included 14 declarations, numerous other exhibits, and totaled 901 pages. *See* ECF No. 50. This Court has explained that summary judgment preparation is burdensome and prejudicial to the extent a motion to supplement would cause the non-moving party to revise its already-filed motion.

For example, the *James Madison Project* court found prejudice to defendants that "have already spent considerable time and effort briefing summary judgment on the issues presented" in the litigation. 208 F. Supp. 3d at 280. In doing so, the district court recognized that preparing a summary judgment brief was "no small matter" because it required "thorough review of all

12

requests, searches, and results; preparation of affidavits as needed for each agency; coordination between counsel at five different federal entities and the AUSA; preparation of the motion for summary judgment, with its concomitant review and changes by five client agencies; and, least difficult, filing with the Court." *Id.* For the same reasons, because Defendants have already fully responded to Plaintiffs' FOIA requests and completed a 901-page summary judgment filing, *see* ECF No. 50, a motion to supplement the complaint at this stage would considerably prejudice Defendants, derail this litigation, and require the parties and the Court to "put this case to one side while everyone awaits further developments," *i.e.*, completion of processing and production of records responsive to the 2022 Request—which, given the massive 2022 Request, could take years. *Bloche v. Dep't of Def.*, Civ. A. No. 07-2050 (HHK/JMF), 2009 WL 1330388, at *2 (D.D.C. May 13, 2009) (denying FOIA requestors motion to amend the complaint stating that "although supplementation of the complaint would not create any undue surprise for defendants and although the supplemental facts are clearly connected to the original pleading, the parties are close to final resolution of the case, less than one month shy of the filing of dispositive motions.").

**B.      The Interest of Judicial Economy Weighs Against Supplementation**

Plaintiffs' argument—and contention that "there can be no prejudice from the fact that Defendants will have to begin producing records responsive to the 2022 Request and to file a responsive pleading to the Amended Complaint, ECF No. 62-2 at 18—disregards the interest of judicial economy, not to mention the mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Sai v. Transp. Sec. Admin.*, 326 F.R.D. 31, 35 (D.D.C. 2018) (citing Rule 1 and explaining that a litigation strategy that "offers no end" is "unfair to the opposing party" because it "presents precisely the type of 'moving target' that delays

13

the resolution of long-pending cases"). "Ordinarily, the 'strongest argument' in favor of allowing leave to file a supplemental complaint is 'judicial economy.'" *Thorp*, 325 F.R.D. at 514 (quoting *Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003)). Here, as in *Thorp*, granting Plaintiffs' Motion would delay a resolution of Defendants' pending summary judgment motion—possibly for years—while FDA completes processing records responsive to the massive 2022 Request. Proceeding in this inefficient and unnecessary manner only "further complicate[s] and lengthen[s] this already protracted litigation and cause[s] undue burden" to Defendants. *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 246 F.R.D. 39, 44 (D.D.C. 2007); *accord Bloche*, 2009 WL 1330388, at \*2; *see also Sai*, 326 F.R.D. at 35 (declining motion to amend to add new claims because doing so "would inevitably extend [the summary judgment briefing] schedule by many months, and perhaps longer" and, consequently, "would not serve the interests of justice").

Litigation must come to an end and Plaintiffs should not be permitted to "keep this case alive indefinitely by shifting [its] legal theories at the last minute." *Price v. Unite Here Local 25*, 883 F. Supp. 2d 146, 154 (D.D.C. 2012); *see also Equity Grp., Ltd. v. Painewebber, Inc.*, 839 F. Supp. 930, 932 (D.D.C. 1993) ("The Court finds that the amended complaint is merely a tactic designed to evade summary judgment, and that to allow amendment at this time would protract the litigation and thus prejudice defendant."). As this Court explained in *National Security Counselors*, a plaintiff may not utilize Rule 15 "to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery." 960 F. Supp. 2d at 135 (internal quotation marks omitted). If requesters were permitted to supplement their pleadings each time they submitted a new FOIA request, then pending FOIA litigation addressing earlier, separate requests could continue indefinitely. The Rules do not permit this. Supplementation under Rule

14

15 is not intended "to provide litigants a tool to preclude the sun from setting on their or any case." *Cause of Action Inst. v. Dep't of Just.*, 282 F. Supp. 3d 66, 75 (D.D.C. 2017) (cleaned up).

Plaintiffs' assertion that "it is likely Defendants would have to expend even more resources if Plaintiffs prosecuted their claim concerning the 2022 Request in a separate action," ECF No. 62-2 at 18, is pure speculation and likely untrue. Had Plaintiffs timely filed a separate action in late April 2022 contesting Defendants' non-responsiveness to the 2022 Request, the parties may have already negotiated in that proceeding an appropriate schedule for processing and production of responsive records to the 2022 Request. Forcing Defendants to amend their 901-page summary judgment filing after spending many months or several years responding to the massive 2022 Request would be substantially more burdensome than completing summary judgment in this case and allowing the 2022 Request to be litigated separately.

