# EXHIBIT A



Eckert Seamans Cherin & Mellott, LLC    TEL:  617 342 6800
Two International Place                  FAX:  617 342 6899
16th Floor
Boston, MA 02110


Michael P. Flammia
617 342 6854
mflammia@eckertseamans.com

February 18, 2022

**Via Federal Express**

Jeffrey E. Shuren, M.D., J.D.
Center Director, Center for Devices and Radiological Health
U.S. Food and Drug Administration
10903 New Hampshire Avenue
WO66-5431
Silver Spring, MD 20993

**Re:    Our Client:    The Judge Rotenberg Educational Center, Inc.
         Its Devices:    Graduated Electronic Decelerators**

Dear Dr. Shuren:

This firm represents The Judge Rotenberg Educational Center, Inc. ("JRC").

We are also writing on behalf of Max Stern, Esq. of Todd & Weld LLP, who represents the individuals receiving treatment with JRC's Graduated Electronic Decelerator ("GED") devices and their families.

We write in response to your March 27, 2020 letter to us concerning JRC's March 20, 2020 petition for an administrative stay of action of the two effective dates of the final rule banning electrical stimulation devices ("ESDs") used to treat self-injurious or aggressive behavior, 85 Fed. Reg. 13,312 (Mar. 6, 2020) (the "Ban") by the U.S. Food and Drug Administration ("FDA" or the "Agency"). In your letter, FDA stayed the September 2, 2020 effective date for ESDs "currently in use on specific individuals who have or would need to obtain a physician directed transition plan to cease use of such devices".[1] FDA declined, however, to stay the April 6, 2020 effective date "for all other [ESDs]".

---

[1] FDA later clarified, by email dated September 10, 2020, that the partial administrative stay included "patients who were authorized [by a Massachusetts Probate and Family Court judge] to receive treatment with GED [JRC's ESDs] but were being faded or not actually wearing the device at the time that FDA issued the partial stay".



Jeffrey E. Shuren, M.D., J.D.
Center Director, CDRH
U.S. Food and Drug Administration
February 18, 2022
Page 2 of 3

The U.S. Court of Appeals for the D.C. Circuit (the "D.C. Circuit") recently vacated FDA's Ban.[2] In so holding, the D.C. Circuit opined that FDA had improperly interfered with the practice of medicine by attempting to ban ESDs used only to treat self-injurious or aggressive behaviors, and that FDA lacked the legal authority to do so.[3] The D.C. Circuit's decision conclusively determined that FDA lacks jurisdiction "to regulate the practice of medicine" and, even more precisely, "to dictate whether [health care] practitioners may administer electrical stimulation therapy to self-injuring and aggressive patients" at JRC.[4]

We view the D.C. Circuit's decision as effectuating a return to the regulatory status of JRC's GED that existed before FDA initiated the Ban proceedings. Specifically, in 2000, following a multi-day inspection, FDA acknowledged the Agency did not have "any jurisdiction" over JRC. Letter from Gail Costello, Acting New England District Director, FDA, to Dr. Matthew Israel, President, JRC (Feb. 14, 2000), attached hereto as **Attachment 1**. Instead, FDA advised that JRC was "exempt form [*sic*] 510(k) notices" and establishment device registration requirements pursuant to 21 C.F.R. § 807.65(d), and that JRC's use of all versions of its GED devices was "considered to be within the practice of medicine" and exempt from premarket notification requirements pursuant to 21 C.F.R. § 807.85. *Id.*; *accord* 81 Fed. Reg. 24,386, 24,391 (Apr. 25, 2016) ("In 2000, FDA . . . notified JRC that it qualified for exemption from registration and 510(k) requirements under 21 CFR 807.65(d)."). In 2006, FDA reiterated this position, explaining to New York State officials that JRC's GED devices were "exempt" from FDA's regulatory requirements. *See* Email from William MacFarland, Division of Enforcement B Director, FDA, to Jeffrey E. Shuren, M.D., J.D., Center for Devices and Radiological Health Director, FDA (Apr. 22, 2011),[5] attached hereto as **Attachment 2**.

Thus, we request that FDA now take appropriate administrative action consistent with both the D.C. Circuit's decision and FDA's longstanding position that it lacks jurisdiction to regulate JRC's treatment program, including JRC's manufacture and use of its GED devices to treat its patients. We ask that such action include publication in the Federal Register of a notice that the Ban has been vacated, and thus that the two effective dates set forth in the Ban are of no force or effect.[6] We also ask that FDA confirm by return letter that the Agency has returned or will return

---

[2] *See Judge Rotenberg Educ. Ctr., Inc. v. FDA*, 3 F.4th 390, 400 (D.C. Cir. 2021); *see also Judge Rotenberg Educ. Ctr., Inc. v. FDA*, No. 20-1087 (D.C. Cir. Nov. 22, 2021) (order denying petition for rehearing *en banc*).

