**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | No. 1:17-cv-02092-BAH |
| U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, | ) ) ) ) | |
| *Defendants.* | ) ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE AND DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7(h) of the Rules of the U.S. District Court for the District of Columbia, Defendants, U.S. Food and Drug Administration ("FDA") and U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants"), hereby submit this Response to Plaintiffs', the Judge Rotenberg Educational Center, Inc. ("JRC"), The J.R.C. Parents and Friends Association, Inc. ("Parents Association"), and Paul E. Peterson, Ph.D. ("Dr. Peterson") (collectively, "Plaintiffs"), Response to Defendants' Statement of Material Facts as to Which There is no Genuine Issue and Plaintiffs' Statement of Material Facts as to which There is no Genuine Issue ("PSMF"), in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment. *See* Doc. Nos. 71-6 at 72-90, 72-5 at 72-90.

-1-

## I.   DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE[1]

1.      JRC is a residential treatment program of last resort. *JRC v. FDA*, 3 F.4th 390, 393 (D.C. Cir. 2021) ("*FDA*"). JRC's patients engage in treatment-refractory dangerous behaviors, including severe self-injurious behavior ("SIB") and aggressive behavior ("AB"). *JRC v. FDA*, 376 F.Supp.3d 47, 53-54 (D.D.C. 2019) (Howell, J.) ("*JRC*"). "The behaviors of some patients are extreme enough that they have suffered self-inflicted brain trauma, broken and protruding bones, and blindness." *FDA*, 3 F.4th at 393.

**Defendants' Response:**  Undisputed that Plaintiff JRC is a residential treatment program. Defendants dispute Plaintiffs' characterization of the cited opinion, to which the Court is referred for a complete and accurate statement of its contents.

Defendants further dispute the materiality of statements in PSMF 1 because they cannot affect the outcome of the suit.  *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit.").  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 1 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr. v. Dep't of Homeland*

---

[1]      Defendants have removed the headings in Plaintiffs' Statement of Facts because they are immaterial and improperly make legal conclusions.  To the extent those headings constitute statements of material facts, Defendants dispute them as argumentative, improper legal conclusions, and immaterial to this FOIA action.

*Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

2.      JRC currently provides care and treatment to 298 patients from 14 states, as well as Washington, D.C., and the U.S. Virgin Islands, who engage in treatment-refractory dangerous behaviors. *See* Decl. of Glenda P. Crookes (Mar. 29, 2023) ("Crookes Decl.") at ¶ 3.

**Defendants' Response:**  Defendants dispute the materiality of statements in PSMF 2 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 2 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further state PSMF 2 contains information only available to Plaintiffs, and, as Defendants lack information about Plaintiffs' statement, Defendants neither admit nor deny the statements in PSMF 2.

3. JRC's primary treatment modalities are established interventions in Applied Behavior Analysis ("ABA"), a well-recognized field of psychology focused on treating harmful behaviors, such as severe SIB and AB. *Id.* at ¶ 4. JRC's principal ABA intervention for all of its patients, positive programming using an elaborate reward system designed to condition patients to replace harmful with beneficial behaviors, is successful and the exclusive ABA treatment for most of its patients. *Id.* at ¶ 5.

**Defendants' Response:** Defendants dispute the materiality of statements in PSMF 3 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 3 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further state PSMF 3 contains information only available to Plaintiffs, and, as Defendants lack information about Plaintiffs' statement, Defendants neither admit nor deny the statements in PSMF 3.

4. For a small number of its patients (52 patients), who engage in life-threatening SIB and AB and whose severe behaviors have not responded to other treatments, JRC supplements their positive-only ABA treatment program with the Graduated Electronic Decelerator ("GED"),

*id.* at ¶ 6, an electrical stimulation device ("ESD") that "caus[es] them to reduce or cease their [SIB]", *FDA*, 3 F.4th at 393 (citation omitted).

**Defendants' Response:**  Defendants dispute the materiality of statements in PSMF 4 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 4 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further state PSMF 4 contains information only available to Plaintiffs, and, as Defendants lack information about Plaintiffs' statement, Defendants neither admit nor deny the statements in PSMF 4.

5.       Massachusetts "has taken a very active role in regulating [JRC's] use of [GEDs]" through an "intricate system" that "arose as a combination of state statutes, regulations, and a consent decree". *Id.* at 394, 400 (citing *JRC v. Comm'r of the Dep't of Dev. Servs.*, Dkt. No. 86E0018-GI, at 2-8 (Bristol, Mass. Prob. & Fam. Ct., June 20, 2018) ("*DDS*"). Among other GED safeguards, "Massachusetts requires multiple health care practitioners to certify that no other treatments were effective" and "that the shock treatment is not contraindicated", and "peer review and…human rights committees [to] ratify the treatment." *Id.* at 394 (citing *DDS* at 2-8).

**Defendants' Response:** Defendants dispute the characterization of the cited opinions, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of statements in PSMF 5 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 5 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

6.      Further, for each patient, a state probate court judge evaluates the risks and benefits of GED treatment and the safety and effectiveness of GED treatment versus other treatments, based on data, medical records, and expert testimony, and approves the treatment only upon making an individualized determination that GED treatment is the most effective, least-restrictive treatment for the patient's behavior disorder, which approval is subject to ongoing judicial monitoring and annual judicial review. *JRC*, 376 F.Supp.3d at 54; *FDA*, 3 F.4th at 394 (citing *DDS* at 2-8); Joint Status Report ("JSR") [ECF No. 66] at 2; *JRC v. Dep't of Mental Retardation (No. 1)*, 424 Mass. 430, 443 (1997) ("*DMR*"); *Guardianship of Brandon*, 424 Mass. 482, 487-88 (1997); Crookes Decl. at ¶ 6.

**Defendants' Response:** Defendants dispute the characterization of the cited opinions, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of statements in PSMF 6 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 6 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

7.      Dr. Peterson is the father and legal guardian of D.P., an adult patient receiving GED treatment for his SIB at JRC, and a Harvard University professor. Crookes Decl. at ¶ 7. Dr. Peterson is also a member of the Parents Association, which represents all of the parents of JRC patients. *Id.*

**Defendants' Response:** Undisputed that Dr. Peterson is a named plaintiff whom submitted to FDA FOIA requests at issue in this matter and that FDA has sent him records in response to those requests, *see, e.g.*, Defendants' Statement of Material Facts ("DSMF") 2-5, 21, 23, 24, 30, 40, 44, 59, 81, 83, and 85. Defendants further state PSMF 7 contains information only available to Plaintiffs, and, as Defendants lack information about Plaintiffs' statement, Defendants neither admit nor deny the statements in PSMF 7.

8.      On July 19, 2016, Dr. Peterson submitted six identical FOIA requests to FDA and five of its components. *JRC*, 376 F.Supp.3d at 54-55; Compl. at Exs. A-1 – A-6 [ECF Nos. 1-1 – 1-6], which FDA docketed as request number 2016-7308 ("First Request"), *JRC*, 376 F.Supp.3d

at 55.