**C.    Plaintiffs Are Not Prejudiced by Filing a Separate Lawsuit**

More fundamentally, Plaintiffs' assertion diverts the Court's attention from the more important question "whether the denial of the amendment or supplement compromises [Plaintiffs'] chances of recovery." *Health Ins. Ass'n of Am.*, 21 F.R.D. at 66. No such risk exists here since Plaintiffs can institute a new lawsuit and prosecute their FOIA claim in a separate action. *See Thorp*, 325 F.R.D. at 514. Plaintiffs acknowledge that nothing precludes them from filing a separate action. *See* ECF No. 62-2 at 18. They even reserve their right to file a separate action. *See id.* at 21 n.9. Moreover, the only practical consequence of denying Plaintiffs' Motion "would be to save [them] the filing fee of the new suit," which is "hardly enough reason to preclude this case from coming to its prompt conclusion[.]"[3] *Bloche*, 2009 WL 1330388, at *3.

---

[3]    Plaintiffs suggest that supplementation "will also avoid inconsistences" and opine that "a different action before a different judge would entail a very real possibility of a decision concerning an Exemption 5 withholding issue that would conflict with this Court's prior decision

Lastly, Plaintiffs contend that any "[m]otion practice on consolidation of the new action with this action would only add to the inevitable inefficiencies," ECF No. 62-2 at 18 n.7, and state they "reserve[] the right to file a separate lawsuit with its claim concerning the 2022 FOIA Request, and then move to consolidate that claim with this litigation," *id.* at 21 n.9.   As discussed above, Plaintiffs' willingness to file a new FOIA lawsuit addressing the 2022 Request demonstrates they are not prejudiced by proceeding in that manner.   Plaintiffs' insistence upon consolidation so that the 2022 Request be adjudicated before this particular Court is suspect.   *See supra* n.3.   It also is legally flawed because consolidation is not available to Plaintiffs.[4]

---

and/or its future summary judgment decision(s) on the 2016 FOIA Requests."   ECF No. 62-2 at 20-21.   Plaintiffs further contend that the 2022 Request should be before this Court "based on its intimate familiarity with the parties' dispute."   *Id.* at 21.   These arguments are flawed and speculative.   First, it is common for separate FOIA requests on similar topics to be litigated separately.   Second, the examination of challenges to FOIA exemptions is often context-specific, regardless of whether the underlying records relate to the same subject matter.   Plaintiffs' assertion that one summary judgment decision would necessarily apply to records pertaining to the same or similar subject matter is speculative and does not support the supplementation of Plaintiffs' complaint with the 2022 Request at this late stage of litigation.   Similarly, Plaintiffs' concerns about hypothetical inconsistencies are pure speculation.   Finally, these arguments suggest the appearance of forum and judge shopping, which are improper.   The Court's familiarity with issues related to the original nine FOIA requests has no bearing on the 2022 Request or unripe substantive issues arising therefrom.

[4]      The Court may consolidate cases involving "[c]ommon questions of law or fact."   Fed. R. Civ. P. 42(a).   When exercising their discretion to consolidate, courts weigh the risk of prejudice and confusion wrought by consolidation "against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."   *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016).   FOIA-related consolidation cases are uncommon. *Am. Oversight v. Dep't of Health & Human Servs.*, Civ. A. No. 20-0947 (TNM), 2020 WL 3469687, at *1 (D.D.C. June 25, 2020).   Among the several factors identified by the *American Oversight* court that inform a consolidation determination is "whether the cases have a common procedural posture."   *Id.* (citing *Nat'l Sec'y Counselors v. CIA*, 322 F.R.D. 41 (D.D.C. 2017)). As discussed above, Plaintiffs cannot make any showing that consolidation of any new lawsuit addressing the 2022 Request with these proceedings, wherein Defendants' productions are complete and the parties are in the middle of summary judgment briefing, is appropriate.

16

**D.      Multiple Forms of Prejudice Exist and Warrant Denial of Supplementation**

Plaintiffs cite *Food & Water Watch v. Department of Agriculture*, Civ. A. No. 17-1714 (BAH), 2019 WL 2423833 (D.D.C. June 10, 2019), to suggest Defendants are not prejudiced by supplementation of the Complaint. ECF No. 62-2 at 18.   *Food & Water Watch* affords Plaintiffs no support and, in fact, undermines their argument.   As an initial matter, the circumstances in *Food & Water Watch*, which involved the plaintiff's amendment of a pleading based upon new facts obtained after the federal agency supplemented the administrative record, are not present here.   The *Food & Water Watch* court acknowledged various forms of prejudice recognized by the D.C. Circuit—"introduction of novel issues late in litigation, reopening discovery, reshaping the litigation, changing the schedule for trial, or even changing the schedule for dispositive motions"—that could justify denial of a request to amend a pleading.   2019 WL 2423833, at *6. Multiple forms of prejudice exist here.