[3] *See Judge Rotenberg Educ. Ctr., Inc.*, 3 F.4th at 396-398, 400.

[4] *Id.* at 399-400.

[5] FDA produced this record to JRC pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

[6] Such notice is legally unnecessary, as the D.C. Circuit issued its Mandate on November 30, 2021, and "[t]he mandate is effective when issued", Fed. R. App. P. 41(c), and "its effectiveness is not delayed . . . until the . . . agency acts upon it", *id.* at 1998 Advisory Committee Note. Nonetheless, such notice is appropriate in these circumstances where, in FDA's notice of



to the status *quo ante* that preceded the ban rulemaking and subsequent litigation; namely, that the Agency lacks jurisdiction over JRC's GED devices when manufactured by JRC solely for use by JRC's licensed clinicians in the course of practicing medicine at JRC.

Thank you in advance for your consideration of and attention to this matter. If a call or a virtual meeting would be helpful, please let us know.

Sincerely,

*/s/ Michael P. Flammia*

Michael P. Flammia

cc:    Mark Raza, J.D., FDA Acting Chief Counsel (via Federal Express)
       Seth Heller, J.D., FDA Associate Chief Counsel (via email)
       Michele Svonkin, J.D., FDA Attorney (via email)
       Ariel Seeley, J.D., FDA Associate Director of Policy (via email)
       Glenda Crookes, JRC Executive Director (via email)
       Jeffrey N. Gibbs, Esq. (via email)
       Max D. Stern, Esq. (via email)

---

administrative stay, the Agency stated, "FDA will publish a document in the Federal Register lifting the stay or taking further action as needed." 85 Fed. Reg. 50,950, 50,950 (Aug. 19, 2020).

101230172.1



# DEPARTMENT OF HEALTH & HUMAN SERVICES
Food and Drug Administration
New England District



FEB 2 2 2000

One Montvale Avenue
Stoneham, Massachusetts 02180
(781) 279-1675
FAX: (781) 279-1742

February 14, 2000

Dr. Matthew Israel, President
Judge Rotenberg Center
240 Turnpike St.
Canton, MA  02021-234l

Dear Dr. Israel:

We are enclosing a copy of the Establishment Inspection Report (EIR) for the inspection conducted at your premises from January 31 – February 1, 3 & 10, 2000 at 240 Turnpike St., Canton, MA by the U. S. Food and Drug Administration (FDA).

This report is being provided to you for information purposes.  This new procedure is applicable to EIRs for inspections completed on or after April 1, 1997.  For those inspections completed prior to the above date, a copy of the EIR may still be made available through the Freedom of Information Act (FOIA).

The Agency is working to make its regulatory process and activities more transparent to the regulated industry.  Releasing this EIR to you is part of this effort.  The copy being provided to you comprises the narrative portion of the report; it reflects redactions made by the Agency in accordance with the FOIA and 21 C.F.R. Part 20.  This, however, does not preclude you from requesting and, possibly, obtaining any information under FOIA.

If you have any questions, please feel free to contact Domenic Veneziano, Food and Drug Administration, One Montvale Ave., Stoneham, MA  02180, at (781)279-1675 ext. 144.

Sincerely,

Gail T. Costello
Acting District Director
New England District Office

Enclosure
FMD00-065

011

A003158

Judge Rotenberg Center
240 Turnpike St
Canton, MA. 02021-2341
CFN: 1222743 FEI: 1000120805

1/31/99 2/1, 3 & 10/00
LMD

## Reason for Inspection

This inspection of the Judge Rotenberg Center in Canton, MA. was conducted as the result of consumer complaint number NEW-2042, attathment #1. The complaint alleges that the Graduated Electronic Decelerator (GED) and GED 4 are not reliable for use. It also alleges that when the devices are reported as malfunctioning, they are not properly tested and are sent back to be used again. The inspection was conducted in accordance with CP 82845B, Inspection of Medical Devices and 81010 Medical Device Reporting. It is FACTS assignment #66008.