**Defendants' Response:** Undisputed.

9. On August 23, 2016, Dr. Peterson submitted to FDA two additional FOIA requests, *id.*; Compl. at Exs. F, H [ECF Nos. 1-11, 1-13], which FDA docketed as request numbers 2016-7184 ("Second Request"), Compl. at Ex. G [ECF No. 1-12], and 2016-7106 ("Third Request"), *id.* at Ex. I [ECF No. 1-14].

**Defendants' Response:** Undisputed.

10. On December 27, 2016, JRC sent a letter to FDA, *JRC*, 376 F.Supp.3d at 55; Compl. at Ex. J [ECF No. 1-15] at 67-71, which FDA docketed as request number 2017-1440 ("Fourth Request") (collectively, with the First through Third Requests, "Requests"), *JRC*, 376 F.Supp.3d at 55; Compl. at Ex. L [ECF No. 1-17]. The Parents Association subsequently sent a letter to FDA that incorporated by reference the Fourth Request, thereby joining the Fourth Request as a requestor. *JRC*, 376 F.Supp.3d at 55; Compl. at Ex. M [ECF No. 1-18] at 1, 8.

**Defendants' Response:** Undisputed.

11. The Requests sought information concerning FDA's regulation of JRC and ESDs such as the GED, including, but not limited to, the Agency's recently published proposed rule banning ESDs used to treat SIB and AB ("Proposed Rule"). Compl. at Exs. A-1 – A-6, F, H, J [ECF Nos. 1-1 – 1-6, 1-11, 1-13, 1-15]; *accord* Mem. of Points & Auths. in Supp. of Defs.' Mot. for Summ. J. ("Memorandum") [ECF No. 50-1] at 2.

**Defendants' Response:** Undisputed that Plaintiffs' FOIA requests concern FDA's regulation of JRC and ESDs. Defendants dispute the characterization of the cited materials, to which the Court is referred for a complete and accurate statement of their contents.

12.     In the year after Dr. Peterson's submission of the First Request, FDA produced fewer than 100 pages of records, *JRC*, 376 F.Supp.3d at 56, withholding many in whole or in part, Compl. at Exs. D – E [ECF Nos. 1-9 – 1-10].

**Defendants' Response:**   Undisputed that FDA released records in response to Dr. Peterson's FOIA requests by July 2017 and that some of those records contained withholdings in whole or in part.

13.     FDA referred the Second Request to HHS, *id.* at Ex. G [ECF No. 1-12], but HHS did not produce any records during that time period, *JRC*, 376 F.Supp.3d at 55-56 (summarizing HHS productions).

**Defendants' Response:**   Undisputed that FDA made a partial referral of FOIA Request 2016-7184 to the Department of Health and Human Services' FOIA Office, and that office did not produce responsive records at that time.  *See* Doc. No. 50-2 at 11, DSMF 20, 42.

14.     Ultimately, it took this lawsuit to "spur[] on" Defendants' production of responsive records. *Id.* at 56; *see also* Mem. [ECF No. 50-1] at 3 (admitting same).

**Defendants' Response:**   Disputed.  Defendants dispute Plaintiffs' characterization of Defendants' Memorandum in Support of Summary Judgment and the cited opinion, to which the Court is referred for a complete and accurate statement of their contents.

15.     Defendants finally "started releasing records" "[s]hortly after" Plaintiffs initiated this action and this Court ordered them to do so. *JRC*, 376 F.Supp.3d at 57 (citing Min. Order (Dec. 7, 2017)); *see also id.* (explaining that, in January 2018, the Center for Devices and Radiological Health ("CDRH") "had not yet started releasing responsive documents," and that, in February 2018, CDRH was "ordered to 'make a rolling production of no fewer than 5,000 pages

per month to the plaintiffs, beginning on March 1, 2018, and continuing every sixty days thereafter until production is complete'") (quoting Min. Order (Feb. 2, 2018)).

**Defendants' Response:** Undisputed that Defendants have released responsive records to Plaintiffs. Defendants dispute Plaintiffs' characterization of the cited opinion and order, to which the Court is referred for a complete and accurate statement of its contents.

Defendants further dispute the materiality of statements in PSMF 15 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 15 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

16. Two HHS components agreed to produce records responsive to the First, Second, and Fourth Requests. *JRC*, 376 F.Supp.3d at 55-56.

**Defendants' Response:** Undisputed that two HHS components agreed to release records in response to Plaintiffs' FOIA requests. Defendants dispute Plaintiffs' characterization of the cited opinion, to which the Court is referred for a complete and accurate statement of its contents.

17. Defendants' non-CDRH components eventually produced over 24,000 pages of records; Defendants withheld more than 12,000 pages in full and a significant number of additional pages in part. *Id.* at 56-57.

**Defendants' Response:** Undisputed that Defendants' non-CDRH components produced over 24,000 pages of responsive records of which approximately 12,000 pages were redacted in full. Defendants dispute Plaintiffs' characterization of the cited opinion, to which the Court is referred for a complete and accurate statement of its contents.

18. CDRH eventually produced over 84,000 pages of records; FDA withheld more than 32,000 pages in full and a substantial number of additional pages in part. JSR [ECF No. 44] at 3-4.

**Defendants' Response:** Undisputed that Defendants' CDRH produced over 84,000 pages of responsive records of which approximately 32,000 were redacted in full and others were redacted in part. Defendants dispute Plaintiffs' characterization of the cited joint status report, to which the Court is referred for a complete and accurate statement of its contents.

19. Thus, Defendants have withheld, in full or in part, more than 40% (far more than 45,000 pages) of the pages they "produced" to Plaintiffs. *JRC*, 376 F.Supp.3d at 56-57; JSR [ECF No. 44] at 3-4.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of the cited opinion and joint status report, to which the Court is referred for a complete and accurate statement of their contents.

20. FDA finalized its Proposed Rule ("Final Rule") on March 6, 2020, during the pendency of this action. JSR [ECF No. 48] at 1.

**Defendants' Response:** Undisputed that FDA finalized its Proposed Rule on March 6, 2020.

21.    The Final Rule purported to ban ESDs, including JRC's GED, *only* when used to treat SIB or AB, and purported to require JRC's patients receiving such treatment to begin transitioning off of GED by April 6, 2020, and to finish transitioning by September 2, 2020. JSR [ECF No. 48] at 1-2.

**Defendants' Response:**  Undisputed that the Final Rule purported to ban ESDs intended to treat SIB or AB.  Defendants dispute Plaintiffs' characterization of the Final Rule, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of the statements in PSMF 21 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 21 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

22.    Before those dates passed, in response to a petition by JRC, FDA issued an immediately effective partial administrative stay as to "those [GED] devices currently in use on specific individuals who have or would need to obtain a physician directed transition plan to cease use of such devices". JSR [ECF No. 49] at 1; *id.*, Ex. A [ECF No. 49-1] at 3.