First, adding another FOIA request at this late juncture in the proceedings is akin to introducing novel issues.   Years after it completed processing of Plaintiffs' original nine FOIA requests, FDA will be required to search anew for potentially responsive records to the 2022 Request and potentially negotiate ways to narrow the request if, as FDA anticipates, searches yield a significantly high volume of records.   Second, delaying judgment regarding the original nine FOIA requests until FDA completes processing of the 2022 Request is akin to reopening discovery long after processing of the original nine FOIA requests has been completed.   Similarly, requiring the parties to engage in new, consolidated briefing when Defendants already filed their motion for summary judgment more than two years ago concerning the original nine FOIA requests "reshapes the litigation" and changes the schedule for dispositive motions.   Thus, *Food & Water Watch* confirms Defendants will be prejudiced by supplementation.

17

Further, *Estate of Gaither ex rel. Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011), which was not a FOIA case, does not aid Plaintiffs.   In *Gaither*, the court permitted amendment of the complaint because the amendment merely clarified the legal theories upon which the plaintiff was to rely and did not "inject an entirely new claim at the advanced stage of th[e] proceedings." *Id.* (explaining that the proposed amendment did "not radically alter the scope and nature of the action").   The court also noted that permitting the amendment would not require the parties to engage in additional discovery.  *Id.* at 253.   Here, Plaintiffs' proposed amendment does not merely add new legal theories; rather, their proposed amendment—requesting additional documents covering an over five year time period—"injects an entirely new claim" to this litigation and "radically alter[s] the scope and nature of the action" because it would require Defendants to collect and review a substantial number of records and likely consider issues distinct from those in Defendants' pending summary judgment motion.   Nor do Plaintiffs cite any applicable case law to support their assertion that a FOIA lawsuit addressing the 2022 Request is based on the "same or similar" claim as this lawsuit addressing different requests.  *See* ECF No. 62-2 at 19 (relying upon *Adair v. Johnson*, 216 F.R.D. 183 (D.D.C. 2003) (class action alleging violations of the First and Fifth Amendments related to agency's policies and practices that favored one religious denomination over another), and *Childers v. Mineta*, 205 F.R.D. 29 (D.D.C. 2001) (employment discrimination)); *cf. WP Co.*, 2021 WL 7184166, at *2 (allowing supplementation for "new request [that] involve the same subject matter as those already at issue" where processing had not been completed on original requests and no summary judgment briefing had been conducted).

### E.       The Relief Plaintiffs Seek is Inappropriate

Finally, in the event the Court is inclined to grant Plaintiffs' Motion, Plaintiffs' demand that the Court order FDA to make rolling productions of records responsive to the 2022 Request at a rate of "no fewer than 5,000 pages per month every 60 days until production is complete, beginning on October 31, 2022," ECF Nos. 62 at 2, 62-1 at 1, 62-2 at 22, is inappropriate. Although courts may use their equitable powers to require an agency to process documents according to a court-imposed deadline, *see Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014), processing and production schedules in FOIA cases are typically negotiated by the parties and, in the event of disagreement, brought before the Court for determination.   Here, Plaintiffs seek to circumvent the typical meet and confer process—and ignore any input from FDA about factors that may impact its current processing capabilities—by arguing that a processing schedule set by the Court in 2018 for different FOIA requests is an appropriate processing schedule for use today with respect to the 2022 Request.

Plaintiffs articulate no reason why they should be permitted to utilize Rule 15 as a mechanism to "jump the line" and have their requests continuously processed before other requesters who are ahead in the processing queue.   Nor do they provide a compelling reason why Defendants should be ordered to process records at a rate of Plaintiffs' own choosing.   Indeed, a recent decision by this Court rejected a requester's effort to cut in front of other requesters and dictate to FDA a processing schedule of its own choosing.   *See Harrington v. FDA*, Civ. A. No. 20-1895 (JEB), 2022 WL 179330, at *4 (D.D.C. Jan. 20, 2022) (denying a FOIA requestor's motion seeking an order that FDA expedite its response to his requests and noting that "Plaintiff has put forth no compelling reason why he should be allowed to jump the line [of other FOIA requestors] in this case.").

19

In sum, Defendants are severely prejudiced by Plaintiffs' untimely effort to supplement their pleading to include the 2022 Request after processing has already been completed on the original nine FOIA requests at issue and summary judgment briefing has commenced.   And, to the extent Plaintiffs genuinely intend to sue FDA on the 2022 Request, they can file a separate complaint that can be litigated in the ordinary course of a FOIA litigation.   For all these reasons, the Court should deny Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion and order Plaintiffs to file their long overdue response to Defendants' summary judgment motion by no later than November 30, 2022.   A proposed order accompanies this submission.


Dated: September 16, 2022                  Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2523
robert.caplen@usdoj@usdoj.gov

*Counsel for Defendants*