## History of Business

The Judge Rotenberg Center, formerly known as Behavioral Research Institute (BRI) is located in Canton, Massachusetts. The facility was previously located in Providence, Rhode Island. The Judge Rotenberg Center (JRC) continues to operate day and residential programming tracks for children and adults with behavior problems, including conduct disorders, emotional problems, head injuries, autism and developmental disabilities, (see exhibits #1-3 for center literature). There are one hundred and two students enrolled in the program. Dr. Matthew Israel remains the President and Executive Director of the firm.

## Summary of Findings

On January 31, 2000 I visited the Judge Rotenberg Center located at 240 Turnpike St., Canton, MA. Credentials were displayed and an FDA 482 notice of inspection was issued to Ms. Ann Marie Iasimone (see attachment #2). Ms. Iasimone stated that she is the Assistant Director and the most responsible person of the firm at the time of my visit. It was explained that Dr. Matthew Israel who is the President and Director of the firm was in a meeting and would not be available. Dr. Israel was not present throughout the inspection. Ms. Iasimone introduced me to Mr. Robert Duquette, Assistant to Director for Human Resources. Mr. Duquette was present for the entire inspection.

Also present during the inspection were Mr. Jerry Kutcher, Electronics Consultant, Mr. Mike Corrigan, Electronics Consultant and Mr. George J. Wallace, the firm's attorney. These three individuals provided the majority of information contained in this report.

The center uses devices that deliver electro shocks to patients as part of the overall behavior modification program. There are currently three types of devices being utilized by the center on approximately 35 students. Those devices are the GED1, GED3a and the GED4. These units are manufactured at the center and are used exclusively by the center. The center currently has one approved 510(k) for the GED1, K911820. It was explained that the GED3a is an enhancement of the GED1. There are currently ten GED3a devices manufactured to date. The GED3a is being used on four students.

JA975

012

A003159

Judge Rotenberg Center                                    1/31/99 2/1, 3 & 10/00
240 Turnpike St                                                    LMD
Canton, MA. 02021-2341
CFN: 1222743 FEI: 1000120805

The GED4 is another device that was manufactured and first utilized in 1992. Dr.Von hyne is a clinical psychologist who supervises the overall program for students in his caseload. He stated that there are six students currently using the GED4 device. He believes that there were approximately forty units manufactured to date. He explained that the differences between the GED and the GED4 are that the GED4 output is 45 RMS while the GED output is 15 RMS. Also the GED 4 utilizes two 12V batteries. The GED4 is currently being used on six students. No specific submissions with respect to the GED3a or the GED 4 have been made.

It was explained that each patient is a ward of the court and has a court appointed guardian, a court appointed monitor who is a psychologist, a court appointed neurologist and a court appointed attorney. Both the court and the Massachusetts Department of Mental Retardation are aware of and have approved the treatment plans provided for each student.

After discussions with NEW-DO compliance branch and CDRH, it was determined that the firm is exempt form 510(k) notices, and the device is considered to be within the practice of medicine. (See attachment #3).

I was instructed to close the inspection and not to issue an FDA 483.

When I returned to the firm, on 2/10/00 Dr. Matthew Israel was present for the close out via telephone, as well as George Wallace the firm's attorney. Also present were Robert Duquette, Director of Human Resources, Ann-Marie Iasimone, Assistant Director, Jerry Kutcher, Consultant and Glenda Crookes, Director of Residents and Student Services. I explained that it was determined that the firm was exempt under 807.65(d), and I would not be issuing an FDA 483. However, deficiencies were discussed throughout the inspection and the firm asked if I would go over those deficiencies with them. I agreed to do so and relayed the following to them: Deficiencies found at the firm included; lack of device history records, incomplete device master records, incomplete failure investigations and the lack calibration schedules for devices that are to be calibrated every 90 days.

I thanked Dr. Israel and his employees for their time, and the inspection was closed. The firm promised to work on the deficiencies noted above.

Attachments

#1  Complaint NEW-2042
#2  FDA 482 Notice of Inspection
#3  E-mail from Compliance RE: JRC

Exhibits

#1 - #3  Judge Rotenberg Center Literature

*Lynne M Dwyer*

Lynne M. Dwyer
NEW-DO Inspector

To:          Lynne Dwyer@NWE@fdaoraner, Domenic Veneziano@NWE@fdaoraner, Michael
             Kravchuk@NWE@fdaoraner, Gail Costello@NWE@fdaoraner
Cc:          Frank Gesing@NWE@fdaoraner
From:        Karen Archdeacon@NWE@fdaoraner
Certify:     N
Priority:    Normal
Subject:     BRI/Judge Rautenberg CTR
Date:        Mon Feb 07 12:59:00 2000
Attached:    None

Update:

I spoke with Geaorge Wallace, attorney for BRI.  He stated that they are acting in good faith
with regard to the GED1 and GED4, however, they still believe they are exempt from premarket
notification via 21 CFR 807.85, since they are "practicing medicine".  He was very helpful and
stated that they were willing to discuss these issues if we thought otherwise.  I told him
that we are still reviewing the issues and Lynne would be closing the inspection in a few
days.