**Defendants' Response:**  Undisputed that FDA issued a partial administrative stay, to which the Court is referred for a complete and accurate statement of its contents.

Defendants dispute the materiality of the statements in PSMF 22 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 22 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

23.    FDA later agreed its stay applied to JRC patients who were court-authorized to receive GED treatment but were not actually receiving such treatment when the stay issued. Mem. of Law in Supp. of Pls.' Mot. to Amend Compl. ("Memorandum to Amend"), Ex. 1 [ECF No. 62-3] at 167-69.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of the cited docket entry, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of the statements in PSMF 23 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 23 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary

Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

24.     Plaintiffs immediately petitioned for review of FDA's Final Rule in the U.S. Court of Appeals for the D.C. Circuit ("D.C. Circuit") ("Appeals"). JSR [ECF No. 61] at 2.

**Defendants' Response:**  Defendants do not dispute that Plaintiffs petitioned for review of the Final Rule in the D.C. Circuit.

Defendants dispute the materiality of the statements in PSMF 24 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 24 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

25.     Plaintiffs then moved in the Appeals for discovery of unredacted copies of some of the records at issue in this action based, in part, on evidence of FDA's compromised regulatory processes as revealed by some of the FOIA records produced in this action ("Discovery Motions"). *Id.*; *see also* Petitioner JRC's Mot. to Remand the Admin. Record & for Leave to Adduce Add'l Evid. of Agency Proceedings, Decision-Making & Bad Faith, *JRC v. FDA, et al.*, No. 20-1087 (D.C. Cir.) (May 26, 2020); Parents' & Guardians' Mot. to Remand the Admin. Record & for Leave to Adduce Add'l Evid. of Agency Proceedings, Decision-Making & Bad Faith, *Aponte, et al. v. FDA, et al.*, No. 20-1088 (D.C. Cir.) (May 26, 2020).

**Defendants' Response:** While Defendants do not dispute that Plaintiffs moved for discovery before the D.C. Circuit, Defendants dispute the materiality of the statements in PSMF 25 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 25 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further dispute Plaintiffs' characterization of the cited motions, to which the Court is referred for a complete and accurate statement of their contents.

26. In July 2021, the D.C. Circuit granted Plaintiffs' petitions and vacated FDA's Final Rule after briefing and argument. JSR [ECF No. 54] at 3; *id.*, Ex. 1 [ECF No. 54-1] at 2.

**Defendants' Response:** Undisputed.

27. The D.C. Circuit held that Congress had expressly and unambiguously prohibited FDA from interfering with the practice of medicine, and that the Final Rule exceeded FDA's statutory authority by attempting to ban a particular use of a cleared medical device. JSR [ECF No. 54] at 3; *FDA*, 3 F.4th at 394-400. In light of its holding that FDA's rulemaking was *ultra vires*, the D.C. Circuit expressly declined to review FDA's factual findings concerning ESDs used to treat SIB and AB and to evaluate the evidence of FDA's bad faith proffered by Plaintiffs or to decide Plaintiffs' Discovery Motions. JSR [ECF No. 61] at 3; *FDA*, 3 F.4th at 400.

**Defendants' Response:** While Defendants do not dispute that the D.C. Circuit vacated the ban, Defendants dispute Plaintiffs' characterization of the cited opinion, to which the Court is referred for a complete and accurate statement of its contents.

Defendants further dispute the materiality of the statements in PSMF 27 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 27 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

28.     The D.C. Circuit denied FDA's subsequent petition for rehearing *en banc*, with not a single judge requesting a vote thereon. JSR [ECF No. 56] at 2; JSR [ECF No. 57] at 2; *see also* Order, *JRC v. FDA, et al.*, No. 20-1087 (D.C. Cir.) (Nov. 22, 2021); Order, *Aponte, et al. v. FDA, et al.*, No. 20-1088 (D.C. Cir.) (Nov. 22, 2021).

**Defendants' Response:** While Defendants do not dispute that FDA's motion for rehearing *en banc* was not granted by the D.C. Circuit, Defendants dispute the materiality of the statements in PSMF 28 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with

respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 28 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further dispute Plaintiffs' characterization of the cited docket entries and court order, to which the Court is referred for a complete and accurate statement of their contents.

29.     FDA did not petition for a writ of certiorari to the U.S. Supreme Court, and so the D.C. Circuit's judgment became final on February 22, 2022. JSR [ECF No. 58] at 2.

**Defendants' Response:**  While Defendants do not dispute that FDA did not petition for a writ of certiorari to the United States Supreme Court and that the D.C. Circuit's judgment became final on February 22, 2022, Defendants dispute the materiality of the statements in PSMF 29 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 29 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

30.     FDA's partial administrative stay remained in place for the duration of the Appeals, and so the Final Rule never took effect as to JRC patients who were receiving GED treatment or

who were court-authorized to receive such treatment. Mem. to Amend, Ex. 1 [ECF No. 62-3] at 175 (notifying JRC that FDA was dismissing as moot and "no longer necessary" JRC's petition for an administrative stay because the Final Rule was vacated and of "no legal effect"); *see also* 85 Fed. Reg. 50,950, 50,950 (Aug. 19, 2020) (announcing stay and promising FDA would "publish a document in the Federal Register lifting the stay or taking further action as needed").

**Defendants' Response:**  While Defendants do not dispute that the partial administrative stay remained in place for the duration of the matter before the D.C. Circuit, Defendants dispute the materiality of the statements in PSMF 30 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 30 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further dispute Plaintiffs' characterization of the cited docket entries and Federal Register notice, to which the Court is referred for a complete and accurate statement of their contents.

31.     Plaintiffs filed their Complaint on October 10, 2017. Compl. [ECF No. 1].

**Defendants' Response:**  Undisputed.

32.     This Court quickly bifurcated the proceedings, with FDA's non-CDRH components on one production and briefing track, and CDRH (and other HHS components to which FDA had referred records) on another. *JRC*, 376 F.Supp.3d at 53 n.1, 57; Min. Order (Feb. 2, 2018).

**Defendants' Response:**  Undisputed.

33.     In 2019, this Court granted in part and denied in part each of the parties' cross-motions for summary judgment as to the non-CDRH components only.  Order [ECF No. 38] at 1-2.

**Defendants' Response:**  Undisputed that the Court granted in part and denied in part each of the parties' motions for summary judgment.  Defendants dispute Plaintiffs' characterization of the Court's opinion, to which the Court is referred for a complete and accurate statement of its contents.  *See* Doc. Nos. 38 and 39.