We would not be dealing with any investigational issues since the device has already been
classified as class II, 21 CFR 882.5235.  As long as this device is within the practice of
medicine, changes may be made to the device by the physician.

I also spoke with Don Serra again this afternoon.  He has spoken with a variety of folks at
CDRH, including Eric Latish.  He agreed that it appears that BRI would be exempt from
registering and listing under 807.65(d)  and would thus also be exempt from any 510(k)
notices.

Therefore, it is my thinking that we would not exert any jurisdiction over this Center/EI at
this time.  The firm appears to be exempt from the registering requirements as well as the
premarket notification requirements.  It also appears that we did not observe any indications
that the patients/ clients were at risk.  They appear to have oversight via court orders
issued by the Bristol County Probate Court.  With this in mind, I do not see a need to even
issue a FDA 483.

I will be working at home tomorrow, so perhaps, if you have any questions, lets chat.

Karen

*Judge Rottenberg Center*
*Canton ma.*
*1/31/99, 2/1,3 +10/00*
*LmD CFN 1333743*
*Attachment #3*

Happy☺Mail!

**Attachment 2**

---

**Howard, Jasmine M.**

| | |
|---|---|
| **From:** | MacFarland, William C |
| **Sent:** | Monday, May 23, 2011 4:46 PM |
| **To:** | Maisel, William; Shuren, Jeff; Silverman, Steven; Spears, Larry D |
| **Cc:** | Wilbon, Tonya; Archdeacon, Karen N; Bowsher, Kristen; Hoang, Quynh T.; Berasa, Ron |
| **Subject:** | RE: Update, Untitled Letter, aversive conditioning device at Judge Rotenberg Education Center |

Good afternoon, this is an update regarding the Judge Rotenberg Educational Center. Today, the NWE-DO issued an Untitled Letter (UL) to the firm located in Canton, MA. The violations (summarized in 4/22 email below) relate to failure to submit a 510(k) for design changes to the Graduated Electronic Decelerator, inadequate Design Control and manufacturing control procedures, and, inadequate MDR procedures.

The UL also requests that the firm contact NWE-DO to make arrangements for a Regulatory Meeting where FDA can have a discussion with the firm regarding their regulatory obligations. FYI, a conference call has been arranged for 2:30PM Tuesday with the DOJ/Civil Rights Division. The purpose of the call is to update DOJ because they had been involved with CDRH on the issue starting in the fall of 2010.

Please let me know if you have any questions regarding this matter.

Sincerely,
Bill MacFarland

Tel: 301-796-5547
Fax: 301-847-8128
Email: william.macfarland@fda.hhs.gov

---

| | |
|---|---|
| **From:** | MacFarland, William C |
| **Sent:** | Friday, April 22, 2011 3:54 PM |
| **To:** | Maisel, William; Shuren, Jeff |
| **Cc:** | Silverman, Steven; Spears, Larry D; Wilbon, Tonya; Archdeacon, Karen N; Bowsher, Kristen; Hoang, Quynh T.; Berasa, Ron |
| **Subject:** | Update, Untitled Letter, aversive conditioning device at Judge Rotenberg Education Center |

Hello Dr. Shuren and Dr. Maisel,

This is a quick update concerning a NWE-DO Warning Letter (WL) recommendation we received for the Judge Rotenberg Education Center (JRC) located in Canton, MA. This organization provides daytime and residential programs for adults and children with behavioral and developmental disabilities. The device subject of the WL is an aversive conditioning device named the Graduated Electronic Decelerator (GED) and there are two models, GED3A and GED4. This device is manufactured on site at JRC. Given the nature of the device and it's use in a vulnerable population, we thought an early update was prudent.

**Recommendation**
OC/DOEB's recommendation is that this firm be issued an Untitled Letter (UL) and the firm's presence be requested at a Regulatory Meeting for the following violations:
- Failure to submit a 510(k) for changes to the GED device cleared under K911820. Specifically,
  - Device labeling has been modified to indicate that the device is not only indicated for patients with self-injurious behavior (as 510k cleared), but also patients with *severe behavior problems*.
  - The GED4's electrical output is increased over the cleared device to the point that we are concerned about tissue heating and burns. This would require submission of clinical data in a 510(k).