34.     With respect to Defendants' Exemption 5 redactions, the Court ruled in Defendants' favor only as to the non-CDRH components' draft records withheld under deliberative-process privilege claims and records withheld under attorney-client privilege claims. *JRC*, 376 F.Supp.3d at 76. The Court concluded that Defendants had failed to carry their burden of showing that they were entitled to summary judgment for the majority of their Exemption 5 redactions, including the non-CDRH components' non-draft records withheld under deliberative process privilege claims. *Id.* at 58-59, 65-69, 76-77; *see also* Mem. [ECF No. 50-1] at 1 (admitting same). This Court found "many" of Defendants' purported justifications for withholding such records to be "nebulous," "problem[atic]," "ill-defined," "inadequate," and "unacceptable," and thus ordered Defendants, if they chose to continue withholding such records, to provide specific additional information to justify their withholdings. *JRC*, 376 F.Supp.3d at 64-69.

**Defendants' Response:** Undisputed that the Court granted partial summary judgment for Defendants. Defendants dispute Plaintiffs' characterization of the Court's opinion, to which the Court is referred for a complete and accurate statement of their contents. *See* Doc. No. 39.

36.    With respect to Defendants' withholdings allegedly made pursuant to other FOIA exemptions or for other reasons, this Court: (i) noted that Defendants "agree[d]" that some of their withholdings violated a D.C. Circuit holding and "concede[d]" that another withholding was "improper", *JRC*, 376 F.Supp.3d at 59-60, 73; (ii) found that Defendants had engaged in "troubling" and "improper" "record manipulation" to avoid disclosure, *id.* at 61-62; and (iii) found that Defendants' justifications for other withholdings were "improper[]" and "ignor[ed] information sitting on the face of the record," *id.* at 73.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of the Court's opinion, to which the Court is referred for a complete and accurate statement of its contents. *See* Doc. No. 39.

36.    After the Court's decision, the parties agreed that additional dispositive briefing would be required for the continued withholdings by FDA's non-CDRH components, and that such briefing should be combined with the briefing that would be required for the withholdings by CDRH. JSR [ECF No. 44] at 10.

**Defendants' Response:** Defendants do not dispute that the parties agreed that additional briefing would be required to address the Court's opinion and order, *see* Doc Nos. 38 and 39, and that such briefing would be combined with any briefing regarding the "CDRH" withholdings. Defendants dispute Plaintiffs' characterization of the cited joint status report, to which the Court is referred for a complete and accurate statement of its contents. *See* Doc. No. 44.

37.     As part of the dispositive briefing process, the parties agreed that Plaintiffs could "file…up to 100 of the records" redacted by Defendants "for *in camera* review." *Id.* at 12. The parties further agreed that Defendants would then "file…the original, unredacted versions of the records that Plaintiffs filed with the Court for *in camera* review." *Id.*; *see also* Mem. [ECF No. 501] at 7-8 (acknowledging "the parties' agreement" in that JSR).

**Defendants' Response:**    Undisputed that the parties agreed that, with the Court's permission, Plaintiffs could file up to 100 records included in the sample *Vaughn* index for *in camera* review.    *See* Doc. No. 44 at 10.    It is also undisputed that, should the Court permit Plaintiffs' request for *in camera* review, Defendants agreed to file with the Court the original, unredacted versions of those records.    *Id.*    Defendants dispute Plaintiffs' characterization of the cited joint status report, to which the Court is referred for a complete and accurate statement of its contents.    *See* Doc. No. 44.

38.     In May 2020, Defendants moved for summary judgment as to all withholdings by all components. Mem. [ECF No. 50-1] at 2. Defendants submitted more than 900 pages of documentation concerning their tens of thousands of pages of withholdings. Defs.' Opp. to Pls.' Mot. to Amend Compl. ("Opposition to Amend") [ECF No. 63] at 13.

**Defendants' Response:**    Undisputed that Defendants moved for summary judgment in May 2020.    Defendants dispute Plaintiffs' characterization of the cited motion, particularly to the extent that Plaintiffs assert that Defendants' 2020 motion addressed those records that were the subject of this Court's 2019 order of summary judgment for Defendants, and refers the Court to that motion and its attachments for a complete and accurate statement of their contents.    *See* Doc. No. 50-1.

39.    Before the responsive pleading deadline, Plaintiffs moved with Defendants' consent to stay the briefing schedule, anticipating the D.C. Circuit's expected resolution of the Discovery Motions would obviate the need for or reduce the scope of further action by this Court, and that a stay would thus conserve this Court's resources. Consent Mot. to Stay the Scheduling Order [ECF No. 52] at 1, 3-4; *see also* JSR [ECF No. 61] at 3.

**Defendants' Response:**    While it is undisputed that Plaintiffs moved with Defendants' consent to stay the briefing schedule, Defendants dispute the materiality of the statements in PSMF 39 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 39 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further dispute Plaintiffs' characterization of the cited consent motion and joint status report, to which the Court is referred for a complete and accurate statement of their contents. *See* Doc. Nos. 52, 61.

40.    This Court agreed and stayed this action. Min. Order (Aug. 24, 2020).

**Defendants' Response:**  Undisputed.

41.    This action remained stayed with Defendants' consent until after the D.C. Circuit's judgment in the Appeals became final and through July 14, 2022. Min. Order (Sept. 22, 2021);

Joint Mot. for Enlargement of Time & Mem. in Supp. Thereof [ECF No. 60] at 1; Min. Order (June 23, 2022).

**Defendants' Response:**  While it is undisputed that this action remained stayed until after the D.C. Circuit's judgment became final and through July 14, 2022, Defendants dispute the materiality of the statements in PSMF 41 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 41 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

42.     Upon resumption, Defendants became aware that their 900-plus-page initial filing "omitted a full discussion of the foreseeable harm" requirement under FOIA (5 U.S.C. § 552(a)(8)(A)(i)), JSR [ECF No. 66] at 2, and so, on February 1, 2023, Defendants' submitted a supplemental brief and declaration on that point, *see generally* Defs.' Supp. Br. Concerning Foreseeable Harm Protected by FDA's FOIA Withholdings ("Supplemental Brief") [ECF No. 67]; Supp. Decl. of Candace Boston ("Boston Supp. Decl.") [ECF No. 67-1].

**Defendants' Response:**  While it is undisputed that Defendants' submitted a supplemental brief and declaration on foreseeable harm, *see* Doc. No. 67, Defendants dispute Plaintiffs' characterization of the cited joint status report, to which the Court is referred for a complete and accurate statement of its contents.  *See* Doc. No. 66.

43.     Because the last round of summary judgment did not resolve Defendants' withholdings in "the majority of [the non-CDRH components'] records", Mem. [ECF No. 50-1] at 1, and because CDRH's productions constitute the "bulk" of Defendants' productions, JSR [ECF No. 61] at 2, and withholdings, *JRC*, 376 F.Supp.3d at 56-57 (non-CDRH components); JSR [ECF No. 44] at 3-4 (CDRH), the propriety of most of Defendants' tens of thousands of pages of withholdings remain at issue.