1

**A6369**

CDRH_Production 8-000006

JA4363

- Two automated features have been introduced for GED3A and GED4: (1) an automated stimulus is delivered when the patient removes either hand from hip-holsters and (2) a seat board that initiates a stimulus if the patient stands from their chair.
- <u>Inadequate GMPs</u>, specifically (1) the firm has not validated their design, (2) documented appropriate design development, (3) ensured that released devices meet specifications, and (4) documented release requirements/criteria.
- <u>Inadequate MDR procedures</u>.

In summary, the UL would serve as prior notice and a Regulatory Meeting would be held such that we could make it clear to the firm that their modifications require submission of a 510(k) and prior to resuming manufacturing, the QSReg deficiencies would need to be corrected (in addition to developing MDR procedures).

CDRH's UL recommendation is under review in OCC. We would expect the letter to be issued and meeting to be held in May 2011. Although the UL would not be publicly released, next week we plan to begin work with Peper Long concerning the potential for public inquiries on the matter.

<u>Other Background</u>
A few other important points:
- Efforts to shut JRC down in '80s and '90s failed- Judge Ernest Rotenberg ordered it be kept open as long as court approval obtained for each student; see http://motherjones.com/politics/2007/08/school-shock# and http://motherjones.com/politics/2007/08/why-cant-massachusetts-shut-matthew-israel-down
- The GED was originally cleared on December 5, 1994 (K911820) as an aversive conditioning device (882.5235), "an instrument used to administer an electrical shock or other noxious stimulus to a patient to modify undesirable behavioral characteristics."
- In February 2000, CDRH/OC incorrectly told NWE-DO (who informed the firm) that the firm was subject of 21 CFR 807.65(d) (licensed practitioners can be exempt from Establishment Registration). We also told New York State officials in 2006 that the device was exempt. With OCC's support, now in 2011, we have concluded that the firm is not subject of 807.65(d). Although 807.65(d) applies to classes of *persons*, it does not apply to devices. Since the GED is a device subject to 510(k), the modifications the firm made require a 510(k) and the device is subject to the Quality System Regulation.
- JRC has parental and court approval for use of devices on 96 patients with severe disorders such as autism (each is ward of the court and has court appointed psychologist, neurologist, guardian, and attorney)
- March 2010- Nat'l Consortium on Developmental Disabilities email to Dr. Shuren; see << Message: FW: Request for FDA testing of Electric Shock device used for punishment >> ; investigation by DOJ Disability Rights and Educational Opportunities sections
- May 2010- Prompted by Mental Disability Rights International report, UN Special Rapporteur on Torture requested State Dep't to investigate, characterizing as "torture"
- June 2010- ABC Nightline report; see http://abcnews.go.com/Nightline/shock-therapy-massachussetts-school/story?id=11047334 (includes links to MDRI report and JRC response)
- Sep. 2010- DOJ/State contact CDRH, CDRH involves OCC

<u>Review Team</u>
Our FDA comprises the following:
- **NWE-DO**: Karen Archdeacon, Amber Wardwell and Mutahar Shamsi
- **OCC**: Vince Amatrudo
- **ODE/DONED**: Kristen Bowsher and Quynh Hoang
- **OSB**: Mona Baxtrom
- **OC/DOEB**: Michelle Noonan-Smith, Tonya Wilbon, Ron Berasa and Bill MacFarland

Please let us know if you have any questions on this matter or any recommendations concerning when you would like an update.

Thank you,
Bill MacFarland

Director, Division of Enforcement B
Office of Compliance
FDA, Center for Devices and Radiological Health

2

**A6370**

CDRH_Production 8-000007

JA4364

JA4365

Building WHITE OAK #66, Rm 3680
10903 New Hampshire Avenue
Silver Spring, MD  20993

Email: william.macfarland@fda.hhs.gov
Tel: 301-796-5547

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE PARTY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND PROTECTED FROM DISCLOSURE UNDER LAW.
If you are not the addressee, or a person authorized to deliver the document to the addressee, you are hereby notified that any review disclosure, dissemination, copying, or other action based on the content of this communication is not authorized. If you have
received this document in error, please immediately notify us by email or telephone.

This communication is consistent with 21 CFR 10.85(k) and constitutes an informal communication that represents my best judgment at this time but does not constitute an advisory opinion, does not necessarily represent the formal position of FDA, and does
not bind or otherwise obligate or commit the agency to the views expressed.

3

**A6371**

CDRH_Production 8-000008