**Defendants' Response:**  While Defendants do not dispute that the last round of summary judgment did not resolve all withholdings in the non-CDRH records, the 2020 summary judgment brief addressed Defendants' compliance with the Court's prior ruling as well as the CDRH records. Defendants dispute that the withholdings subject to the court's partial grant of summary judgment in 2019 are at issue.  Defendants further dispute Plaintiffs' characterization of the cited opinion and docket entries, to which the Court is referred for a complete and accurate statement of their contents.

44.     FDA took over six years to decide that ESDs used to treat SIB and AB present an alleged unreasonable and substantial risk: FDA disclosed it was considering a ban in March 2014, *see* 79 Fed. Reg. 17,155 (Mar. 27, 2014), but did not promulgate the Final Rule until March 2020, *see* 85 Fed. Reg. 13,312 (Mar. 6, 2020).

**Defendants' Response:**  Defendants dispute Plaintiffs' characterization of FDA's regulatory actions.  Defendants further dispute the materiality of the statements in PSMF 44 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material"

facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 44 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

45.     Throughout this time, including during the Appeals when the Final Rule was partially stayed, and to this day, JSR [ECF No. 49] at 1; JSR, Ex. A [ECF No. 49-1] at 3; Mem. to Amend, Ex. 1 [ECF No. 62-3] at 167-69, 175; 85 Fed. Reg. at 50,950 (Aug. 19, 2020), JRC's patients continue to safely receive GED treatment, even though FDA claimed the Final Rule was necessary to "protect[]" them from harm, *see, e.g.*, 85 Fed. Reg. at 13,315, 13,347.

**Defendants' Response:**    Defendants dispute Plaintiffs' assertion that JRC's patients continue to "safely receive GED treatment." Defendants further dispute the materiality of the statements in PSMF 45 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 45 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

46.     FDA nonetheless spent this period curating a one-sided record to support a ban mandated by HHS. Declaration of Matthew D. Rodgers (Mar. 29, 2023) ("Rodgers Declaration"), Ex. A at A6876, A6860.

**Defendants' Response:**  Defendants dispute Plaintiffs  assertion that FDA "curated a one-sided record to support" the ESD ban and that the ban was "mandated by HHS."  Defendants further dispute the materiality of the statements in PSMF 46 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 46 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

47.     ESDs are aversive conditioning devices ("ACDs"), 81 Fed. Reg. 24,386, 24,390 (Apr. 25, 2016), or "instrument[s] used to administer an electrical shock or other noxious stimulus to a patient to modify undesirable behavioral characteristics", 21 C.F.R. § 882.5235(a).

**Defendants' Response:**  While Defendants do not dispute that that ESDs are aversive conditioning devices, Defendants dispute the materiality of the statements in PSMF 47 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material"

facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 47 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

Defendants further dispute Plaintiffs' characterization of the cited Federal Register notice and regulations, to which the Court is referred for a complete and accurate statement of their contents.

48. "Aversive conditioning" has been recognized as a "treatment modalit[y]" since at least the 1970s. *Parham v. U.S.*, 442 U.S. 584, 626 (1979).

**Defendants' Response:**  Plaintiffs' statement is a legal conclusion to which Defendants need not respond and do not admit.  Defendants dispute the materiality of the statements in PSMF 48 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 48 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

49. In 1979, ACDs were classified as Class II medical devices and remain so today because "the risks to health presented by the device[s]"—including physical and psychological

risks—were "well known" even by the 1970s. 43 Fed. Reg. 55,640, 55,705 (Nov. 28, 1978); 44 Fed. Reg. 51,726, 51,765 (Sept. 4, 1979).

**Defendants' Response:**  Plaintiffs' statement is a legal conclusion to which Defendants need not respond and do not admit.  Defendants also dispute Plaintiffs' characterization of the cited Federal Register notice and regulations, to which the Court is referred for a complete and accurate statement of their contents.  Defendants further dispute the materiality of the statements in PSMF 49 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 49 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

50.    FDA has cleared at least six different ESDs from at least five different manufacturers, including JRC's GED, which was cleared in 1994, *see* 81 Fed. Reg. at 24,391; Rodgers Decl., Ex. A at A6372-A6373, and which remains cleared today, *see* FDA, 510(k) PremarketNotification,https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfPMN/pmn.cfm?ID= K911820 (last visited Mar. 29, 2023).

**Defendants' Response:**  Defendants dispute that JRC's GED "remains cleared today" to the extent that statement implies that GED device models other than the one cleared by FDA on December 5, 1994 have been, or remain, cleared by FDA.  Defendants further dispute the

materiality of the statements in PSMF 50 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 50 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at \*3; *Robert*, 2005 WL 3371480, at \*11. In addition, Plaintiffs' statement also contains legal conclusions to which Defendants need not respond and do not admit.

51.    The Final Rule purported to prohibit the entire class of ESDs used to treat SIB and AB although only JRC's GED devices are still used. *See* 85 Fed. Reg. at 13,312, 13,314.

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of the cited Federal Register notice, to which the Court is referred for a complete and accurate statement of its contents. Plaintiffs' statement is also a legal conclusion to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 51 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 51 is not material to this action, it should not be considered by the Court in ruling

on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

52.     "Other health care practitioners not affiliated with [JRC]…administer [ESDs] to treat a wide variety of other conditions, including tobacco, alcohol, and drug addictions, as well as inappropriate sexual behaviors following traumatic brain injuries." *FDA*, 3 F.4th at 393 (citation omitted). FDA did not attempt to ban any other uses of ESDs, even though those "products have parallels in technology and behavior modification strategy" to GED. *See* 85 Fed. Reg. at 13,317. FDA instead attempted to distinguish using ESDs to treat SIB and AB from other FDA-cleared ESD uses. *See, e.g.*, Rodgers Decl., Ex. A at A6409-A6410, A9198, A9209.

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of the cited Federal Register notice and opinion, to which the Court is referred for a complete and accurate statement of their contents.   Plaintiffs' statement is also a legal conclusion to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 52 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 52 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary

Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at \*3; *Robert*, 2005 WL 3371480, at \*11.

53.    In 2000, FDA conducted a thorough inspection of JRC and concluded the Agency "did not observe any indications that the patients/clients were at risk". Rodgers Decl., Ex. A at A7425-A7427. FDA inspected JRC again in November 2010 and October 2012 and the results were the same. *See id.* at A7398, A7414 (no "reportable" GED incidents); A7431-A7432 (same). FDA did not disclose these facts in its rulemaking, *see generally* 81 Fed. Reg. 24,386 (Proposed Rule); 85 Fed. Reg. 13,312 (Final Rule), despite concluding JRC's patients allegedly face "an unreasonable and substantial risk" of harm from GED, 85 Fed. Reg. at 13,312.

**Defendants' Response:**  While Defendants do not dispute that FDA inspected JRC in 2000, November 2010, and October 2012, Defendants dispute Plaintiffs' characterization of the cited agency records and Federal Register notices, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of the statements in PSMF 53 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 53 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at \*3; *Robert*, 2005 WL 3371480, at \*11.

54.     For at least a decade, FDA's position was that it lacked jurisdiction to regulate JRC's GED. *See* 81 Fed. Reg. at 24,391. In 2000, FDA advised that JRC was "exempt from 510(k) notices" and establishment device registration requirements pursuant to 21 C.F.R. § 807.65(d), and that the updated versions of the GED then (and now) in use at JRC (GED-3A and GED-4) were "considered to be within the practice of medicine" and also exempt from premarket notification requirements pursuant to 21 C.F.R. § 807.85. *See* Rodgers Decl., Ex. A at A6370, A7425-A7427.

**Defendants' Response:**   Defendants dispute Plaintiffs' assertions that FDA lacks jurisdiction to regulate JRC's GED devices and that the updated GED-3A and GED-4 devices are "considered to be within the practice of medicine" and "exempt from premarket notification requirements."  Further, Plaintiffs' assertions are legal conclusions to which Defendants need not respond and do not admit.  Defendants further dispute the materiality of the statements in PSMF 54 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 54 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

55.     "From 2010 to 2013, FDA officials were contacted by, and met with, representatives from various national disability organizations," who lobbied FDA to stop JRC's use of GED on philosophical grounds. 85 Fed. Reg. at 13,327; *JRC*, 376 F.Supp.3d at 54. FDA did not disclose these meetings and communications in the Proposed Rule. *See generally* 81 Fed. Reg. 24,386. FDA's own regulations obligated the Agency to disclose "[t]he reasons why [it] initiated the proceeding". 21 C.F.R. § 895.21(d)(2).

**Defendants' Response:**  Defendants do not dispute that from 2010 to 2013, FDA officials were contacted by, and met with, representatives from various national disability organizations. Defendants dispute Plaintiffs' characterization of those communications and of the cited Federal Register notices and opinion, to which the Court is referred for a complete and accurate statement of their contents.  Further, Plaintiffs' assertions are legal conclusions to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 55 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 55 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

56.     When FDA began scrutinizing ESDs in 2010, it sought opinions from two external experts about whether GED treatment was within the medical standard of care. The first expert, William Narrow, M.D., of the American Psychiatric Association, advised FDA of potential "effectiveness data that demonstrates positive results [from GED use] for this severely ill, potentially self-harming, and treatment refractory population". Rodgers Decl., Ex. A at A4388A4389. Fred Volkmar, M.D., a Yale University autism expert, also advised FDA that "there is evidence", including in the scientific literature, "supporting [ESD] use in appropriately selected patients". *Id.* at A4494. FDA did not disclose these two experts' opinions supporting ESD use in its rulemaking, *see generally* 81 Fed. Reg. 24,386 (Proposed Rule); 85 Fed. Reg. 13,312 (Final Rule), despite Congress' mandate that FDA consider "all available data and information" before banning a device, 21 U.S.C. § 360f(a).

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of FDA's interactions with experts.  Defendants also dispute Plaintiffs' legal conclusion that FDA failed to consider "all available data and information." Plaintiffs' statement is also a legal conclusion to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 56 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 56 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary

Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

57.    In the Final Rule, FDA claimed, for the first time, that "[t]he professional consensus regarding the accepted standard of care" was irrelevant. 85 Fed. Reg. at 13,314. However, FDA cited the issue in its Proposed Rule, *see* 81 Fed. Reg. at 24,403, 24,408, and solicited standard of care opinions from its paid external experts in 2015, *see* Rodgers Decl., Ex. A at A6409-A6410, A9214, A9218-A9222.

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of the cited Federal Register notices, to which the Court is referred for a complete and accurate statement of their contents.  Defendants also dispute Plaintiffs' legal conclusions to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 57 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 57 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

58.    In May 2011, FDA reversed the position it had held for over a decade that it lacked jurisdiction to regulate JRC's GED. Using a rationale supplied by U.S. Department of Justice

("DOJ") attorneys, *see* Rodgers Decl., Ex. A at A4499, A6372-A6381—which FDA personnel recognized as illegitimate, *see id.* A9189-A9190—FDA advised JRC only that it had "learned" that the GED devices were "subject to FDA clearance and approval requirements" and demanded JRC seek premarket clearance for the GED devices (not that it was banning them), *see id.* at A4498; *see also id.* at A7392-A7393.

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of FDA's communications with JRC.  Defendants also dispute Plaintiffs' legal conclusions regarding FDA's regulatory decisions, to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 58 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 58 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

59.    In September 2011, a committee of sixteen FDA scientists concluded in an internal Health Risk Assessment ("HRA") that GED presented only a "[r]emote [p]robability" of any "serious adverse health consequences", a level of risk below the standard that Congress set for banning a device. Rodgers Decl., Ex. A at A4371-A4374; 21 U.S.C. § 360f(a)(1). FDA failed to

disclose its 2011 HRA in its rulemaking. *See generally* 81 Fed. Reg. 24,386 (Proposed Rule); 85 Fed. Reg. 13,312 (Final Rule).

**Defendants' Response:** Defendants do not dispute the existence of a September 2011 Health Risk Assessment ("HRA"), but dispute Plaintiffs' characterization of that HRA, to which the Court is referred for a complete and accurate statement of its contents. Defendants also dispute Plaintiffs' legal conclusions regarding FDA's "fail[ure] to disclose its 2011 HRA in its rulemaking," to which Defendants need not respond and do not admit.

Defendants further dispute the materiality of the statements in PSMF 59 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 59 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

60.     The HRA "is a tool for predicting possible harm that can come from a…device." *Health Hazard Evaluations (HHEs) and Health Risk Assessments (HRAs)*, available at: https://www.fda.gov/about-fda/cdrh-transparency/health-hazard-evaluations-hhes-and-healthrisk-assessments-hras (last visited Mar. 29, 2023).

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of FDA's website, to which the Court is referred for a complete and accurate statement of its contents.

Defendants further dispute the materiality of the statements in PSMF 60 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 60 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

61.    After JRC's submission of a pre-510(k) at FDA's request in early 2013, *JRC*, 376 F.Supp.3d at 47, FDA scientists were close to completing a scientific review of the GED to "bring the firm back into compliance", *see* Rodgers Decl., Ex. A at A5728-A5729. However, FDA attorneys instructed FDA scientists to "postpone[] until further notice" a scheduled meeting with JRC about next steps towards clearance. *Id.* at A5729.

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of FDA's regulatory history with JRC and the agency's internal communications and deliberations. Defendants further dispute the materiality of the statements in PSMF 61 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 61 is

not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

62.     No meeting was ever held. *JRC*, 376 F.Supp.3d at 54. Instead, at the urging of DOJ and the U.S. Department of State ("State"), FDA threatened in a Warning Letter to compel JRC's discontinuance of GED via device seizure and injunctive relief. *See* Rodgers Decl., Ex. A at A4512. FDA cited the Warning Letter in its Proposed Rule, *see* 81 Fed. Reg. at 24,391, but it was actually an exhibit manufactured by FDA to "meet [the] needs" of DOJ and State in responding to a U.N. Special Rapporteur's demand to stop JRC's GED use. *Compare* Rodgers Decl., Ex. A at A4503 *with id.* at A8419.

**Defendants' Response:**  Undisputed that FDA has sent JRC a Warning Letter.  Defendants dispute Plaintiffs' characterization of the Warning Letter, to which the Court is referred for a complete and accurate statement of its contents.  Defendants further dispute the materiality of the statements in PSMF 62 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 62 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

63.     When FDA demanded that JRC "discontinue" GED use in 2013, FDA had already selected "the litigator who will be handling the case" against JRC. *See id.* at A6729. FDA attorneys instructed FDA scientists about seeking evidence "that may be helpful to our case" and explained that "to get an injunction" prohibiting JRC's continued GED use, FDA would "need to convince a judge that continued use…of these devices would do more harm than good, so the more we have from experts and patients to support this position and counter JRC's success stories the better." *Id.*

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of FDA's regulatory history with JRC and the agency's internal communications and deliberations. Defendants further dispute the materiality of the statements in PSMF 63 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 63 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

64.     FDA then shifted strategies from litigation against JRC to a banning proceeding, which specifically targeted JRC, *see, e.g.*, *id.* at A4434, A6902, A5849, and impacted "[o]nly one facility in the United States"—JRC, *see, e.g.*, 85 Fed. Reg. at 13,314. FDA nonetheless claimed the Final Rule was "legislative, not adjudicative, in character and purpose". *Id.* at 13,347-13,348.

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of FDA's regulatory history with JRC and FDA's regulation of ESDs.  Defendants also dispute Plaintiffs'

characterization of the Final Rule, to which the Court is referred for a complete and accurate statement of its contents.

Defendants further dispute the materiality of the statements in PSMF 64 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 64 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

65.    During the rulemaking, FDA rejected or ignored evidence that did not support a ban and fabricated a misleading record based on litigation concerns and to reach the HHS mandated predetermined outcome. *See, e.g.*, Rodgers Decl., Ex. A at A6358, A9203.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of FDA's regulation of ESDs. Defendants also dispute Plaintiffs' legal conclusions regarding FDA's consideration of "evidence," to which Defendants need not respond and do not admit. Defendants further dispute the materiality of the statements in PSMF 65 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e),

LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 65 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

66.      FDA convened a Neurological Devices Panel ("Panel") in April 2014 to support a ban. Only one panelist had experience with ESDs and treating individuals with SIB and AB. *See* Rodgers Decl., Ex. A at A9181-A9182, A9314-A9316. FDA provided the Panel—as one panelist recognized—"conclusions to an analysis" supporting a ban. *See id.* at A8134-A8136. Nonetheless, the panelists unanimously advised there is "a specific subpopulation of patients exhibiting SIB or AB for whom pharmacological and behavioral treatment options other than ESDs are inadequate." 81 Fed. Reg. at 24,406. The majority opined that any ban should have exceptions and not be universal. *See* Rodgers Decl., Ex. A at A8372-A8403. One panelist who voted for a ban advised FDA the next day that, upon reflection, "continued use" of GED with "appropriate controls and appropriate consent…is likely quite reasonable". *See id.* at A9194. FDA did not disclose this reversal in its rulemaking. *See generally* 81 Fed. Reg. 24,386 (Proposed Rule); 85 Fed. Reg. 13,312 (Final Rule).

**Defendants' Response:**  Undisputed that FDA convened a Neurological Devices Panel ("Panel") in April 2014. Defendants dispute Plaintiffs' characterization of the Panel, its inception, its findings, and its communications. Defendants further dispute the materiality of the statements in PSMF 66 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with

-42-

respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 66 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

67.     The first written opinion FDA solicited and received from a paid external expert counseled FDA not to ban ESDs: in June 2015, Dr. Tristram Smith recommended that ESDs "should be restricted but not banned" because for treatment-resistant individuals like JRC's patients "aversive conditioning reduces or eliminates severe SIB and [AB]", "the reduction can occur rapidly", and "[s]ome [patients] show sustained improvement". Rodgers Decl., Ex. A at A5752-A5754; 81 Fed. Reg. at 24,415 (Ref. No. 8).

**Defendants' Response:**  Defendants do not dispute that Dr. Tristram Smith was an expert that provided an opinion to FDA.  Defendants dispute Plaintiffs' characterization of Dr.'s Smith opinion and the cited Federal Register notice, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of the statements in PSMF 67 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 67 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary

Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

68.     After receiving these opinions, FDA was "concern[ed] about legal vulnerability" of a ban. *See* Rodgers Decl., Ex. A at A6366.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of the cited record, to which the Court is referred for a complete and accurate statement of its contents. Defendants further dispute the materiality of the statements in PSMF 68 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 68 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

69.     FDA then reached out to "HHS [lawyers] to see if they can help…fill in some gaps that might make [FDA's] case stronger" and stated "that the people at HHS who are pushing for this [ban] need to hear [FDA's lawyers'] concerns about the potential litigation," and that HHS needed "to support [FDA's] action because [HHS is] so committed to doing something". *See id.* at A6365-A6366.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their contents. Defendants further dispute the materiality of the statements in PSMF 69 because they cannot affect

the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 69 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

70.     In addition to HHS, DOJ sent FDA information regarding JRC's GED during this timeframe, seeking to assist FDA's banning efforts. *See id.* at A5952-A5959, A7046-A7247, A9313.

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their contents. Defendants also dispute Plaintiffs' characterization of DOJ's and FDA's interactions. Defendants further dispute the materiality of the statements in PSMF 70 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 70 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

71.     FDA was worried about soliciting more external expert opinions because they "would be unencumbered", and so "may not align with the banning standard" and HHS's mandate that FDA ban ESDs. *Id.* at A6678.

**Defendants' Response:**  Defendants dispute Plaintiffs' characterization of the cited record, to which the Court is referred for a complete and accurate statement of its contents.  Defendants further dispute the materiality of the statements in PSMF 71 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 71 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

72.     To mitigate this risk, FDA abandoned the direct question FDA had asked Dr. Smith, *i.e.*, "whether [ESDs] should be banned," *id.* at A9214, and instead asked later experts questions designed to elicit support for a ban, *see id.* at A9178.

**Defendants' Response:**  Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their contents.  Defendants also dispute Plaintiffs' characterization of Defendants' interactions with Dr. Smith, other experts, and its rulemaking process.  Defendants further dispute the materiality of the statements in PSMF 72 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."

*Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 72 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

73.    Defendants also solicited two external experts they knew would back HHS's anti-GED policy and support a ban. An HHS lawyer explicitly told Dr. Gary LaVigna (whose paid opinions FDA relied upon to support the rulemaking) the desired testimony it wanted from him, stating that "[FDA] need[ed] a good expert who can say that electric shock is harmful and there are equally as effective alternatives". *Id.* at A4206.

**Defendants' Response:** Defendants dispute Plaintiffs' characterization of the cited record, to which the Court is referred for a complete and accurate statement of its content.  Defendants also dispute Plaintiffs' characterization of Defendants' interactions with experts or implications that Defendants manufactured expert support.  Defendants further dispute the materiality of the statements in PSMF 73 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 73 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or

-47-

Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

74.     FDA also solicited and paid for an opinion from Dr. Fredda Brown, who FDA knew previously had, *inter alia*, authored articles critical of JRC, given public testimony in support of proposed Massachusetts legislation to ban JRC's GED, and joined anti-aversive advocates in an April 2013 meeting with FDA. *See id.* at A4358-A4359, A4398, A4921-A4932, A5965, A9192, A9217. Defendants' lawyers thus manufactured "expert" support for their predetermined outcome. *See id.* at A6684, A9231.

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their content. Defendants also dispute Plaintiffs' characterization of Defendants' interactions with experts and assertion that Defendants' lawyers "manufactured" expert support for a "predetermined outcome." Defendants further dispute the materiality of the statements in PSMF 74 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph.  Because PSMF 74 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

75.     During the comment period on the Proposed Rule, HHS continued to meet with anti-aversive advocates while FDA denied JRC's request for a regulatory hearing. *See id.* at A6099, A6963, A9204.

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their content.  To the extent PSMF 75 implies FDA's rulemaking process was improper, Defendants dispute any such legal conclusion.  Defendants further dispute the materiality of the statements in PSMF 75 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 75 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

76.     In August 2016, HHS asked FDA about "the scope of the comments received and the time frame for drafting a final rule." *Id.* at A6877. On August 23, 2016—the day that FDA expected to have JRC's full comments available for review—FDA's Deputy Chief of Staff reiterated that "finalizing the JRC rule…is a priority for the Dept." *Id.* at A6861-A6862.

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their contents. Defendants further dispute the materiality of the statements in PSMF 76 because they cannot affect

the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 76 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

77.    Before even reviewing JRC's comments, FDA assembled a team to develop reasons to reject JRC's submissions, even though FDA lacked relevant subject matter expertise. *See*, *e.g.*, *id.* at A6876-A6877, A9319, A5944. When FDA became cognizant of the weaknesses of a ban JRC had identified in its comments and FDA's "[s]ignificant legal risk," FDA did not reconsider its position; rather, FDA's scientists met with lawyers for "guidance on how to beef up the record" to support the "JRC" ban. *Id.* at A6260, A9318, A9233.

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their content. Defendants also dispute Plaintiffs' legal conclusion regarding the rulemaking process to which Defendants need not respond and do not admit. Defendants further dispute the materiality of the statements in PSMF 77 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to

respond to this paragraph. Because PSMF 77 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

78.    FDA developed the ban in coordination with the Massachusetts Department of Developmental Services ("DDS"), which was contemporaneously litigating against JRC regarding a purported Massachusetts regulatory ban on GED. *See id.* at A9134-A9139, A9195-A9197, A9223. FDA adopted DDS's litigation positions, including DDS's standard of care arguments, and DDS's witnesses, including Dr. LaVigna, in the Agency's Proposed Rule, *see* 81 Fed. Reg. at 24,407-08; *id.* at 24,417 (Ref. Nos. 130-32), and selectively adopted trial testimony from DDS witnesses in the Final Rule, *see* 85 Fed. Reg. at 13,336.

**Defendants' Response:**  Defendants dispute Plaintiffs' characterization of the cited records, to which the Court is referred for a complete and accurate statement of their content. Defendants also dispute Plaintiffs' legal conclusion regarding the rulemaking process to which Defendants need not respond and do not admit. Defendants further dispute the materiality of the statements in PSMF 78 because they cannot affect the outcome of the suit. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law. Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 78 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or

Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

79.      In 2018, the Massachusetts trial court found that there was "no evidence…[of] any psychological side effects" from GED and that GED "has been effective at treating" JRC patients' SIB and AB. *DDS* at 35, 49. The Court also ruled that DDS, which has a history of regulating JRC in bad faith, *see DMR*, 424 Mass. at 433, 454-55, was again regulating JRC in bad faith, *see DDS* at 45-48. FDA omitted these facts from its rulemaking. *See generally* 81 Fed. Reg. 24,386 (Proposed Rule); 85 Fed. Reg. 13,312 (Final Rule).

**Defendants' Response:**   Defendants dispute Plaintiffs' characterization of the cited opinion and Federal Register notice, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of the statements in PSMF 79 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 79 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment.  *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

80.    In contrast to FDA's reliance on JRC's state regulator, FDA disregarded the numerous safeguards in "state statutes, regulations, [and] a consent decree" that ensure the safety and effectiveness of GED. *Compare* 85 Fed. Reg. at 13,332 *with FDA*, 3 F.4th at 393-94.

**Defendants' Response:**    Defendants dispute Plaintiffs' characterization of the cited opinion and Federal Register notice, to which the Court is referred for a complete and accurate statement of their contents.

Defendants further dispute the materiality of the statements in PSMF 80 because they cannot affect the outcome of the suit.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248.  None of the purported "facts" in this paragraph has any bearing on the outcome of this FOIA suit under applicable law.  Because parties must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(e), LCvR 7(h), Defendants are not required to respond to this paragraph. Because PSMF 80 is not material to this action, it should not be considered by the Court in ruling on Plaintiffs' Cross-Motion for Summary Judgment or Defendants' Motion for Summary Judgment. *Cf. Mich. Immigr. Rts. Ctr.*, 2017 WL 2471277, at *3; *Robert*, 2005 WL 3371480, at *11.

## II.    DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Defendants assert that their Statement of Material Facts as to which there is no genuine dispute, Docket No. 50-2, accurately reflects the facts before this court. To the extent Plaintiffs make legal arguments or factual assertions in their responses to Defendants' Statement of Material Facts, Defendants dispute those arguments and assertions. Further, to the extent Plaintiffs' responses contain legal arguments not advanced in Plaintiffs' Cross-Motion for Summary Judgment, Docket Nos. 71, 72, Defendants object to those arguments as waived. *See, e.g.*, *id.* at 10, 37 (alleging the "inadequacy" of Defendants' search). Defendants reserve their right to respond further to Plaintiffs' responses to Defendants' Statement of Material Facts upon request of the Court.

Dated:  June 23, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  _____/s/ M. Jared Littman_____
       M. JARED LITTMAN
       PA Bar #91646
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2523

*Attorneys for the United States of America*

-55-

OF COUNSEL:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and Human Services

MARK RAZA
Chief Counsel

WENDY VICENTE
Acting Deputy Chief Counsel, Litigation

SETH I. HELLER
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002